**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

| | |
|---|---|
| Peter J. Neufeld<br>Barry C. Scheck<br>Nick J. Brustin<br>Debi Cornwall | Johnnie L. Cochran, Jr.<br>(1937-2005) |

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

September 24, 2007

**Via ECF & First Class Mail**

The Honorable William D. Wall
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

   Re: **Restivo et al. v. Nassau County et al., 06 Civ. 6720 (JS)(WDW)**

Dear Judge Wall,

  I am one of the attorneys for the Plaintiffs in the above-referenced case, and I write to seek the Court's intervention pursuant to Rules 34 and 37(a) of the Federal Rules of Civil Procedure and Local Rule 37.3(c) in regard to two matters: 1) to compel production of, and a date on which to personally inspect, discoverable material demanded in Plaintiffs' First Set of Requests for Production of Documents and Things ("RFP"), to which defendant Nassau County has failed to respond in an adequate and timely manner, and 2) to reschedule plaintiffs' deadline for amending the complaint to name "John Doe" defendants as a result of the belated production. Despite our best efforts at negotiating production, to date – despite the lack of any objection to the RFP served in May – we have received only a relative handful of documents out of what we believe to be a roomful of materials in the Nassau County Police homicide file which we must review in order to prepare for depositions, which we had intended to begin this month.

  We have made repeated good-faith efforts to secure production, or even a timeline for future productions, without burdening the court. On May 7, 2007, Plaintiffs served their First Request for Production of Documents and Things on defendant Nassau County, attached herein

as Exhibit A. After the thirty-day deadline for the County's response had passed, I made several inquiries made by phone and e-mail to counsel for the County, Liora Ben-Sorek, about the status of the County's response. (*See* Exhibit B, E-Mail Correspondence from Ben-Sorek to Cornwall dated June 11, 2007.) On June 11, 2007, Ms. Ben-Sorek sought and received an extension. (*Id.*) In early July, I learned that the County was in the process of producing copies of the Nassau County Police Department's policies and procedures and Internal Affairs files in response to Plaintiffs' Requests for Production Nos. 10(i)-(l), 18-22, but that Ms. Ben-Sorek was still awaiting receipt of the remainder of the documents requests, including the most critical request: the Nassau County Homicide Unit's investigation files on the Theresa Fusco rape and murder. (*See* Exhibit C, E-Mail Correspondence from Ben-Sorek to Cornwall dated July 2, 2007.)

On or about July 18, 2007, Plaintiffs received the County's first production of documents in response to Plaintiffs' Requests for Production Nos. 10(i)-(l), 10(d), 18-22, 27, and 28, comprised of approximately 200 pages. (*See* Exhibit D, Correspondence from Ben-Sorek to Cornwall dated July 18, 2007.) Following this production, I contacted Ms. Ben-Sorek about the status of the remainder of the documents and was informed that she was the process of producing an additional box of documents and arranging a date and time when Plaintiffs' counsel could inspect and copy the voluminous documents contained in the twenty boxes of homicide files at the Nassau County Police Department.

At the end of August, however, having still received no response from the County, I yet again contacted Ms. Ben-Sorek seeking production of the responsive documents or a written explanation for the delay and a date certain when Plaintiffs' counsel would be able to review the homicide files. (*See* Exhibit E, E-mail Correspondence from Ben-Sorek to Cornwall dated Aug. 20, 2007.) In response, Ms. Ben-Sorek again assured me that the documents in the homicide files would be produced once a privilege review was completed, but without specifying any date. (*Id.*) Since the July 18th production, Plaintiffs have received two additional sets of documents in response to Requests for Production Nos. 1(a), (b), and (f), totaling approximately 800 more pages. (*See* Exhibit F, Correspondence from Ben-Sorek to Cornwall dated Aug. 27, 2007; Exhibit G, Correspondence from Ben-Sorek to Cornwall date Sept. 5, 2007.) Nonetheless, upon information and belief many thousands of documents remain to be disclosed.

In sum, despite the County's repeated assurances that responsive documents are in the process of being produced, Plaintiffs have only received a handful of documents of the more than twenty boxes of relevant documents thus far, and have not been given a date certain when the remaining documents will be produced, or a date when we will be permitted to personally inspect the homicide files, or indeed a date when the privilege issue will be formally invoked so that it may be determined by the Court.[1] As such, Plaintiffs respectfully seek a Court order compelling the County to produce the balance of the homicide file along with any and all other documents responsive to Plaintiffs' First RFP, and to allow counsel access to it for personal

---

[1] Any claim to privilege was arguably waived by the lack of written objection on that (or any other) basis within 30 or indeed 90 days after the RFP was served.

2

inspection, forthwith.

Finally, given this unanticipated delay in discovery, a six-month extension in plaintiff's deadline to amend the complaint to name John Doe defendants, whose identities are, upon information and belief, contained in the undisclosed files, is warranted.

Should a hearing be scheduled on this matter, Plaintiff respectfully requests that it be held by telephone conference on a date and time at the Court's convenience.

Sincerely,

*Deborah Cornwall*

Deborah L. Cornwall

cc: Liora Ben-Sorek, attorney for defendants
Anthony Grandinette, attorney for John Kogut
Paul Casteleiro, attorney for John Kogut