UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JOHN RESTIVO, DENNIS HALSTEAD, MELISSA
LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and
HEATHER HALSTEAD,

                          Plaintiffs,

                v.

NASSAU COUNTY, JOSEPH VOLPE, in his individual
capacity, ROBERT DEMPSEY, in his individual capacity,
FRANK SIRIANNI, in his individual capacity, MILTON
GRUBER, in his individual capacity, HARRY
WALTMAN, in his individual capacity, ALBERT
MARTINO, in his individual capacity, CHARLIE
FRAAS, in his individual capacity, THOMAS ALLEN,
in his individual capacity, RICHARD BRUSA, in his
individual capacity, VINCENT DONNELLY, in his
individual capacity, MICHAEL CONNAUGHTON, in
his individual capacity, WAYNE BIRDSALL, in his
individual capacity, WILLIAM DIEHL, in his individual
capacity, JACK SHARKEY, in his individual capacity,
DANIEL PERRINO, in his individual capacity,
ANTHONY KOZIER, in his individual capacity,
DETECTIVE SERGEANT CAMPBELL
(SHIELD #48), in his individual capacity, ROBERT
EDWARDS, in his individual capacity, SEAN SPILLANE,
in his individual capacity, JOHN DOE OFFICERS AND
DETECTIVES #1-10, in their individual capacities, and
RICHARD ROE SUPERVISORS #1-10, in their individual
capacities,

                          Defendants.

No. CV-06-6720
(Seybert, J.)
(Wall, M.J.)

---

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT NASSAU COUNTY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs demand that defendant Nassau County produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), the City must promptly amend or supplement

answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant party's answers restate each document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth *verbatim* the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

   A.   The term, "document" includes, without limitation, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phono records, tapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

   B.   The term "communication" shall include documents and any oral statements made or transmitted by any person.

   C.   The term "person" shall refer to any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

   D.   The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

   E.   "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your

   possession or custody, identity the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

 F. Where the term "identify" is used in reference to an individual or person, it includes the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. In reference to a document or writing, the term "identify" calls for a description of the type of document or writing, its general subject matter, the date it bears, the author, the present or last known location, the date of transfer, and the custodian, including the same identifying information for the custodian as required for all "persons" as set forth in this paragraph above.

 G. The "NCPD" means the Nassau County Police Department.

## REQUESTS FOR PRODUCTION

1. Produce any and all documents pertaining to the investigation of the November 10, 1984 rape and murder of Theresa Fusco or pertaining to the investigation, arrest, and/or prosecution of Dennis Halstead, John Kogut, or John Restivo as suspects in that crime, from November 11, 1984, when Fusco was reported missing, until the present day, including <u>but not limited to</u>, the following:

    a. The complete investigative file, reproduced in its original form with cover and index sheets;

b. Any documents created by any NCPD employee or officer, including but not limited to, statements, notes, memoranda, discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

c. Any documents reflecting actions taken by NCPD officers;

d. Any documents reflecting investigation of any and all suspects, including without limitation Dennis Halstead, John Kogut, and John Restivo;

e. Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

f. Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

g. Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

h. Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

i. Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

j. Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Lynbrook Police Department;

k. Any and all communications between NCPD officers or detectives and the Nassau County District Attorney's Office;

2. To the extent not otherwise requested above, produce any and all documents provided to the Nassau County District Attorney's Office and/or defense counsel in connection with the November 10, 1984 rape and murder of Theresa Fusco or pertaining to the investigation, arrest, and/or prosecution of Dennis Halstead, John Kogut, and John Restivo as suspects in that crime.

3. Produce any and all documents pertaining to the reinvestigation of the November 10, 1984 rape and murder of Theresa Fusco following the vacatur of Dennis Halstead, John Kogut, John Restivo's convictions on June 11, 2003 to the present, whether conducted by the NCPD, the Nassau County District Attorney's Office, or any other entity.

4. Produce any and all documents pertaining to Stephen Dorfman including, but not limited to, the following :

a. The complete NCPD investigative files for all cases in which Dorfman was solicited or utilized, or in which Dorfman requested to be utilized, as a witness, cooperating witness or informant;

b. All documents reflecting communications, meetings, interviews, or contact of any kind with Dorfman, whether audio or videotaped, handwritten or typed, and dates thereof;

c. Statements by Dorfman, whether oral, written, audio or videotaped, and dates thereof;

6

    d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Dorfman;

    e. All documents concerning Dorfman's criminal history, including, but not limited to, all documents reflecting investigations in which Dorfman has been charged, arrested, incarcerated, or suspected of a crime;

    f. Any and all communications, whether written or oral, pertaining to Dorfman by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

    g. To the extent not described above, any document pertaining to or referencing, in any way, Stephen Dorfman.

5. Produce any and all documents pertaining to Brian O'Hanlon, including, but not limited to, the following:

    a. The complete NCPD investigative files for all cases in which Brian O'Hanlon was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

    b. All documents reflecting communications, meetings, interviews, or contact of any kind with Brian O'Hanlon, whether audio or videotaped, handwritten or typed, and dates thereof;

    c. Statements by Brian O'Hanlon, whether oral, written, audio or videotaped, and dates thereof;

 d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Brian O'Hanlon;

 e. All documents concerning Brian O'Hanlon's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;

 f. Any and all communications, whether written or oral, pertaining to Brian O'Hanlon by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

 g. To the extent not described above, any document pertaining to or referencing, in any way, Brian O'Hanlon.

6. Produce any and all documents pertaining to Carrie O'Hanlon, including, but not limited to, the following:

 a. The complete NCPD investigative files for all cases in which Carrie O'Hanlon was solicited or utilized, or in which she requested to be utilized, as a witness, cooperating witness or informant;

 b. All documents reflecting communications, meetings, interviews, or contact of any kind with Carrie O'Hanlon, whether audio or videotaped, handwritten or typed, and dates thereof;

 c. Statements by Carrie O'Hanlon, whether oral, written, audio or videotaped, and dates thereof;

   d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Carrie O'Hanlon;

   e. All documents concerning Carrie O'Hanlon's criminal history, including, but not limited to, all documents reflecting investigations in which she has been charged, arrested, incarcerated, or suspected of a crime;

   f. Any and all communications, whether written or oral, pertaining to Carrie O'Hanlon by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

   g. To the extent not described above, any document pertaining to or referencing, in any way, Carrie O'Hanlon.

7. Produce any and all documents pertaining to Brian Skellington, including, but not limited to, the following:

   a. The complete NCPD investigative files for all cases in which Skellington was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

   b. All documents reflecting communications, meetings, interviews, or contact of any kind with Skellington, whether audio or videotaped, handwritten or typed, and dates thereof;

   c. Statements by Skellington, whether oral, written, audio or videotaped, and dates thereof;

   d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Skellington;

    e. All documents concerning Skellington's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;

    f. Any and all communications, whether written or oral, pertaining to Skellington by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

    g. To the extent not described above, any document pertaining to or referencing, in any way, Brian Skellington.

8. Produce any and all documents pertaining to Samuel Newsome, including, but not limited to, the following:

    a. The complete NCPD investigative files for all cases in which Newsome was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

    b. All documents reflecting communications, meetings, interviews, or contact of any kind with Newsome, whether audio or videotaped, handwritten or typed, and dates thereof;

    c. Statements by Newsome, whether oral, written, audio or videotaped, and dates thereof;

    d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Newsome;

    e. All documents concerning Newsome's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;

    f. Any and all communications, whether written or oral, pertaining to Newsome by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

    g. To the extent not described above, any document pertaining to or referencing, in any way, Newsome.

9. Produce any and all organizational charts or other documents reflecting the chain of command in the NCPD, from November 10, 1984 to December 3, 1986, including those pertaining to individual defendants Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas, Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Det. Sgt. Campbell, Robert Edwards, and Sean Spillane.

10. Produce the complete personnel files of individual defendants Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas, Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Det. Sgt. Campbell, Robert Edwards, and Sean Spillane including, without limitation, the following categories:

    a. Complete NCPD personnel file;

    b. Complete application for employment with the NCPD;

    c. All records and communications concerning promotions or changes of assignment, including but not limited to applications for promotion to detective, the results of any

promotion-related examinations, and records or communications relating to precinct assignments or transfers;

d. Complete training records, including but not limited to all syllabi, course descriptions, records of attendance in any in-house or outside training courses, and training-related evaluations and testing results;

e. Complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired;

f. All documents relating to background investigations conducted at any time prior to hiring and through retirement;

g. All documents relating to performance evaluations;

h. All documents relating to salary, payment, and expense records and reports;

i. All documents relating to any civilian complaints, irrespective of whether the complaint(s) were substantiated;

j. All documents relating to any NCPD internal allegations, complaints, or investigations of misconduct, irrespective to of whether the complaint(s) were substantiated;

k. Any and all documents created by or in the possession of, at any time, departmental supervisor(s) regarding any allegation(s) of misconduct of any kind, and/or any action taken in response to such allegation(s);

l. Any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct;

m. All Notices of Claim filed with Nassau County naming defendant Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas,

Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Det. Sgt. Campbell, Robert Edwards, or Sean Spillane or which, although not named, allege misconduct attributable to any of these defendants;

n. All documents concerning civil or criminal lawsuits involving misconduct allegations against defendant Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas, Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Det. Sgt. Campbell, Robert Edwards, or Sean Spillane including, without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions, settlements, and documents concerning the removal of these defendants from any civil or criminal lawsuit;

o. All documents concerning civil or criminal lawsuits involving allegations of official misconduct in which defendant Joseph Volpe, Robert Dempsey, Frank Sirianni, Milton Gruber, Harry Waltman, Albert Martino, Charlie Fraas, Thomas Allen, Richard Brusa, Vincent Donnelly, Michael Connaughton, Wayne Birdsall, William Diehl, Jack Sharkey, Daniel Perrino, Anthony Kozier, Det. Sgt. Campbell, Robert Edwards, or Sean Spillane was a witness, including without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions, and settlements.

p. All documents concerning allegations of misconduct from any source;

q. All requests for leave of absence, disability, or early retirement;

r. All requests for authorization to engage in employment outside of the NCPD;

    s. Any and all documents relating to awards, decorations, or positive citations bestowed for any positive acts or qualities for these individual defendants.

11. Produce any and all documents reflecting allegations from any source that any of the individual defendants pressured, intimidated, abused, threatened, coerced, or made promises, rewards, or inducements to any witness, crime victim, or suspect, whether or not the allegation was substantiated, from November 10, 1979 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

12. Produce any and all documents reflecting allegations from any source that any of the individual defendants engaged in the fabrication of evidence, whether or not the allegation was substantiated, from November 10, 1979 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

13. Produce any and all documents reflecting allegations from any source that any of the individual defendants engaged in the spoliation, destruction, and/or withholding of evidence, whether or not the allegation was substantiated, from November 10, 1979 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by

investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

14. Produce any and all statements made by Nassau County District Attorney Denis Dillon, during the ten-year period beginning January 1, 1996 to January 1, 2006, the end of his tenure as Nassau County District Attorney, pertaining to the NCPD's policies, practices, customs, and procedures concerning the interrogations of suspects and witnesses and the videotaping of confessions.

15. Produce any and all documents concerning training (whether internal or external) received by NCPD detectives or supervisors of detectives, from November 10, 1979 to the present, with respect to the following categories:

    a. Conducting criminal investigations, rape and homicide investigation in particular;

    b. Documenting investigative work and suspect and witness statements;

    c. Interrogating or interviewing suspects and witnesses;

    d. Right to counsel;

    e. Offering promises, rewards, or inducements to witnesses or suspects;

    f. Coercing, threatening, pressuring, or intimidating witnesses or suspects;

    g. Disclosing exculpatory and impeachment information to prosecutors pursuant to <u>Brady v. Maryland</u>, <u>Giglio v. United States</u>, and their progeny.

16. Produce any and all documents concerning the supervision of NCPD officers from November 10, 1979 to the present, including without limitation, policies, procedures, customs, and practices, whether written or oral, and any modifications thereto, for daily, weekly, yearly,

and other supervision of officers and detectives, reflecting the supervision of the individual defendants and John Does who investigated the rape and murder of Theresa Fusco.

17. Produce any and all documents concerning the supervision of NCPD officers assigned to the Scientific Investigation Bureau from November 10, 1979 to the present, including without limitation, protocols, policies, and procedures for peer review and technical review.

18. Produce any and all documents reflecting NCPD policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, from November 10, 1979 to the present, concerning the following:

   a. Conducting criminal investigations, particularly of rapes and homicides;
   b. Documenting investigations and records-keeping;
   c. Documenting and disclosing exculpatory and impeachment evidence;
   d. Fabricating evidence;
   e. Conducting witness or suspect interviews or interrogations;
   f. Coercing, threatening, intimidating, or pressuring witnesses or suspects;
   g. Offering promises, rewards, or inducements to witnesses or suspects;
   h. Handling and vouchering evidence and documenting and preserving chain of custody;
   i. Communicating with prosecutors;
   j. The disclosure of exculpatory and impeachment information to prosecutors pursuant to Brady v. Maryland, Giglio v. United States, and their progeny;
   k. Supervising serious felony investigations;
   l. Providing day-to-day supervision of detectives.

19. Produce any and all documents reflecting NCPD or Nassau County's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from November 10, 1979 to the present, pertaining to the collection and analysis of hair evidence, the handling of hair evidence by the laboratory, and microscopic hair comparison, including, but not limited to, policies, procedures, customs, or practices for scientifically valid methodology, documenting data, using worksheets, reporting results, making positive identifications, comporting with scientific advances in the field of microscopy and forensic hair testing, and testifying in court.

20. Produce any and all documents reflecting NCPD or Nassau County's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from November 10, 1979 to the present, pertaining to serology, including, but not limited to, policies, procedures, customs, or practices for scientifically valid methodology, documenting data, using worksheets, reporting results, making positive identifications, and comporting with scientific advances in the field of serology.

21. Produce any and all documents reflecting NCPD or Nassau County's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from November 10, 1979 to the present, pertaining to chain of custody of forensic evidence, including but not limited to, policies, practices, customs, and procedures related to the collection, storage, transfer, and preservation of forensic evidence and record-keeping of the same.

22. Produce any and all documents reflecting NCPD policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from November 10, 1979 to the present, pertaining to the use of polygraphs, including, but not limited to, policies,

procedures, customs, or practices for scientifically valid methodology, documenting data, using worksheets, reporting results, making conclusions, and comporting with scientific advances in polygraph testing.

23. To the extent not otherwise requested above, produce any and all documents pertaining to Dennis Halstead.

24. To the extent not otherwise requested above, produce any and all documents pertaining to John Kogut.

25. To the extent not otherwise requested above, produce any and all documents pertaining to John Restivo.

26. To the extent not otherwise requested above, produce any and all documents pertaining to Theresa Fusco.

27. Produce any and all documents concerning any policy and/or decision by the NCPD to indemnify or refuse to indemnify any NCPD officer, including the individual defendants in this action, for on-duty misconduct other than negligence.

28. Produce any and all insurance polices in your name, including all policies covering the NCPD and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

Plaintiffs reserve the right to supplement and amend the foregoing requests for production of documents; and, in addition, they reserve the right to utilize other discovery mechanisms available to them.

Dated: May 7, 2007
New York, New York

    Respectfully submitted,

    COCHRAN NEUFELD & SCHECK, LLP


    By: _/s/ Monica R. Shah_
    Barry C. Scheck
    Deborah L. Cornwall
    Monica R. Shah
    99 Hudson Street, 8th Floor
    New York, New York 10013
    Tel: (212) 965-9081

    *Attorneys for Plaintiffs John Restivo, Dennis Halstead,*
    *Melissa Lullo, Jason Halstead, Taylor Halstead, and Heather Halstead*

## Certificate of Service

I hereby certify that a true and accurate copy of Plaintiffs' First Request for Production of Documents and Things to Defendant Nassau County was served via electronic mail and U.S. Mail, on May 7, 2007, upon:

Ms. Liora Ben-Sorek, Esq.
Ms. Sondra M. Mendelson, Esq.
Office of the County Attorney
County of Nassau
Ralph G. Caso Executive and Legislative Building
One West Street
Mineola, New York 11501-4820

Tanya Koshy
Legal Assistant