UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN RESTIVO, et.al.,

                                        Plaintiff(s),                    **ORDER**
                                                                         CV 06-6720 (JS)(WDW)

                    -against-

NASSAU COUNTY, et al.,
                                        Defendant(s).
-------------------------------------------------------------------X
**WALL, Magistrate Judge:**

        Before the court is plaintiffs' motion to compel production of grand jury transcripts.

Docket Entry ("DE") [45].  Defendant Nassau County (the "County") has opposed the motion.

DE [46].  For the reasons stated herein, the motion is denied.

## BACKGROUND

        This action, filed on December 19, 2006, alleges that plaintiffs were subject to false

arrest, malicious prosecution, false imprisonment, and denial of a fair trial and due process.  *See*

Compl., DE [1].  The events leading to this action began with the disappearance of Theresa

Fusco on November 10, 1984, and continued over twenty years with the arrest, prosecution,

imprisonment, and ultimate acquittal of the plaintiffs.  *Id.*

        On May 5, 2007, plaintiffs served document requests on the County.  Plaintiffs sought, in

particular, any documents in the District Attorney's file related to the Fusco investigation.  Pls.'

ltr. at 1.  This court later granted the County's request to have plaintiffs' counsel review and copy

relevant portions of the District Attorney's case file at the County Attorney's office.  Order of

Dec. 7, 2007, DE [43].  During the document inspection on December 17 and 20, 2007,

plaintiffs' counsel asked and was assured that all privileged materials had been removed from the

thirty three boxes reviewed.  Pls.' ltr. at 2.  Because the County did not allow the use of a copier,

plaintiffs' counsel designated for copying all responsive documents, including grand jury transcripts. *Id.* Upon delivery, plaintiffs' counsel noticed that the County did not copy or produce, among other things, a complete set of grand jury transcripts. Though the County later produced some missing transcripts, counsel indicated that remaining transcripts would not be produced on state law privilege grounds. *Id.*

In the motion currently before the court, plaintiffs request production of grand jury transcripts of witnesses who did not testify at trial, or alternatively request that the court review the transcripts *in camera*. Pls.' ltr. at 4. Plaintiffs argue that state law privilege was waived by disclosure of the transcripts as part of the District Attorney's file. *Id.* Plaintiffs also argue that federal law trumps state confidentiality in a §1983 action, and that any privilege would be outweighed in this instance by the minimal need for secrecy given the significant time lapse since the testimony was given. *Id.*

The County argues in opposition that grand jury testimony of persons who did not testify at trial is barred from disclosure under N.Y. C.P.L. § 190.25(4)(a). Defs.' ltr. at 1, DE [46]. The County says that documents in the District Attorney's file made available to plaintiffs' counsel were "free of privileged material to the best of [their] ability." *Id.* at 2. The county also asserts that it has "not availed itself of or reviewed any privileged documents," including grand jury transcripts of witnesses who did not testify at trial. *Id*.

## DISCUSSION

The arguments presented by the parties concerning issues of privilege and inadvertent waiver of privilege miss the mark for several reasons. At the outset, the court notes that to the extent there was a "privilege" attached to the transcripts, it belonged to the District Attorney's

Office, not the Nassau County Attorney's Office that actually made the transcripts available for plaintiffs' inspection. The County Attorney could not waive a privilege that did not belong to it, and plaintiffs have not argued that the offices of the District Attorney and County Attorney are the same or should be considered as one office. The court need not determine, however, whether the District Attorney's Office waived any privilege or whether the two offices should be considered as one for purposes of a waiver analysis since the protection afforded the transcripts is not grounded in common law privilege, but rather is imposed by statute.

The secrecy of state grand jury testimony is protected by statute which provides, in part, that "no grand juror, or other person ... may, except in the lawful discharge of his duties or upon order of the court, disclose the nature and substance of grand jury testimony, evidence, or any decision, result, or matter attending a grand jury proceeding." N.Y. C.P.L. § 190.25(4)(a). Thus the statutory protection for grand jury testimony distinguishes it from work product or other materials subject to waiver by an attorney or a party. Plaintiffs have neither suggested nor provided any case law to support the idea that the secrecy imposed by statute is waivable.

In this case, it appears that the Nassau County Attorney's office was the inadvertent recipient of grand jury testimony that should have remained sealed and in the protection of the District Attorney's office. "A public prosecutor may not disclose the nature or substance of any Grand Jury testimony ... except in the lawful discharge of her duties or upon written order by the court." *People v. Sergio*, 2007 WL 2390706 at *2 (N.Y. Sup. Ct. July 26, 2007). Though subsequent review of the file by the County Attorney's office should have revealed that privileged documents were included in the District Attorney's file and had been inadvertently released to them, it is clear that neither party may use them unless or until they are released by

order of the court.

In general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities. *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 226 (1979) (holding that a district court abused its discretion in releasing grand jury testimony in its custody largely because it had no knowledge of the status or needs of the related civil suits in another district for which the transcripts were requested). Where a plaintiff in a federal civil rights action seeks files sealed by state court order and in the district attorney's custody, the plaintiff must first apply to state court to unseal the records as a matter of comity. *Townes v. New York City*, 1996 WL 164961, at *10 (E.D.N.Y. March 28, 1996); *see also Lustberg v. Curry*, 235 A.D.2d 615, 616, 652 N.Y.S.2d 130 (App. Div. 1997) (noting that federal court judge, as a matter of comity, had directed plaintiff to apply to state court to unseal materials). The preference to have this issue resolved by the state court exists even when the plaintiff is asserting civil rights violations in the federal action. *See Townes,* 1996 WL 164961, at *2 (plaintiff alleged numerous civil rights violations including false arrest, malicious prosecution, and conspiracy); *Lustberg,* 235 A.D.2d at 616 (plaintiffs' federal civil rights claims concerned prosecutorial misconduct). The plaintiffs in the present civil rights action should similarly seek, in the first instance, disclosure from the state court. Accordingly, the motion to compel production of the grand jury transcripts is denied without prejudice.

Dated: Central Islip, New York          **SO ORDERED:**
July 28, 2008


      /s/ William D. Wall
      WILLIAM D. WALL
      United States Magistrate Judge