**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

August 13, 2008

Hon. William D. Wall
United States District Court
Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, NY 11722-4438

Re:   **Restivo et al. v. Nassau County et al., 06 Civ. 6720 (JS)(WDW)**

Dear Judge Wall,

    I represent the plaintiffs in the above-referenced case and write in anticipation of Friday's conference to update the Court about the status of negotiations on a stipulation regarding the DNA testing that led to the exoneration and release of plaintiffs John Restivo and Dennis Halstead, as well as companion plaintiff, John Kogut.

    As both sides promised at the last conference, we attempted to negotiate a DNA stipulation as a means of resolving the plaintiffs' "Motion to Deem Rule 36 Demands Admitted" and narrowing the issues to be addressed in depositions and at trial. I attach the following for the Court's reference:  1) the 2003 stipulation entered into by the Nassau County District Attorney's Office, which plaintiffs used as the basis for our proposed DNA stipulation; 2) defendants' most recent proposal, served on May 15; and 3) our most recent counter-proposal, which was served later on May 15.

    Based on my discussions with defense counsel since these proposals were exchanged, it appears that the main remaining point of contention is that the defendants refuse to stipulate – as the Nassau County District Attorney's Office did in 2003 – that the DNA tests were competently performed and the results excluding the plaintiffs are reliable. (*See* Ex. 1 ¶ 4.) From plaintiffs' perspective, this is the most critical element of a stipulation; without it, in our view, the stipulation merely rehashes historical fact, and does not narrow the issues to be proven at trial, as it was intended to do.

We look forward to the Court's guidance on Friday. Thank you for your assistance.

Sincerely,

Deborah L. Cornwall

cc: Liora Ben-Sorek, Esq.
Paul Casteleiro, Esq.
Anthony Grandinetti, Esq.