## COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

September 3, 2008

**VIA ECF & First-Class Mail**
The Honorable Joanna Seybert
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, NY 11722

Re: <u>Restivo et al. v. Nassau County et al.</u>, 06 Civ. 6720 (JS)(WDW)

Dear Judge Seybert:

I, along with Barry Scheck, represent plaintiffs John Restivo, Dennis Halstead and his four adult children in this § 1983 wrongful conviction lawsuit arising out of their conviction and almost two-decades-long imprisonment for a grisly rape and murder which DNA testing establishes they did not commit. The Amended Complaint alleges that the convictions were the result of Nassau County police wresting false, coerced and fabricated admissions from John Kogut and John Restivo, planting hair evidence in Mr. Restivo's van, and threatening or inducing jailhouse snitches to falsely incriminate these three innocent men, all pursuant to a municipal pattern and practice of closing homicide cases by any means necessary.

This letter specifically opposes the Nassau County defendants' motion for a stay of discovery (D.E. 61). We respectfully request a conference at the Court's earliest convenience to address that motion, the related motion regarding Judge Wall's order that deposition of defendant, former Nassau County Homicide Detective Joseph Volpe, go forward (D.E. 62), and, more generally, to seek this Court's guidance and intervention to head off additional delays in this very serious civil rights lawsuit.

**The Motion should be denied for failure to meet and confer**

Both Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 37.3(a) required defendants to attempt to confer in good faith before filing their motion to stay discovery; this Court's individual rules bar consideration of any filing that is not in "[s]trict compliance" with these rules. Despite the representation in defense counsel's letter, there was no attempt to meet and confer regarding the motion to stay discovery. Rather, our last communications were in person, when deposition dates were chosen throughout the fall, and then in emails agreeing to those dates subject to the deponents'

1

availability, wherein defense counsel wrote before leaving for a three-week vacation, "I'm waiting to hear from [Volpe] as to availability. My office has been instructed to follow this up and communicate with you." *See* Declaration of Deborah L. Cornwall and exhibits, attached as Exhibit A. Based on this failure alone, the Court may deny the motion without even reaching its merits.

### Standard for Staying Discovery

Defendants, as the movants, bear the burden of establishing good cause to stay discovery under Rule 26(c); "the issuance of a stay is by no means automatic." *In re WRT Energy Secs. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996); *see Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Factors courts consider are the prejudice to the opposing party of staying discovery, the strength of the motion on which the stay application is based and the burden of the discovery sought. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at *2-4 (S.D.N.Y. Mar. 7, 1996). They have not met their burden on any of these fronts.

### Plaintiffs would suffer irremediable prejudice if discovery were stayed

Plaintiffs' Amended Complaint alleges that Nassau County detectives coerced witnesses, fabricated evidence and prosecuted without probable cause, all pursuant to the County's unconstitutional policies, patterns and practices, to cause Plaintiffs' wrongful convictions of a 1984 rape and murder none of them committed. After they served approximately 18 years in prison, their convictions were vacated in 2003 based on new DNA testing of samples collected from the young victim's body. John Kogut was acquitted in 2005 at a bench trial in which the judge found, among other things, that the victim's hairs, which Nassau County detectives claimed to have found in John Restivo's van, were not left at or around the time she died. The D.A.'s Office moved to dismiss the indictment against Mr. Restivo and Mr. Halstead for lack of evidence promptly thereafter. *See generally* Amd. Cmplt.

Nassau County has aggressively delayed discovery in this action since it was filed in December 2006. Plaintiffs first requested documents from defendants on May 7, 2007, but it took over a year and repeated motions to compel to obtain the Nassau County Police Department and D.A.'s Office files from the underlying criminal investigation and prosecution. (*See,e.g.*, D.E. 37, 40, entry of 11/15/07.) Now, having finally received over 35,000 pages of documentary discovery, we have the data we need in order to take depositions, and we have taken steps to do so, working with defense counsel to set aside a dozen deposition dates through the fall. After waiting over 20 years to fully vindicate their constitutional rights, plaintiffs would be severely prejudiced by any further delay in discovery. *See In re Aid Auto Stores, Inc.*, No. CV 98-7395 (DRH), 2001 WL 1478803, at *1 (E.D.N.Y. July 13, 2001) (denying stay of discovery where case had been pending for 2.5 years because "[f]urther delay of merit discovery . . . would substantially deny the plaintiffs, victims of an alleged fraud, their right to seek relief in this court.").

Furthermore, many of the key witnesses are of advanced age. We were recently notified that two defendants – Brusa and Campbell – have died. The County alleges that another key defendant, Volpe, who participated in eliciting false and coerced confessions from both Mr. Kogut and Mr. Restivo, is in declining health. Magistrate Wall ordered Volpe's videotaped deposition to proceed, in short sessions over as many days as necessary, since if his testimony is not preserved now, it may be forever lost to both sides. (D.E. 57.) Immediately after receiving that order, all counsel sat down with their calendars and

agreed to begin Volpe's deposition on September 25 and 26th.[1] Any delay in proceeding with this deposition, in particular, could permanently deprive plaintiffs of this crucial evidence.

### The Motion for Judgment on the Pleadings is Frivolous

The motion to stay is premised on defendants' motion for judgment on the pleadings, which raises three basic arguments, ranging from the trivial to the patently frivolous. First, defendants contend that this action is barred, both substantively and for lack of timeliness, by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that, in order to avoid parallel and potentially inconsistent litigation in the criminal and civil courts, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90. Each and every claim in the Amended Complaint alleges that plaintiffs' prosecution, trial and conviction were invalid because they were premised on official distortions of evidence, and therefore only accrued on December 26, 2005, when the indictment was finally dismissed. *See Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 447-48, 741 N.E.2d 109 (N.Y. 2000) (quoting *Heck* in holding that malpractice action, like § 1983 malicious prosecution action, did not accrue upon vacatur, but only once charges were finally dismissed). This action was timely filed less than three years later. *See* N.Y. CPLR § 214(5).

Next, defendants claim that the pretrial probable cause determination bars these claims. Yet "[a] judgment vacated or set aside has no preclusive effect." *Stone v. Williams*, 970 F.2d 1043, 1054 (2d Cir. 1992); *U.S. v. Lawson,* 736 F.2d 835, 837 (2d Cir. 1984) (same). Specifically, "[u]nder New York law, facts determined in a pretrial hearing cannot be given preclusive effect against a defendant subsequently acquitted of the charges or against whom the charges have been dismissed." *Rivera v. Metakes*, 216 F.3d 1073, 216 F.3d 1073, 2000 WL 777954, at *1 (slip op.) (2d Cir. 2000) (citations omitted).

Finally, in the motion for a stay defendants invoke the qualified immunity doctrine, yet that argument appears nowhere in the Rule 12(c) motion. In any case, qualified immunity offers little comfort to the individual defendants given the allegations that they "knowingly violate[d] the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and none whatsoever to the municipality, which has no immunity even if its officers made reasonable mistakes about what the law requires, *see Owen v. City of Independence*, 445 U.S. 622, 650 (1980). Thus, even if the individual defendants were to litigate entitlement to qualified immunity, plaintiffs would seek to proceed against Nassau County. To prove municipal liability, plaintiffs would still have to demonstrate the existence of a constitutional violation in this case – via precisely the same depositions defendants seek to avoid here. There is no burden on the individual defendants that they will not have to undergo *even if all the claims against them are dismissed*.

### Conclusion

In short, the motion for a stay – filed only after defendants' motion for a protective order against Volpe's impending deposition was denied – appears to be little more than a delaying tactic. As such, given the seriousness of the claims, the possibility that defendant Volpe's condition could worsen, and the frivolity of the motion for judgment on the pleadings, plaintiffs respectfully request that the motion for a stay of discovery be denied, and that the Court hold a conference as soon as possible to address these matters, get this action back on track and ensure that discovery proceeds without further delay.

---

[1] However, rather than confirming Mr. Volpe's availability, counsel filed this motion and an objection to Judge Wall's order, which plaintiffs will respond to separately.

3

Respectfully submitted,

*Deborah L. Cornwall*

Deborah L. Cornwall

cc: Liora Ben-Sorek, Nassau County Attorney Deputy Bureau Chief
    Esther Miller, Nassau County Attorney Bureau Chief
    Donna Napolitano, Nassau County Attorney Deputy Bureau Chief
    Sondra Mendelsohn, Nassau County Attorney's Office
    Paul Casteleiro, counsel for John Kogut
    Anthony Grandinette, counsel for John Kogut