COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013
———
Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld                                                              Johnnie L. Cochran, Jr.
Barry C. Scheck                                                                   (1937-2005)
Nick J. Brustin
Debi Cornwall
———

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann                        March 6, 2009

**VIA ECF & First-Class Mail**

Hon. William D. Wall
U.S. District Court, E.D.N.Y.
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

**Re:**   *Restivo et al. v. Nassau County et al.,* **No. CV-06-6720 (Seybert, J.)(Wall, M.J.);**

Dear Judge Wall,

I represent the above-captioned plaintiffs in this 42 U.S.C. § 1983 civil rights case, which arises out of the wrongful conviction and 18-year imprisonment of John Restivo, Dennis Halstead and John Kogut for a rape and murder they did not commit. I write, respectfully, to seek limited reconsideration of the Court's order that all depositions be conducted in Central Islip or else plaintiffs bear the cost of videotaping every deposition if they are held at the Nassau County Attorney's office.

We appreciate both the Court's findings regarding Nassau County's obstruction of the discovery and depositions to date, and the Court's expressed availability to rule on additional allegations of misconduct as they may arise in future depositions. However, we are concerned that, practically speaking, the remedy ordered amounts to a sanction on the *plaintiffs* for having proven defense counsel's misconduct – misconduct the Court found to be as outrageous a case of violation of both the Federal Rules of Civil Procedure and the Local Rules as the Court has seen.[1] The continuation of defendant Volpe's deposition took place yesterday in Central Islip. Based on that experience, holding the depositions at the courthouse rather than in Mineola (at the Nassau County

_____

[1] This is a paraphrasing of the Court's comments pending receipt of the transcript, which were ordered the same day as the proceedings.

1

Attorney's Office, where depositions had been conducted at the defendants' request) adds 80 minutes round trip on the LIRR, for a total of more than four hours of commuting time per deposition day for undersigned counsel representing the Halstead and Restivo plaintiffs. Likewise, the LIRR runs less frequently from Central Islip than it does from Mineola, which is likely to lead to an even greater loss of productive time. This is both an inefficient use of counsel's time and an additional expense that the County would have to bear in the form of 42 U.S.C. § 1988 attorneys' fees in the event plaintiffs prevail.

Moreover, the allegations about plaintiffs' alleged harassment of witnesses that defense counsel raised in oral argument were completely unsubstantiated. Although defendants had access to the same transcripts plaintiffs had in connection with the motion for deposition guidelines, they failed to document any harassment. In fact, although defense counsel described purported harassment at length during the argument – i.e. questioning defendants about their involvement in prior homicide cases – this line of questioning was the only time among more than a dozen depositions conducted to date that defense counsel has followed the applicable procedure for seeking a protective order and a ruling from the Court. Although this Court was unavailable during defendant Dempsey's deposition, what defense counsel neglected to report was that Judge Seybert heard argument by phone and ruled that the questions were relevant, proper, and not harassing. A transcript of that ruling, which I submitted to the Court during the conference, is attached hereto again as Exhibit A for the record.

As such, in light of the "outrageous" violations the Court found defense counsel to have engaged in, we respectfully move that the Court reconsider the remedy and order that the depositions be videotaped *at the County's expense*, rather than placing the burden on plaintiffs' counsel either to travel an additional hour and twenty minutes per day or bear the cost of videotaping. In the alternative, I respectfully request leave to appear from my office in Manhattan via videolink to the depositions in Central Islip. I have consulted with courthouse A/V personnel and am informed that the first floor conference room is equipped with videolink equipment. Or, if the Court's jury room is preferable given its proximity to chambers, we can arrange to set up a laptop with a video camera for linking as long as the jury room has a LAN ethernet line.

Thank you for considering this limited request for reconsideration.

Respectfully submitted,

Deborah L. Cornwall

cc: Liora Ben-Sorek, Esq. & Michael J. Ferguson (ECF & email)
    Anthony Grandinette, Esq. & Paul Casteleiro, Esq. (email only)

2