# FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG
___

CHARLENE RAMOS
OFFICE MANAGER

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038
___

(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM

January 17, 2014

Honorable Joanna Seybert
United States District Judge
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Restivo v. Nassau County, et al.
06 CR 0720 (JS)

Dear Judge Seybert,

Defendants submit this letter to clarify our position regarding the need for the Plaintiffs and the Court to explore a possible conflict of interest between Halstead and Restivo and to address this issue.

Previously, all three Plaintiffs pursued a common trial strategy. Attorneys Casteleiro and Grandinette attempted to convince the jury that Kogut's confession was a fabrication induced or concocted by coercive interrogation tactics, and Mr. Sheck made the same argument with respect to Mr. Restivo's March 5-6, 1985 statement that implicated Dennis Halstead in the rape and murder of Theresa Fusco.

In his summation, for example, Mr. Scheck urged to jury to "remember the fair trial claim" and advised them, "If you find the plaintiffs' statement were coerced, they win, without you even dealing with the issue of probable cause." Trial Transcript ("TR"), 6007. According to Mr. Scheck, Mr. Restivo's March 5-6, 1985 statement was "**the big one**.[1] It is for you to decide whether or not they coerced a false statement from John Restivo about Dennis Halstead on March 5th or 6th. Just think about that one." TR, 6008 (emphasis supplied).

A few weeks ago, however, Mr. Brustin and Ms. Hoffman, the attorneys who have replaced Mr. Scheck and Ms. Cornwall, suggested that they will move to preclude evidence

---

[1] In addition, Mr. Scheck also argued that the fair trial claim also encompassed an allegation that detectives had committed a constitutional tort by coercing false statements from Michael Cockerel, Harold Smyle and Brian and Carrie O'Hanlon. TR, 5999.

about "the big one" – i.e., the March 5-6, 1985 questioning of Mr. Restivo by Nassau County police detectives.[2]  Given the great length at which Mr. Scheck questioned the detectives involved in that event and the fact that Mr. Scheck premised his fair trial violation claim in large part upon March 5-6, 1985 interrogation, Mr. Brustin and Ms. Hoffman's promised motion appears to be an abandonment of a major component of Mr. Restivo's fair trial claim.  It also suggests the revival of a conflict of interest between Mr. Restivo and Mr. Halstead that hampered Mr. Restivo's intended defense at his criminal trial but which was absent during the trial before this Court.

At Restivo's criminal trial before Judge Shaughnessy, Mr. Robinson, counsel for Mr. Restivo, argued ferociously[3] for the right to introduce both the statement that Mr. Restivo made on March 5-6 and evidence of the allegedly brutal circumstances in which that statement was made, including numerous photographs of injuries that Mr. Restivo purportedly suffered when he was "choked" by his interrogators. Mr. Robinson maintained that the statement was admissible "to show the jury that my client had no knowledge of this incident and simply made up whatever they wanted to hear to satisfy the police at that time" (Transcript of People v. John Restivo and Dennis Halstead, (hereinafter "RH"), 10).

Mr. Robinson also insisted that a jury should hear the substance of Mr. Restivo's statement to the police because the statement showed that Mr. Restivo had no knowledge about the death of Theresa Fusco and that any information he related to the police had been given to Mr. Restivo by someone else. RH, 188.  Mr. Robinson went so far as to accuse Fred Klein of sharp practice by not introducing Mr. Restivo's statement as part of the People's case:

> First, it goes to the investigation capacity here.  Mr. Klein is saying I don't want to use that thing.  So therefore, you can't tell the jury that they brutalized this individual before you.  How is it possible in this day and age, in our government, that the jury should not know in this investigation --

RH, 188.

> I cannot fathom the potential of not  allowing this testimony. These men were hounded by these cops for three months and to not allow me to show this jury his frame of mind and how  he is thinking is wrong.

RH, 1454.[4]

---

[2] Transcript, December 20, 2013 Conference, 15-16.

[3] As demonstrated below, Mr. Robinson went so far as to accuse Fred Klein, the Assistant Attorney who tried the case, of sharp practice because Mr. Klein had declined to introduce the March 5-6, 1985 as part of the People's case.

[4] See also, RH, 1663 (Mr. Robinson insists again that March 5-6th interrogation was relevant to show Mr. Restivo's state of mind and explain why he had set about to establish his alibi).

However, Joseph Famighetti, the lawyer who represented Mr. Halstead, opposed the introduction of Mr. Restivo's March 5-6 statement by either the People or Mr. Restivo, noting that he had moved for a separate trial for Mr. Halstead. Mr. Famighetti argued, that even if his *Bruton* objection would be rendered moot by Mr. Restivo testifying and subjecting himself to cross-examination by Mr. Halstead, the spillover prejudice that would result from the introduction of Mr. Restivo's statement was a sufficient basis for severance under New York's Criminal Procedure Law. RH, 189-191. During the trial, when Mr. Famighetti again objected to Mr. Restivo's statement, Mr. Robinson renewed Mr. Restivo's motion for a severance and accused ADA Klein of refusing a severance in order prevent Mr. Robinson from introducing Mr. Restivo's March 5-6 statement. RH, 1460-1463.

We reprise the conflict at the criminal trial because the apparent change in trial strategy by Mr. Brustin and Ms. Hoffman has revived this conflict and implicates NY CLS Jud Appx R 1.7 (2013). That rule provides in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that:
>
> (1) the representation will involve the lawyer in representing differing interests

In light of the foregoing, Mr. Brustin and Ms. Hoffman should identify on whose behalf they are making the motion to exclude Mr. Restivo's March 5-6, 1985 statement. Given Mr. Halstead's and Mr. Restivo's conflicting positions at the criminal trial before Judge Shaughnessy, we presume that the motion is being made for the benefit of Mr. Halstead. However, at the criminal trial, Mr. Halstead and Mr. Restivo were not jointly represented, and Mr. Restivo's lawyer argued for the admissibility of the evidence that Mr. Brustin and Ms. Hoffman now seek to exclude.

Accordingly, the interests of justice require that the Court inquire whether Mr. Brustin and Ms. Hoffman make such an motion on behalf Mr. Halstead, at the apparent expense of Mr. Restivo. Mr. Restivo's previous lawyers, including Theodore Robinson, Barry Scheck and Debi Cornwall, all sought to introduce the statement to show that Mr. Restivo was subjected to coercive interrogation tactics including physical violence. Can such a conflict be waived by consent?[5] Assuming the existence of a waiver, did the wavier include an explanation of the conflict outlined herein. Was such a conflict even apparent to Mr. Halstead and Mr. Restivo when they along with Mr. Kogut were pursuing a theory of the case, which appears to be radically different from the theory Halstead and Restivo will pursue at the new trial ordered by the Court?

Defendants seek a resolution of these questions now in order to protect the integrity and reliability of any verdict that might be returned after a new trial.

---

[5] It has been represented to undersigned counsel that waivers have been signed by Mr. Halstead and Mr. Restivo wherein each agreed to be represented by the same firm.

Respectfully Submitted,

/s/ Louis M. Freeman

_____
Louis M. Freeman

cc (by electronic mail):
      All counsel