UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
JOHN RESTIVO AND DENNIS HALSTEAD,

                                                          Plaintiffs,

        --against—

THE COUNTY OF NASSAU, POLICE COMMISSIONER
DONALD KANE, POLICE COMMISSIONER
WILLIAM J. WILLET (2005), POLICE COMMISSIONER
JAMES LAWRENCE, DETECTIVE SEAN SPILLANE
(HEAD OF HOMICIDE 1985),DETECTIVE DENNIS
FARRELL (HEAD OF HOMICIDE 2005), DETECTIVE
JOSEPH VOLPE, DETECTIVE ROBERT DEMPSEY,
DETECTIVE ALBERT MARTINO, DETECTIVE WAYNE
BIRDSALL, DETECTIVE MIL TON G. GRUBER,
DETECTIVE CHARLES FRAAS, DETECTIVE FRANK
SIRIANI, DETECTIVE HARRY WALTMAN,
P.O. MICHAEL CONNAUGHTON, P.O. WILLIAM
DIEHL, and JOHN DOES, 1-5,
                                              Defendants.
----------------------------------------------------------------------------------X

**MOTION FOR A RULING ON THE ADMISSIBILITY OF THE KOGUT CONFESSION**

**Introduction**

Defendants respectfully request that the Court make a ruling regarding the admissibility of the written and videotaped confession of John Kogut on March 26, 1985.

**Background**

As this Court has previously ruled, John Kogut's confession is relevant and admissible "to negate plaintiffs' evidence that the defendants acted [with] malice." Kogut v. Cty of Nassau, 2013 U.S. Dist. LEXIS 102198 (E.D.N.Y July 22, 2013) at *10 (quoting Court's oral ruling on August 16, 2012 (Aug.16, 2012 Tr. 9)); as the Plaintiffs stated during the December 20, 2013 status conference before this Court, "either the proof of the planting of the hairs or proof of the suppression of the French material, either one of those would be unconstitutional means which is enough to establish malice." Dec. 20, 2013 Transcript, 7.

**1. John Kogut's Confession is Admissible to Disprove Plaintiffs' Allegation that Defendants Fabricated Evidence**

Mr. Kogut's confession is admissible to disprove the Plaintiffs' allegation that Defendants planted evidence in Mr. Restivo's van and that the search was a mere pretext for Defendants' alleged effort to manufacture a case against Mr. Restivo. The Kogut confession demonstrates that the detectives had a good faith reason to believe that they would find evidence relating to the rape and murder of Theresa Fusco in Mr. Restivo's van, and they were not engaged in a plot to plant evidence in whatever vehicle they could associate with Mr. Restivo.

Moreover, one need not accept as true the substantive content of the Kogut confession in order conclude that police had probable cause to search the van. The difference between probable cause for a search of a particular location and proof of a criminal defendant's guilt can be clarified through limiting instructions or by redacting Mr. Halstead's and Mr. Restivo's names from the Kogut confession.

1

The hearsay rule does not bar the use of Kogut's confession for this limited purpose because the relevance of the confession is not dependent upon the truth of its contents. Whether true or not, Mr. Kogut's statement to Detectives Volpe and Dempsey, and later to ADA Peck, warranted further investigation. It provided probable cause for a search of the van. Moreover, the fact that the detectives had a legitimate and legally sufficient basis for searching Mr. Restivo's van contradicts any arguments by the Plaintiffs that the search was a mere pretext or cover story manufactured from whole cloth to mask an operation to plant evidence in Mr. Restivo's van.

**2. John Kogut's Confession is Admissible to Disprove Plaintiffs' Allegation that Defendants Suppressed Brady Material**

The Kogut confession is admissible to refute the Plaintiffs' claim that the detectives deliberately withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). "Although not explicitly addressed by this Circuit, other circuits have held that to assert a *Brady* claim against the police, at least under § 1983, a defendant-turned-plaintiff must demonstrate that the police acted in bad faith." McCaffrey v. City Of New York, 2013 U.S. Dist. LEXIS 18815 (S.D.N.Y. Feb. 7, 2013) at *36. The Kogut confession would show that police officers acted in good faith regarding Debbie Smith. Since the Kogut confession indicates that Theresa Fusco was raped and murdered on a date different from that on which Smith claimed to have heard a scream and saw a car with a broken windshield, the Kogut confession shows that Smith's "revelations" would have no apparent exculpatory value for Mr. Halstead and Mr. Restivo and provides an innocent explanation for any failure to turn over the information regarding Ms. Smith's revelations.

2

For similar reasons, the Kogut confession explains why law enforcement officers could have reasonably concluded that information regarding the theft of John French's car had no exculpatory significance for Mr. Halstead and Mr. Restivo. The fact is that French's car was processed by Nassau County police for any physical evidence that might have connected that car to the rape and murder of Theresa Fusco, and the tests failed to produce such evidence. While Plaintiffs assert, without any basis in fact, that such evidence was inadvertently obliterated due to John French's penchant for cleanliness, the Kogut confession rebuts that argument. The Kogut confession suggests an alternative theory for why no physical evidence was found in the French car – i.e., because that crime took place in and around Mr. Restivo's van. Consequently, the Kogut confession would have been yet another fact that would have caused any reasonable police officer to conclude that the theft of the French car ultimately had no evidentiary significance for the Theresa Fusco investigation.

**3. John Kogut's Confession is Admissible to Prove That Defendants Had Probable Cause to Prosecute Dennis Halstead and John Restivo**

The Kogut confession is relevant and admissible to prove that the detectives and ADA Klein had probable cause to prosecute Mr. Halstead and Mr. Restivo for the rape and murder and/or aiding and abetting the rape and murder of Theresa Fusco. Whether probable cause existed is to be determined as of the time the prosecution was initiated. Rawson v Leggett, 184 NY 504, 77 NE 662 (1906). Under 1985/1986 interpretations of the Confrontation Clause, a declarant's unavailability for cross-examination was "not necessarily fatal to the admissibility of evidence under the Confrontation Clause." New Mexico v. Earnest, 477 U.S. 648, 649 (1986) (quoting Lee v. Illinois, 476 U.S. 530, 543 (1986)).[1] Indeed, prior to Mr. Halstead's and Mr.

---

[1] In Lee, the Supreme Court ultimately concluded that the particular confession in that case did not possess sufficient evidence of reliability to render it admissible, but it reaffirmed the notion

3

Restivo's trial, New York's Appellate Division acknowledged that in <u>Ohio v Roberts</u>, 448 U.S. 56 (1980), the Supreme Court explained that although accomplice confessions were presumed to be unreliable:

> the presumption of unreliability may be rebutted and evidence admissible under an exception to the hearsay rule may be received into evidence without violating the confrontation clause if two requirements are met. First, the declarant must be unavailable at trial. Second, the statement must bear sufficient indicia of reliability to '''''afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement''''' in the absence of cross-examination (*Ohio v Roberts*, *supra*, at pp 65-66, quoting from *California v Green*, *supra*, at p 161). The Roberts court also stated that "[reliability] can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." [2]

<u>People v. Brensic</u>, 119 A.D.2d 281, 506 N.Y.S.2d 570 (2d Dept. 1986) (<u>quoting</u> <u>Ohio v. Roberts</u>, 448 U.S. at 65-66.

We know that <u>Brensic</u> (and by extension <u>Ohio v. Roberts</u>) informed ADA Klein's assessment of whether the Kogut confession could be used to prosecute Mr. Halstead and Mr. Restivo because at their trial, ADA Klein moved to introduce the Kogut confession pursuant to the analysis outlined in <u>Brensic</u>.[3] Although the trial court ultimately ruled against ADA Klein,[4]

---

that an accomplice's statement could be offered against a defendant even though the declarant was not available for cross-examination. In <u>Earnest</u>, the plurality rejected the lower court's ruling that a statement was inadmissible because the declarant was not available for cross-examination, and remanded the case to permit the State of New Mexico the opportunity to show that the out-of-court statement possessed sufficient indicia of reliability to render it admissible.

[2] Although the Court of Appeals later held that the accomplice's statement did not meet the requirements for admission as a declaration against penal interest, the Court of Appeals did not reject the notion that a statement that did possess guarantees of trustworthiness could be admitted even though the declarant was not available for cross-examination. See, <u>People v. Brensic</u>, 70 N.Y.2d 9 (1987).

[3] <u>Trial Transcript</u>, <u>People v. John Restivo and Dennis Halstead</u>, pages 484-491 (attached as <u>Exhibit A</u>).

4

the denial of his motion does not change the fact that he and the detectives – and indeed any other reasonable prosecutor or detective at that time – had a reasonable basis for a belief that the Kogut confession would be admissible against Mr. Halstead and Mr. Restivo.  See, James B. Haddad & Richard G. Agin, Potential Revolution in Bruton Doctrine: Is Bruton Applicable Where Domestic Evidence Rules Prohibit Use of a Codefendant's Confession as Evidence against a Defendant Although the Confrontation Clause Would Allow Such Use? 81 J. Crim. L. & Criminology 235, 250 (1990-1991) (noting that after the Supreme Court's decision in Lee, "decisions in state and federal reviewing courts suggest that the prosecution often will prevail in contending that a particular third-party declaration against interest is reliable enough to satisfy the Confrontation Clause.").[5]

## Conclusion

For the foregoing reasons, Defendants should be permitted to introduce the Kogut confession to rebut claims of malice and to prove probable cause.

---

[4] Trial Transcript, People v. John Restivo and Dennis Halstead, 713-714 (attached as Exhibit B). The trial court found that three of the four conditions for admissibility outlined in Brensic had been satisfied. Kogut was unavailable due to his invocation of Fifth Amendment rights; the confession was a declaration against penal interest; and Kogut had a "basis of knowledge for his statement."  Id.   However, the court also reluctant to admit the confession because it was at odds with earlier statements in which he did not implicate Halstead and Restivo and Kogut's confession did not contain anything that the police did not already know.  Id.

[5] Plaintiffs have previously argued that the Kogut confession cannot be offered as proof of probable cause because it could not be introduced as evidence against either Mr. Halstead or Mr. Restivo unless Mr. Kogut testified at those trials and subjected himself to cross-examination. Indeed, in his opening statement, their attorney, Mr. Scheck argued that the detectives planted Theresa Fusco's hair in Mr. Restivo's van because they knew that the Kogut confession could not be used against Mr. Halstead and Mr. Restivo.  Trial Transcript, Kogut v. Cty. of Nassau, 258-259 (attached as Exhibit C).  As demonstrated above, this argument is premised upon a complete misrepresentation of federal and New York law at the time the detectives were investigating the murder of Theresa Fusco, and the Court should prohibit Plaintiffs from reprising this argument.

Dated: January 17, 2014
New York, New York

                                              Respectfully submitted,

By: <u>/s/ Louis M. Freeman</u>
FREEMAN NOOTER & GINSBERG
Louis M. Freeman, Esq.
75 Maiden Lane, Suite 503
New York, New York 10038
Tel. (212) 608-0808
Fax (212) 962-9696

*Special Counsel for Defendants*

6