484

matter, in part, underlined by the People in this case, in the Woodward case, adheres not only with the defendant's oral confession and Freeman's statements interlocking in all material respects, also when Freeman's statement was first read to him, the defendant said, "Yes, that is what happened." On that basis, among others, I find that this is not an adoptive admission. There were more matters that were known to the police at the time that they were interrogating the defendant. Halstead was certainly known to Linda Miller so that I am adhereing to my previous ruling.

MR. FAMIGHETTI: Thank you, your Honor.

THE COURT: Are there any further applications

MR. KLEIN: Yes, Judge. As I mentioned earlier, I wanted to take this opportunity to proffer or offer the statement of John Kogut with respect to this case against these two defendants pursuant to the recent - - the Second Department decision of People against Robert Brensic. I believe your Honor has a copy of that.

THE COURT: Yes, I do.

485

MR. KLEIN: I think for my reading of the case, that the circumstances in which the confession was admitted in that case are very similar to the circumstances that are present in this particular case and therefore based upon the defendant, John Kogut, previously making himself unavailable as a witness by taking the Fifth Amendment --

THE COURT: I think with respect to any of the matters that would have to be covered before we could proceed with the ruling on that, I think it's undisputed that John Kogut is unavailable at this trial. He was produced before the trial commenced and he indicated in the presence of his attorney that based upon his attorney's advice that if he were called to take the stand, he would not testify. He would plead the Fifth Amendment. His case is presently on Appeal. So, he is unavailable. Would you continue?

MR. KLEIN: The second prong or ground for admission of the statement is indicated in the Second Department would be that the time that Mr. Kogut made his statement, he was aware that it was against his penal interest to do

486

so and clearly we have a video tape showing him receiving his constitutional rights and waiving his constitutional rights and showing that he waived them and clearly based on that, when he was doing that it was against his penal interest to do it because one of this rights is, "Do you understand that anything you say can and will be used against you in court?" He indicated that he had understood that and he later waived his rights and later on went on to make a confession to Mr. Peck on video tape. So, I think that second requirement of the Brensic case would have been met in this case. With respect to the third requirement, that being that the declarant have a basis of knowledge for what he is speaking clearly from his statement alone, it's obvious that John Kogut had a basis for knowledge for what he was speaking about in that he said that he was there and he participated in the crimes and indeed, he was the person who physically murdered Theresa Fusco. So, I think that basis of knowledge requirement is established from the confession. Finally, the Brensic decision has a fourth

requirement and that being that the surrounding circumtances indicate that the confession was trustworthy and reliable. The first thing that they note in that case is that the defendant, I guess it was Quartaro, in the Brensic decision, did not seek to shift the responsibility for the murder to the other people who were involved in the case. That he said that he helped along with the other individuals in murdering the young boy John Pias. In this particular case as well, John Kogut did not shift any of the responsibility for the murder of Theresa Fusco to the other people involved. In fact, he indicate that he was the one who physically stangled her although it was at the urging of Dennis Halstead and that he had discussed it with John Restivo as well and he had agreed that that was what they were going to do.

Furthermore, the Brensic decision goes on to indicate that there were other statements from the defendant Brensic which were substantiall consistent with the confession of Mr. Quartaro. If you know from a reading from that decision, the statements are very similar to the statements

PENGAD CO., BAYONNE, N.J. 07002 — FORM FED-25

488

that the People will seek to introduce in this case in that they are statements not made to law enforcement but statements that are overheard by civilians or short little statements made to some friends of theirs together with a jail house admission that the defendant Brensic made to somebody in the Suffolk County Jail. As the Second Department noted that given all those circumstances, it felt that the confession of Quartaro was trustworthy and reliable and admissibl in the trial and the defendants were not deprived of constitutional rights for two reasons. One, the statement was adequately redacted not to refer to the defendants by name which could be done in this case and that the defendant in that case had made similar statements to other people similar to the statement made by Mr. Quartaro in that thier involvement in the crime was similar to what Mr. Quartaro had describ the involvement in the crime; that their right to confrontation was not being done away with in that case. I think that the case is really on all fours with this one and I think that we can redact the statements to Mr. Peck

sufficiently so that Mr. Restivo and Mr. Halstead are not mentioned other than the fact that Mr. Kogut mentioned that he was with other people, which was exactly what happened in the Brensic decision.

THE COURT: What do you say with respect to inerlocking?

MR. KLEIN: Well, the confession of Kogut indicates that he killed her and that Mr. Restivo and Mr. Halstead raped the girl. Those are the details that are given in the statement the People will offer in this case that both defendants told other people that John Kogut killed her and that they, both of them, raped Theresa Fusco and that on all the material elements of the admission, they are interlocking. They both admit to committing rape and they both admit to Kogut killing her and that's exactly what Mr. Kogut said that Halstead and Restivo raped her and he admitted that he killed her. He admitted that he killed her by strangulation and that's what the statement that the People will offer in this case by Halstead and Restivo will indicate that Kogut killed her by strangulati

490

THE COURT: That Kogut killed her by strangulation and that Restivo and Halstead both admitted that they raped the girl?

MR. KLEIN: Right. Nothing material as to the element of the crime, either rape or murder is being added against Mr. Halstead and Mr. Restivo by the Kogut confession. It's interlocking with respect to those two crimes with what they have allegedly have said to other people. Exactly like what was present in the Brensic case. There was an admission to the person in the jail. That he had participated in the murder to a certain extent and there were statements overheard by other civilians admitting a certain culpability with the murders.

THE COURT: The Brensic case, that was in support of a confession which was given to the authorities and the Court had already held that confession in, as I recall.

MR. KLEIN: To me, that's the same thing that happened in this case. The confession has already been held in by your Honor after an extensive Huntley hearing.

THE COURT: Is that it from you, Mr. Klein?

491

MR. KLEIN: Yes, your Honor.

THE COURT: Mr. Famighetti.

MR. FAMIGHETTI: If your Honor please, I don't believe the Brensic case was intended to give a broad and wide exception to the recognized --

THE COURT: To the Brutton rule.

MR. FAMIGHETTI: To the recognized Brutton rule. But, under highly particularized circumstances is it to be applied and certainly one of the foremost points in Brensic was the question of reliability of the confession itself and I think we know from the Kogut case that in connection with at least Mr. Halstead, there were six versions given by Mr. Kogut to the police in connection with his participation and the participation of his codefendants in connection with this crime. In all but two versions, Mr. Halstead was not included. Also, we have had now an opportunity to review some statements of witnesses who are going to make allegations that there were certain admissions made by Mr. Halstead at least in connection with this crime. None of those alleged admissions