713

alleged in this indictment against John Restivo and Dennis Halstead. The People rely on People vs. Brensic, decided by the Appellate Division, Second Department on September 22nd, 1986 which upheld the admission of a conspirator's statement as a declaration against penal interest. The People have shown that the instant case satisfies three factors which would make the Brensic case applicable: One, the declarant, Mr. Kogut, is unavailable due to his invocation of his Fifth Amendment rights while his case is on appeal; two, Mr. Kogut's statement was a declaration against penal interest; and three, Mr. Kogut had a basis of knowledge for his statement.

However, there is difficulty with the fourth prong of Brensic which requires supporting circumstances independent of the statement itself, although John Kogut's statement was previously held to be voluntary in his own case, it was made in a custodial setting and contains nothing that was not known to the police. Further, there were several statements given by Mr. Kogut prior to the version admitted into evidence at his trial which did not implicate

714

Kogut or Restivo or Halstead in the rape/murder.

Thus, the rebutable presumption of unreliability which attaches to the confession of a codefendant, under Brutton vs. U.S., has not been met and overcome. Thus, the People's request to introduce the statement of John Kogut is denied.

MR. ROBINSON: Thank you.

MR. FAMIGHETTI: Thank you.

MR. KLEIN: Thank you for your consideration, Judge.

MR. ROBINSON: I just would like the record to reflect that at the time of Pozzini being on the stand, I had requested a moment to review the redirect examination of that witness and indicated that I wanted to recross and the Court indicated it did not wish to allow any further recross examination. I felt that that was inappropriate under the circumstances.

(Thereupon the trial was adjourned to November 6th, 1986 at ten o'clock a.m.)

- - -