UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD,<br><br>Plaintiffs,<br><br>-against-<br><br>NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities,<br><br>Defendants. | **MOTION IN LIMINE TO EXCLUDE JOHN RESTIVO'S STATEMENT AND OTHERWISE CONFORM DEFENDANTS' REBUTTAL TO NARROWER SCOPE OF PLAINTIFFS' CLAIMS**<br><br><br>06-CV-6720(JS)(WDW) |

This second civil rights trial will be substantially narrower than the first. Not only will this case not center on John Kogut's confession, but Plaintiffs John Restivo and Dennis Halstead are streamlining their own claims and theories. Plaintiffs anticipate focusing on claims that (1) the Nassau County Police Defendants deprived Plaintiffs of a fair trial by fabricating evidence

1

and/or suppressing exculpatory evidence; and (2) Defendants initiated Plaintiffs' malicious prosecution in 1985 (based on the same misconduct). Given the narrower trial theories, certain evidence that was admitted at the first trial should be excluded here.

## I. Like the Kogut confession, the Restivo compelled statement should be excluded

As this Court has repeatedly ruled, under the Second Circuit's decision in *Boyd v. City of New York*, 336 F.3d 72, 76–77 & n.7 (2d Cir. 2003), because John Kogut's confession was inadmissible in Restivo and Halstead's joint criminal prosecution, it may not be used to establish probable cause to prosecute them. Tr. 12/20/13 at 5; *see also* D.E. 353[1]; Tr. 8/16/12 at 4–13; D.E. 489 at 14 ("[T]he jury never should have considered the Kogut confession in determining whether Defendants had probable cause in connection with Halstead and Restivo's case.").[2]

Nor is the Kogut confession relevant to whether Defendants acted with malice. Plaintiffs seek to prove malice by showing that Defendants acted "in reckless disregard of the rights of the plaintiff," *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (internal citation and quotation omitted), or in "pursuit of the lawful end by the intentionally unlawful means," *Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996) (internal citation and quotation omitted).[3] If Plaintiffs prove Defendants planted Theresa Fusco's hairs or suppressed the French material—as they must to prevail on their claims—then they have proved actual malice *whether or not Defendants believed Plaintiffs were guilty*. The Kogut confession is not relevant to any "fact of consequence in determining the action," *see* Fed. R. Evid. 401, and thus is not admissible. *See* Tr. 12/20/13 at 7–8.

---

[1] All docket references are to 06-CV-6995.

[2] The Kogut confession cannot be admitted for the truth, as that would be inadmissible hearsay. *See* Fed. R. Evid. 801.

[3] Plaintiffs have explicitly disclaimed a theory of malice based solely on the inference arising from the absence of probable cause, and have requested that there be no jury instruction on that theory. *See* Tr.12/20/13 at 7.

This same reasoning applies to the coerced statement John Restivo gave, after 20 hours in police custody on March 5 and 6, 1985, implicating Dennis Halstead in the Theresa Fusco rape and murder. Like the Kogut confession, the Restivo statement was inadmissible in Restivo and Halstead's joint criminal prosecution; it was never introduced against them at the grand jury or at trial. Like the Kogut confession, the Restivo statement is irrelevant to both probable cause and malice in this civil rights trial.

In the first civil rights trial, which focused on John Kogut's interrogation and false confession, Plaintiffs introduced evidence about the coercion Defendants used during John Restivo's interrogation. But given the narrowed focus of this trial, Plaintiffs do not intend to offer any evidence about John Restivo's interrogation or coerced statement. If Plaintiffs do not open the door by making the Restivo interrogation part of their case, there is no reason that any circumstances regarding the interrogation, including the polygraph and any statement that resulted from that interrogation, should be admissible. Even if Defendants could articulate some marginal relevance, the statement should be excluded as vastly more prejudicial than probative. *See Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (holding district court abused its discretion in not excluding highly prejudicial and confusing evidence under Rule 403). And admission of the statement would not only confuse the issues but also, by opening up this otherwise irrelevant area on which the jury heard days of testimony at the first trial, waste time and unduly prolong this trial.[4] The Court is well within its discretion to exclude this evidence on those grounds, as well. *See, e.g., Gerber v. Computer Associates Int'l, Inc.*, 303 F.3d 126, 136–37

---

[4] If the statement is admitted, Plaintiffs will have no choice but to present evidence that it was the result of coercion, including John Restivo's testimony, the police defendants' testimony about the interrogation, and evidence relating to the post-interrogation cover up. We would also seek leave to reconsider the Court's ruling with respect to the testimony of false confessions expert Saul Kassin.

3

(2d Cir. 2002) (noting trial court's broad discretion to exclude relevant evidence where any probative value is outweighed by confusion and waste of time).

## II. Evidence learned post-indictment cannot show probable cause

At the first civil rights trial, Plaintiffs pursued a theory that Defendants not only *initiated* a malicious prosecution, they also *continued* that malicious prosecution until the ultimate vacatur and dismissal in 2005. Given that theory, evidence that could have been used in Plaintiffs' criminal prosecution to show or rebut probable cause was relevant if Defendants learned it at any time up until the final termination of the prosecutions in 2005. In this trial, Plaintiffs are limiting their claim to the wrongful *initiation* of the malicious prosecution in 1985; they are no longer pursuing any claim based on Defendants' wrongful *continuation* of the malicious prosecution. As a result, only evidence that was both admissible in the criminal prosecution and that Defendants knew at the time of the initiation—no later than the indictment on June 20, 1985— can be relevant to show probable cause. *See Rounseville v. Zahl*, 13 F.3d 625, 630 (2d Cir. 1994) (holding evidence learned after initiation cannot be used to demonstrate defendants had probable cause to initiate the prosecution); *Carson v. Lewis*, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999) (Seybert, J.) ("For malicious prosecution purposes . . . , the determination of probable cause is assessed in light of the facts known or reasonably believed at the time the prosecution was initiated."). So, for example, any evidence Defendants learned of during the reinvestigation after the DNA exclusions (such as the information from interviews with Tara Gonzalez, Carey Guerrero and Regina Furhmann) should be excluded.

## III. Defendants' evidence should be limited based on the evidence Plaintiffs put on in this trial

Given the narrower scope of Plaintiffs' claims at this second trial, Plaintiffs anticipate that much of the evidence they put on in the last trial will not need to be presented this time. As a

4

result, evidence Defendants were able to present to rebut Plaintiffs' proof will not be relevant, either. For example, if Plaintiffs do not put Mr. Restivo's interrogation in issue, Defendants should not be permitted to question Mr. Restivo about his affair with Cheryl Schneider, which was only admitted because it was discussed during that interrogation, and would otherwise be irrelevant and far more prejudicial than probative. *See* Fed. R. Evid. 401, 403.

Given both the changing scope of evidence that should be admissible in the retrial, as well as the issues the parties encountered at the last trial with witnesses blurting out information that the Court had ruled should be excluded, Plaintiffs propose that each witness be instructed, before he or she testifies, as to topics that should not be mentioned on the stand. Once the Court has ruled on the motions *in limine*, Plaintiffs will present the Court with a proposed list of such prohibited topics to use in instructing the witnesses.

Dated: January 17, 2014  
New York, NY

Respectfully submitted,

 /s/ Anna Benvenutti Hoffmann   
Barry C. Scheck  
Nick Brustin  
Anna Benvenutti Hoffmann  
Alexandra Lampert  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013

**Attorneys for Plaintiffs**  
**John Restivo and Dennis Halstead**