UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, <br><br> Plaintiffs, <br><br> -against- <br><br> NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities, <br><br> Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR A RULING ON THE ADMISSIBILITY OF THE KOGUT CONFESSION** <br><br><br> 06-CV-6720(JS)(WDW) |

This Court has already ruled repeatedly that the Kogut confession will not be admissible at John Restivo and Dennis Halstead's civil rights trial. Thus Defendants' request that this Court "make a ruling regarding the admissibility of the written and videotaped confession of John Kogut," D.E. 131 at 1, is disingenuous.

At the October 30, 2013 conference, when asking Plaintiffs how much time was needed for trial, the Court instructed "You will not have the confession of Mr. Kogut." 10/30/13 tr. at 13. Defendants acknowledged that the Court "seem[ed] to indicate that [the confession's] not coming in." 10/30/13 tr. at 16. The Court then confirmed that this trial should be much shorter "because it's essentially a very pared-down case. We don't have the issues about the confession as they predominated previously." 10/30/13 tr. at 17.

The Court was just as clear at the conference on December 20, 2013. The Court first noted that the confession would be hearsay if offered for the truth of its assertions: that John Kogut, John Restivo and Dennis Halstead raped and murdered Theresa Fusco. *See* 12/20/13 tr. at 5. Next, the Court explained that the confession cannot be used to establish probable cause to prosecute Restivo and Halstead, because it was not admissible in their criminal prosecutions. *Id.*; *see Boyd v. City of New York*, 336 F.3d 72, 76–77 & n.7 (2d Cir. 2003). Finally, the Court confirmed that, because Plaintiffs seek to prove malice only through evidence of Defendants' misconduct, it would be irrelevant whether Defendants subjectively believed Plaintiffs were guilty. 12/20/13 tr. at 7. The Court ruled that, as a result, the Kogut confession was inadmissible: "That's the way that I view it. Very basic, and I don't see how else you can get a Kogut confession in as against these two defendants with this trial." 12/20/13 tr. at 7–8.

Defendants then argued—just as they do here—that knowledge of the Kogut confession is admissible to show Defendants' state of mind. The Court rejected that argument:

> Let me make myself clear. On that basis, on the argument you just gave, I'm denying the admission of the Kogut confession based on the theory that you have to show what the officers were thinking. It doesn't make a difference if they were thinking jelly beans or going to the beach. The issue is did they falsely get evidence together to incriminate, in other words, plant hairs in the van, did they go out and suppress evidence with regard to the French car, all of the issues with respect to evidence that would have vindicated the plaintiffs.

2

12/20/13 tr. at 9. Defendants reiterated their argument again, and the Court was resolute: "It doesn't matter. The only thing the jury has to decide is did the police fabricate evidence. Even if the police thought the confession was correct . . . it still didn't give them the right to falsify evidence." 12/20/13 tr. at 12.

What Defendants really seek here is reconsideration of this ruling. Nothing they present justifies reconsideration. As the Court has painstakingly explained, the Kogut confession is not relevant to any "fact of consequence in determining the action," *see* Fed. R. Evid. 401, and thus is not admissible. Furthermore, were the Kogut confession to be admitted, it would "predominate" this trial, just as it did the last trial. *See* 10/30/13 tr. at 17. That justifies excluding it under Rule 403, as well.

**I.     Standard**

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Scienton Technologies, Inc. v. Computer Associates Int'l Inc.*, 04-CV-2652 (JS)(ETB), 2013 WL 1856653, at *3 (E.D.N.Y. May 1, 2013) (Seybert, J.) (internal citation and quotation omitted). Under Local Rule 6.3, the "Court cannot merely consider the same arguments that were previously submitted. [Rather, the] Court must find that it overlooked facts or controlling precedent which would have mandated a different result." *Giordano v. Thomson*, 03-CV-5672 (JS)(JO), 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) (Seybert, J.) (internal citations and quotations omitted). "Nor is [a motion for reconsideration] a proper tool to raise new arguments and issues." *Scienton Technologies, Inc.*, 2013 WL 1856653, at *3. "Where the movant fails to show that any controlling authority has been overlooked, and merely offers substantially the same arguments offered on the original motion, the motion for reconsideration must be denied."

3

*Cobalt Multifamily Investors I, LLC v. Shapiro*, 06 CIV. 6468 (KMW)(MHD), 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (citing *Shrader v. CSX Tramp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

### II. The Kogut confession is not relevant to whether Defendants fabricated evidence

Defendants assert that the Kogut confession "is admissible to disprove the Plaintiffs' allegation that Defendants planted evidence in Mr. Restivo's van." D.E. 131 at 1. They do not explain how this is so. Of course, if the Kogut confession were true—and John Restivo, Dennis Halstead, and John Kogut had actually raped Theresa Fusco in the van—that would make it more likely that her hair had been found in the van, as Defendants claim. But the Kogut confession is hearsay and may not be considered for the truth of what it says. Fed. R. Evid. 802. If it is not considered for the truth, it does not make it any more or less likely that Defendants planted the hairs. *See, e.g.*, *United States v. Sesay*, 313 F.3d 591, 599–600 (D.C. Cir. 2002) (rejecting argument that hearsay was admissible for its effect on the officer's state of mind, where that state of mind was not itself relevant: "To accept appellant's 'state of mind' argument would be to permit a loophole in the hearsay rule large enough to swallow the rule itself."). Furthermore, that the Kogut confession *is* relevant if considered (improperly) for the truth, but is *not* relevant if considered for a non-truth purpose, shows why it should be excluded under Rule 403, as well: if the Kogut confession is admitted, the jury is bound to consider it for the truth of what it says—in violation of Rule 802—as that is the only way in which the confession is relevant.

Next, Defendants claim the Kogut confession is necessary to contradict "any arguments by the Plaintiffs that the search was a mere pretext or cover story manufactured from whole cloth to mask an operation to plant evidence in Mr. Restivo's van." D.E. 131 at 2. Whether Defendants believed they had probable cause to search the van is not, itself, relevant to the "fact of

4

consequence in determining the action," Fed. R. Evid. 401: whether Defendants planted the hair. More importantly, Plaintiffs have never argued that Defendants did not have probable cause *for the search*. Indeed, Plaintiffs intend to introduce, either by stipulation or other evidence, that Defendants had a basis for investigating Plaintiffs, including, for example, the statement by Harry Smyle. There is no need to introduce the incredibly damaging and confusing Kogut confession to rebut an argument Plaintiffs have not—and will not—make.

### III.    The Kogut confession is not relevant to whether Defendants violated *Brady*

Defendants' argument that the Kogut confession is relevant to whether they suppressed *Brady* material is similarly flawed. Defendants argue that they could in good faith suppress exculpatory evidence so long as they truly believed Plaintiffs were guilty. That is not the law: as the Second Circuit has recently reaffirmed, "*Brady* does not require actual innocence, and even '[a] guilty man is entitled to a fair trial.'" *Poventud v. City of New York*, 12-1011-CV, 2014 WL 182313, at *13 (2d Cir. Jan. 16, 2014) (en banc) (quoting *People v. Buchalter*, 289 N.Y. 181, 225 (1942) (Lehman, Chief Judge, concurring)). If belief in guilt were enough to excuse a *Brady* violation, *Brady* would become a dead letter—presumably the police are not in the habit of prosecuting people they believe are innocent. Further, Defendants' hypothetical—that they could have believed they had no obligation to produce the French evidence because of their belief in Plaintiffs' guilt—is flatly contradicted by the record. Volpe specifically admitted at his deposition that he knew that the French lead was *Brady* material that he had an obligation to disclose to the prosecutor so it would be provided to the defense.[1]

---

[1] Nor is the Kogut confession necessary to establish the date of the crime. First, the confession itself does not even include a date. Second, Plaintiffs do not dispute that the rape and murder of Theresa Fusco occurred on November 10, 1984, and would be happy to stipulate to that fact.

5

### IV. The Kogut confession is not evidence of probable cause

As this Court has repeatedly ruled, under the Second Circuit's decision in *Boyd v. City of New York*, 336 F.3d 72, 76–77 & n.7 (2d Cir. 2003), because John Kogut's confession was inadmissible in Restivo and Halstead's joint criminal prosecution, it may not be used to establish probable cause to prosecute them. It is undisputed that the Kogut confession was never introduced against John Restivo and Dennis Halstead in any form—not in the grand jury, not in their criminal trial. It is undisputed that, by the account of the Homicide Bureau's commanding officer, Lt. Sean Spillane, the NCPD recognized that *after* Kogut's confession they had "a very weak, if non-exist[e]nt case against Halstead and Restivo." PX 185. Spillane testified at the first civil rights trial that the NCPD recognized the Kogut confession was inadmissible against Restivo and Halstead. 10/12/12 tr. at 2564.

Nevertheless, Defendants now reprise their argument that, because the Kogut confession could have hypothetically been admitted under different circumstances, it can be used to demonstrate probable cause. Defendants made substantially the same argument before the last trial and the Court rejected it. *See* 8/16/12 tr. at 5–6 ("[Defendants argue that] the Kogut confession is . . . evidence that the defendant had probable cause to prosecute Restivo and Halstead. I find this argument to be particularly weak and not a positive one. I believe it is wrong."). As Plaintiffs pointed out, although the *Boyd* court described an un-*Mirandized* statement as evidence that would "clearly not be admissible," 336 F.3d at 77, there are situations in which such a statement could make it into evidence. *See, e.g.*, *New York v. Quarles*, 467 U.S. 649, 655–56 (1984) (unwarned statement admissible on prosecution's case in chief if prosecution shows questioning was immediately necessary for public safety); *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980) (unwarned post-arrest statement admissible on prosecution's case in chief if

6

prosecution shows it was made spontaneously); *Harris v. New York*, 401 U.S. 222, 226 (1971) (unwarned statements admissible for impeachment). Those rare exceptions did not keep the Second Circuit from holding the un-*Mirandized* statement could not be used to establish probable cause; the same logic applies to the Kogut confession here. *See Boyd*, 336 F.3d at 77–78.

Further, although Defendants acknowledge that "[w]hether probable cause existed is to be determined as of the time the prosecution was initated," D.E. 131 at 3, and although the prosecution was initiated as of the time of the indictment in June *1985*, the cases Defendants cite for the proposition that the confession could have been admissible were all decided in *1986*. As a matter of simple logic, a court decision from 1986 could not influence what an officer thought was reasonable in 1985. In any event, the cases Defendants cite do not even indicate that the Kogut confession would be admissible. For example, in *Lee v. Illinois*, 476 U.S. 530, 546 (1986), the Court held that a codefendant's confession should not have been admitted, reaffirming "the time-honored teaching that a codefendant's confession inculpating the accused is inherently unreliable, and that convictions supported by such evidence violate the constitutional right of confrontation." The only decision Defendants cite in which any portion of a codefendant's confession was admitted—the appellate division's decision in *People v. Brensic*, 119 A.D.2d 281 (2d Dep't 1986)—was not decided until September 1986 and was subsequently reversed by the Court of Appeals. *People v. Brensic*, 70 N.Y.2d 9 (1987).[2] And even without the benefit of the Court of Appeals' decision reversing *Brensic*, the Restivo and Halstead criminal trial court held that the Kogut confession could not meet the test for admissibility.

---

[2] The appellate division had required that the confession be restricted to only the self-incriminating statements, redacting any reference to the defendants on trial. *Brensic*, 119 A.D.2d at 302. The Court of Appeals held that, even with this redaction, it was reversible error to admit the statement. *Brensic*, 70 N.Y.2d at 19–20.

7

## V. Conclusion

As the Supreme Court has emphasized, confessions are singularly powerful:

> A confession is like no other evidence. . . . Certainly, confessions have profound impact on the jury, so much so that we may justifiably doubt its ability to put them out of mind even if told to do so. . . . [A] full confession in which the defendant discloses the motive for and means of the crime may tempt the jury to rely upon that evidence alone in reaching its decision.

*Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (internal citations and quotations omitted).

Admission of the Kogut confession would confuse the issues and mislead the jury; it would also necessitate the admission of days or even weeks of other evidence, substantially prolonging the trial, causing undue delay, and wasting time. Given that, Defendants would have to demonstrate extraordinary probative value to merit admission of the confession under Rule 403. Not only have they not done so, they have not demonstrated that the confession has *any* relevance to the issues to be tried. Defendants have merely repackaged the same arguments they have made to the Court before—that the confession is relevant to Defendants' state of mind, that the confession may be used to show probable cause—and which the Court has rightly rejected. Defendants' motion provides no reason to reconsider the Court's ruling excluding the Kogut confession from John Restivo and Dennis Halstead's civil rights trial.

Dated: January 31, 2014  
New York, NY

Respectfully submitted,

 /s/ Anna Benvenutti Hoffmann  
Barry C. Scheck  
Nick Brustin  
Anna Benvenutti Hoffmann  
Alexandra Lampert  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013

**Attorneys for Plaintiffs**  
**John Restivo and Dennis Halstead**

8