## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| -against- | ) ) ) |
| NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

06-CV-6720(JS)(WDW)

_____

## JOINT PRE-TRIAL ORDER

2.  **Trial Counsel:**

Plaintiffs John Restivo and Dennis Halstead are represented by:

> Peter Neufeld
> Barry Scheck
> Nick Brustin
> Anna Benvenutti Hoffmann
> Alexandra Lampert
> Neufeld Scheck & Brustin, LLP
> 99 Hudson Street, 8th Floor
> New York, NY 10013
> peter@nsbcivilrights.com
> bcsinnocence@gmail.com
> nick@nsbcivilrights.com
> anna@nsbcivilrights.com
> alex@nsbcivilrights.com
> (o) (212) 965-9081
> (f) (212) 965-9084

Defendants are represented by:

> Lou Freeman
> Lee Ginsberg
> Nadjia Limani
> Freeman, Nooter & Ginsberg
> 75 Maiden Lane, Suite 503
> New York, New York 10038

> Liora M. Ben-Sorek
> Nassau County Attorney's Office
> Ralph G. Caso Executive & Legislative Building
> One West Street
> Mineola, NY 11501-4820

3.  **Subject Matter Jurisdiction**:

This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983. Title 28 U.S.C. § 1367(a) provides supplemental jurisdiction over plaintiffs' state law claims.

4.  **Claims and Defenses remaining to be tried**:

The following below-listed claims currently remain to be tried against the following below-listed defendants. In an effort to streamline this re-trial, Plaintiffs are working to narrow

their claims and evidence. Consequently, based on the Court's rulings on the Motions *in Limine*, Plaintiffs may dismiss additional claims and defendants before trial; Plaintiffs have already significantly winnowed their witness and evidence lists as will be apparent below.

## I.    Claims

Plaintiffs John Restivo and Dennis Halstead's Claims (Amended Complaint, Case No. 2:06-CV-6720 (JS)(WDW), D.E. 33, as amended by substitution of Carolann Hesseman as Executrix for the Estate of Joseph Volpe, *see* Case No. 2:06-CV-6695 (JS)(WDW), D.E. 121):

- 42 U.S.C. § 1983 malicious prosecution (Count 1);
- 42 U.S.C. § 1983 due process, including theories of a) fabrication and b) suppression from prosecutors of material exculpatory and impeachment information (Count 2);
- 42 U.S.C. § 1983 conspiracy (Count 4);
- 42 U.S.C. § 1983 supervisory liability (Count 5);
- 42 U.S.C. § 1983 municipal liability (Count 6) (trial on this claim, if any, will be bifurcated); and
- State law malicious prosecution (Count 8)

Against the Following Defendants:

- Nassau County (defendant under Count 6);
- Carolann Hesseman, as Executrix for the Estate of Joseph Volpe, in his individual capacity;
- Robert Dempsey, in his individual capacity;
- Frank Sirianni, in his individual capacity;
- Charles Fraas, in his individual capacity;
- Thomas Allen, in his individual capacity;
- Michael Connaughton, in his individual capacity;
- Wayne Birdsall, in his individual capacity; and
- Sean Spillane, in his individual capacity.

The following claims alleged by plaintiffs Restivo and Halstead have been dismissed and will not be tried:

- 42 U.S.C. § 1983 false arrest (Count 1);
- 42 U.S.C. § 1983 failure to intercede (Count 3);
- 42 U.S.C. § 1983 familial association (Count 7);
- State law false arrest (Count 8);
- State law assault & battery (Count 9);
- State law intentional or reckless infliction of emotional distress (Count 10);
- State law reckless infliction of emotional distress (Count 11); and
- State law respondeat superior (Count 12).

Defendants position is that Plaintiffs should state whether there are any other theories under Count 2 besides a) fabrication & b) suppression of exculpatory and impeachment material.

Defendants also note that Plaintiffs earlier indicated that "we should discuss Monell before you file...there may not be a Monell case" Transcript of 12/20/13, 20.

## II.    Defenses

Defendants maintain that the Plaintiffs' allegations are not true and that Defendants acted in good faith at all times.

## 5.    Jury Statement:

Plaintiffs have demanded a jury trial and tentatively anticipate (pending *in limine* rulings) the Plaintiffs' case will take 8 to 10 trial days.

Defendants have demanded a jury trial and anticipate the defense case will take 4 trial days subject to the Court's rulings on in limine motions.

## 6.    No Consent to trial by Magistrate Judge:

The parties do not consent to trial by a Magistrate Judge.

## 7.    Stipulations or agreed statements of fact or law agreed to by all parties:

*\* Stipulations that have been designated with an asterisk denote those that may be excluded pending the Court's ruling on Plaintiffs' Motion* in Limine *to Preclude the Introduction of Evidence of Statements made by John Restivo.*

*Prior stipulations precluded by this Court's ruling that evidence relating to John Kogut's statements have been excluded.  As most of these stipulations were agreed to prior to or during the 2012 trial, Plaintiffs reserve the right to make a narrowed presentation of those stipulations in conformity with the Court's rulings and the severance of Plaintiffs' case from John Kogut's.*

## I.    *Stipulations agreed to before or during the prior trial in 2012*:

*Defendants object to the use of stipulations from the prior trial, see, D.E. 149, Letter Motion* in Limine *regarding Plaintiffs' Use of Contention Interrogatories. Plaintiffs respond that such an objection has no legal basis. See D.E. 150 (Plaintiffs' Response to Defendants' Letter Motion to Preclude Use of Stipulations and Responses to Contention Interrogatories).*

i.    Prior Trial Stipulation No. 1:

On May 8, 1985, a grand jury indicted John Kogut for three felony counts committed against Theresa Fusco on or about November 10, 1985: 1) intentional second-degree murder

by ligature strangulation, 2) second-degree murder in the course of rape, and 3) first-degree rape.

On June 20, 1985, a grand jury indicted John Restivo and Dennis Halstead for three felony counts committed against Theresa Fusco on or about November 10, 1985: 1) intentional second-degree murder by strangulation; 2) second-degree murder in the course of a rape, and 3) first-degree rape. John Restivo and Dennis Halstead were both arrested and jailed on June 20, 1985.

John Kogut was tried alone and convicted of all three counts on June 27, 1986. He was sentenced to serve 37 ½ years to life in prison. After a separate trial, John Restivo and Dennis Halstead were convicted of all three counts on December 3, 1986. In February, 1987, John Restivo and Dennis Halstead were each sentenced to serve 33 1/3 years to life in prison. John Kogut, John Restivo and Dennis Halstead each appealed their convictions. Those appeals were denied.

In 1993, by agreement with the Nassau County District Attorney's Office ("NCDA"), biological evidence collected from Miss Fusco at autopsy, including one of the vaginal swabs, was delivered from the NCME to Lifecodes Laboratory for forensic testing. With their consent, blood was drawn from John Kogut, John Restivo and Dennis Halstead in October of 1993.

Those sealed samples were delivered to Lifecodes.

Lifecodes performed "DQ Alpha" testing, an early form of DNA testing, on the biological evidence received from the NCME. On November 22, 1993, Lifecodes reported that its testing excluded Dennis Halstead as the source of the male DNA present in the biological evidence received from the NCME. Lifecodes then returned the evidence back to the NCME via UPS, retaining the remnants of its DNA testing.

On June 23, 1994, pursuant to an agreement between the NCDA and counsel for John Kogut, John Restivo and Dennis Halstead, Lifecodes sent the remnants of its DNA testing, as well as reference samples of blood from John Kogut, John Restivo and Dennis Halstead, to CBR Laboratories via Federal Express.

Again by agreement with the NCDA, on September 19, 1994, the NCME sent via Federal Express biological evidence collected from Miss Fusco, including vaginal swabs, an oral swab, and a slide containing a vaginal smear, to CBR Laboratories, Inc., for additional DNA testing. CBR Laboratories reported on November 29, 1994 that DNA testing using the DQ Alpha method excluded John Kogut, John Restivo and Dennis Halstead as the source of male DNA found in the samples collected from Miss Fusco.

At the request of the NCDA, in December 1994, biological samples collected from Miss Fusco's vagina as well as blood samples from John Kogut, John Restivo and Dennis Halstead were sent from the NCME and from CBR Laboratories to Cellmark Diagnostics for DNA testing. On January 5, 1995, Cellmark reported that, consistent with the findings of

CBR Laboratories, its testing excluded excluded John Kogut, John Restivo and Dennis Halstead as the source of male DNA found in the vaginal samples it tested.

Based on these DNA results, plaintiffs each moved to vacate their convictions. The NCDA opposed the motions and they were denied on August 14, 1995. Cellmark returned the remaining evidence to the NCME, which received it via Federal Express from Cellmark in a sealed box on March 28, 1995. The NCME maintained the sealed box of evidence containing biological samples from Theresa Fusco until March of 2001, when it was opened and the sealed packages inside the box were examined to identify whether samples remained for additional DNA testing using the more advanced Short Tandem Repeat ("STR") method.

STR DNA testing permits a determination, to a reasonable degree of scientific certainty, whether a given person is, or is not, a contributor of the DNA profile yielded from a given forensic sample.

On March 8, 2001, the NCME sent samples of biological material from the Fusco vaginal smear to the Laboratory Corporation of America ("LabCorp") by Federal Express overnight delivery. On March 20, 2001, LabCorp reported that it had identified a male DNA profile in one of the Fusco vaginal smear samples it had received from the NCME. The NCME then sent LabCorp an oral swab collected from Theresa Fusco at autopsy. On June 7, 2001, LabCorp reported that it had identified Theresa Fusco's DNA profile from the oral swab.

The Office of the Chief Medical Examiner of the City of New York, Department of Forensic Biology ("NY OCME"), after identifying the DNA profiles of all three men, reported on December 4, 2001 that John Restivo, Dennis Halstead and John Kogut were all excluded as the source of male DNA identified by LabCorp.

In January 2003, Nassau County authorities located an additional item of evidence, a sealed envelope containing a glass tube with the remnants of a swab, which had been vouchered by the NCPD Property Bureau as a swab from Theresa Fusco. This newly discovered evidence was unsealed, examined and photographed under controlled conditions at a lab within the Nassau County Medical Examiner's Office.

This newly discovered evidence, along with other remaining samples collected from Theresa Fusco and reference samples of blood from John Kogut, John Restivo and Dennis Halstead, was sent to Orchid Cellmark Laboratories, formerly Cellmark Diagnostics ("Cellmark") in March of 2003. On March 21, 2003, Cellmark reported finding a mixture of female DNA matching Theresa Fusco and male DNA on the newly discovered vaginal swab. Cellmark reported that John Restivo, Dennis Halstead and John Kogut were all excluded as the source of the male DNA from the newly discovered swab.

All three laboratories that conducted STR DNA testing – LabCorp, New York's Office of the Chief Medical Examiner, and Cellmark – identified the same single, intact DNA profile of an unknown male as the source of the semen found in Miss Fusco's vagina. All three laboratories reported that Dennis Halstead, John Restivo and John Kogut were each

6

excluded as the source of the male DNA collected from Miss Fusco. At all three laboratories, STR DNA testing was performed under scientifically acceptable protocols.

These test results excluded all three plaintiffs as the source of semen found in the Miss Fusco's vaginal cavity. These test results are accurate and reliable.

The Nassau County Medical Examiner's Department of Forensic Genetics uploaded the unidentified male profile in the Combined DNA Index System Database, known as "CODIS."

To date, the profile does not match any profile contained in CODIS.

STR analysis was not available for use as a forensic technique in 1986, when Halstead, Restivo and Kogut were tried.

Based on these STR DNA results, counsel for Dennis Halstead, John Restivo and John Kogut, as well as the Nassau County District Attorney's Office entered into a stipulation in May 2003 and moved the Court to vacate the convictions of all three men. The Nassau County Court granted the parties' motion and, on June 11, 2003, all three men's convictions were vacated.

*Defendants object to this stipulations based on FRE 402; See, D.E. 135, Motion* in Limine *to Preclude Evidence re: Undisputed Favorable Termination Element and to Preclude DNA Testimony.*

*Plaintiffs respond that this stipulation is relevant. See D.E. 144 (Plaintiffs' Response to Defendants' Motion to Exclude Evidence of Innocence).*

ii.    Prior Court Exhibit No. 2*:

The Nassau County Police Department has no record documenting any investigation of complaints made by attorney Theodore Robinson regarding the interrogation of John Restivo and other witnesses.

*Defendants object to this stipulation based on FRE 402; See, D.E. 132, Plaintiffs' Motion to Exclude John Restivo's Statement and Otherwise Conform Defendants' Rebuttal to Narrower Scope of Plaintiffs' Claims.*

*Plaintiffs agree that if Plaintiffs' Motion to Exclude John Restivo's Statement, D.E. 132, is granted, this stipulation will no longer be used.*

iii.    Prior Court Exhibit No. 3:

At the beginning of the trial, on or about September 17, 2012, at the request of the Plaintiffs, Detective Hillman searched for the rope depicted in Plaintiffs' Exhibit 169-J and could find neither the rope nor any document reflecting what had happened to it.

iv.   Prior Court Exhibit No. 4:

The parties stipulate and agree that, if called to testify, Peter Weinstein would testify as follows:

1. He was the Chief of the Appeals Bureau at the Nassau County District Attorney's Office ("NCDA") from 1991 until 2009.

2. In 1994, when John Restivo, Dennis Halstead, and John Kogut made motions for relief from their convictions based on the DNA testing, Mr. Weinstein became involved, along with others at the Nassau County District Attorney's Office, in review of the cases and in discussions about what response should be made to the motions for relief.

3. The Appeals Bureau that Mr. Weinstein oversaw was responsible for responding to request for information pursuant to the Freedom of Information Law. While John Restivo, Dennis Halstead and John Kogut were still in prison, their lawyers made many such requests for information.

4. To the best of Mr. Weinstein's knowledge, this information about the French car/striped jeans lead was never disclosed by the police to the prosecutors.

5. In 2003, Denise Pavlides, who was working for Mr. Weinstein, went to either the police department or the medical examiner's office with lawyers for Mr. Restivo and Mr. Halstead to look for evidence in response to Freedom of Information Law requests. During this search they located an additional swab from Theresa Fusco; DNA testing was performed on this new evidence, which led to the NCDA's Office consenting to vacate the convictions of all three men.

*Defendants object to this stipulation given the fact that Plaintiffs have stated their intention to call Peter Weinstein as a witness.*

v.   ~~Prior Court Exhibit No. 5:~~

[Struck given the Court's prior rulings excluding John Kogut's confession from this trial]

vi.   Prior Court Exhibit No. 6:

Defendants contend that Theresa Fusco's hairs were left in the blue Ford Econoline van depicted in Plaintiffs' Exhibit 222 on November 10, 1984.

*Defendants object to this stipulation based on FRE 402; see, D.E. 149, Letter Motion* in Limine *regarding Plaintiffs' Use of Contention Interrogatories. This stipulation is based on information from the Kogut confession and Plaintiffs' assert that the Kogut confession has been ruled inadmissible.*

*Plaintiffs respond that this stipulation is relevant, and such an objection has no legal basis. See D.E. 150 (Plaintiffs' Response to Defendants' Letter Motion to Preclude Use of Stipulations and Responses to Contention Interrogatories).*

vii.    Stipulation from Prior Trial, Tr. 09/20/12 at 131:

None of the individuals identified in PX 684 shared the DNA profile of the person whose semen was found in Theresa Fusco.

*Defendants object to this stipulations based on FRE 402; See, D.E. 135, Motion* in Limine *to Preclude Evidence re: Undisputed Favorable Termination Element and to Preclude DNA Testimony.*

*Plaintiffs respond that this stipulation is relevant. See D.E. 144 (Plaintiffs' Response to Defendants' Motion to Exclude Evidence of Innocence).*

viii.    Stipulation From Prior Trial Tr. 11/19/12 at 5711-12:

Eight depositions of Joseph Volpe were conducted by the plaintiffs. The depositions lasted approximately an hour and a half each.

They were held on January 26, 2009; March 5, 2009; March 18, 2009; April 6, 2009; May 4, 2009; November 24, 2009, 12/2/09, and November 19, 2010.

The last deposition was started by defense counsel and would have continued but for the death of Joseph Volpe on January 3, 2011.

ix.    Stipulation From Prior Trial Tr. 11/19/12 at 5712-13:

Plaintiffs requested the audiotape of Plaintiff Dennis Halstead in 2007. Defendants invited Plaintiffs' counsel to inspect those tapes in 2010. Plaintiffs declined to inspect the tapes because they were advised that the tapes could not be played because of their age and condition.

*Defendants and Plaintiffs agree that the use of this stipulation at the re-trial is conditioned upon the admissibility of Defendants' Exhibits DH1 (transcript of audio conversation between Halstead and his sister) and DH2 (audio conversation between Halstead and his sister).*

**II.    _Stipulations agreed to since the prior trial in 2012_:**

i.    Stipulation A: Joseph Famighetti represented Dennis Halstead at his criminal trial in 1986. Mr. Famighetti passed away in 2001.

ii.    Stipulation B:

9

The following documents were part of the Nassau County Police Department homicide file regarding Theresa Fusco:

    a. Plaintiffs' Exhibit # 161: Notes from an interview with John French on December 6, 1984;

    b. Plaintiffs' Exhibit # 162: Notes recording what was lost from John French's car, completed by Nassau County homicide Detective Mitchell and dated December 11, 1984;

    c. Plaintiffs' Exhibit # 163: A statement taken from and signed by John French on December 7, 1984 and witnessed by Nassau County Homicide Detective Frank Sirianni;

    d. Plaintiffs' Exhibit # 164: Notes entitled "People who were in John French car," written by Nassau County Homicide Detective Sirianni;

    e. Plaintiffs' Exhibit #165: LFU Vehicle Processing Worksheet & related documents;

    f. Plaintiffs' Exhibit # 166: The Nassau County Police Department Case Report recording the reported theft on November 10, 1984, and recovery on November 18, 1984, of John French's vehicle; and

    Plaintiffs' Exhibit # 171: Detective Volpe's handwritten notes detailing the information the Nassau County Police Department had received about the "recovered stolen auto."

Defendants stipulate that these exhibits (files) were part of the NCPD homicide file, not that these exhibits (files) are admissible in evidence

    iii.   <u>Stipulation C:</u>

The following documents were part of the Nassau County Police Department homicide file regarding Theresa Fusco:

    a. Plaintiffs' Exhibit # 141: Police Officer Diehl's notes of the interview that he and Police Officer Connaughton conducted of Brian O'Hanlon on September 12, 1985;

    b. Plaintiffs' Exhibit #142: Detective Lane's notes of the interview that he and Detective Waltman conducted of Brian O'Hanlon beginning at 8:00 pm on September 12, 1985; and

    c. Plaintiffs' Exhibit #143: the Statement of Brian O'Hanlon, taken by Detectives Lane and Waltman on September 12, 1985.

*Defendants stipulate that these exhibits (files) were part of the NCPD homicide file, not that these exhibits (files) are admissible in evidence.*

## III.     *<u>Stipulations proposed by Plaintiffs since the prior trial in 2012, but rejected by defendants</u>:*

*Defendants object to the inclusion of Plaintiffs' proposed stipulations. As per the Individual Motion Practices of Judge Seybert, the pre-trial order shall include "any stipulations*

*or agreed statements of fact or law which have been agreed to by all parties." Proposed
stipulations do not fall into this category.*

i.      Stipulation D:

   However, as of 2007, those documents—Plaintiffs' Exhibit Nos. 161, 162, 163, 164,
166, and 171—were not in the corresponding Nassau County District Attorney's files
regarding the prosecution of John Restivo, Dennis Halstead, or John Kogut.

   [Proposed stipulation based on admission by Defendants' Counsel in DE 65-1 at ¶ 48
(Decl. of Liora Ben-Sorek)].

ii.     Stipulation E:

   The Assistant District Attorney who was assigned to this case for the Nassau County
District Attorney's Office in 2003, Robert Biancavilla, has no independent
recollection of ever seeing those documents when he thoroughly reviewed the
complete Nassau County District Attorney's file for this case in 2005.

   [Proposed stipulation based on Defendants' Admissions in RFA Nos. 37, 43, 49, 55,
61, 67, 73, 79, 93, 99, 105, and 111].

iii.    Stipulation F:

   Prior to leaving the Nassau County District Attorney's Office in 1985, Edward
McCarty was the Nassau County Assistant District Attorney initially assigned to the
Theresa Fusco homicide and rape. If Edward McCarty were called, he would testify
that, as the Assistant District Attorney assigned to the Fusco investigation until May
1985, he was not aware of and never saw any of the documents or photographs
associated with the French car lead.

   [Proposed stipulation based on the testimony of Edward McCarty. *See* McCarty
Deposition at 71-75].

iv.     Stipulation G:

   Ted Robinson represented John Restivo at his criminal trial in 1986. If Mr. Robinson
were called, he would testify that, at the time of the criminal trial in 1986, he never
saw any of the documents associated with the French car lead—Plaintiff's Exhibit
Nos. 161, 162, 163, 164, 166, and 171—and was not aware of any of the information
contained therein.

   [Proposed stipulation based on the trial testimony of Ted Robinson. *See* 2012 tr.
(10/1/12) at 1028-34].

v.      Stipulation H:

In 1984, Dennis Halstead was twenty-nine years old. During that year, he held parties at his apartment on Atlantic Avenue. A number of high-school age girls attended those parties. Dennis Halstead provided beer and marijuana to his guests, including the high school aged girls who attended. Nassau County homicide detectives, including Detective Joseph Volpe, became aware of this information early in their investigation of Theresa Fusco's rape and murder. No evidence demonstrated, however, that Ms. Fusco knew Dennis Halstead, visited his apartment, or attended one of his parties.

vi.     Stipulation I:

By early March of 1985, Nassau County detectives, specifically including Detective Joseph Volpe, were aware that John Restivo, Dennis Halstead, and John Kogut knew each other socially and had worked together.

vii.    Stipulation J:

Concetta Napoli is Theresa Fusco's mother. Were Ms. Napoli called, she would testify that on November 10, 1984, she was living at 6 Windsor Place in Lynbrook, New York, with her sons John and Michael and her daughter Theresa Fusco (2012 tr. (9/25/12) at 517-18). She would testify that, in 1984, her daughter Theresa was 16 years old (2012 tr. (9/25/12) at 518) and was almost like sisters with her friend Lisa Kaplan, who lived down the street ((2012 tr. (9/25/12) at 524).

Ms. Napoli would testify that her daughter Theresa was a virgin (2012 tr. (9/25/12) at 555). She had had conversations with Theresa about sex, spoke to Theresa's best friend Lisa Kaplan about the subject after Theresa disappeared, and read Theresa's diary, and is confident that Theresa was a virgin (2012 tr. (9/25/12) at 555-56).

Ms. Napoli would testify that around 7:00 am on the morning of Saturday, November 10, 1984, as she was leaving for work, she spoke to Theresa as Theresa was on her way to take a shower (2012 tr. (9/25/12) at 535-36). When Ms. Napoli arrived home around 3:30 pm, Theresa was in the driveway (2012 tr. (9/25/12) at 539). Ms. Napoli and Theresa had a brief conversation, in which Theresa told her mother that she had attended a dance class at a studio on Atlantic Avenue between Sunrise Highway and Merrick Road (2012 tr. (9/25/12) at 530) and had met her friend Lisa Kaplan for lunch, and then Theresa left the house to go to meet Lisa, at Lisa's job, and walk her home (2012 tr. (9/25/12) at 539-41). Theresa returned between 4:30 and 4:45 pm, talked for a few minutes with Ms. Napoli, and then went upstairs to take another shower and prepare to go to work at Hot Skates on Merrick Road (2012 tr. (9/25/12) at 541). When Theresa came back downstairs, she made herself mini raviolis and talked with her mother while she ate (2012 tr. (9/25/12) at 542-43). She told her mother that she was working from 6:30 to 9:30 pm and then she was going to walk to Lisa Kaplan's house after work. (2012 tr. (9/25/12) at 543). Around 6:00 pm, Theresa left for work (2012 tr. (9/25/12) at 547). When she left, she was wearing a pair of

denim jeans with a striping, a denim jacket, and white high-top sneakers with blue lining (2012 tr. (9/25/12) at 544). After Theresa left for work that evening, Ms. Napoli never saw her daughter again.

Ms. Napoli reported all of the above information to the Nassau County police, specifically including Detective Volpe. (PX 10; PX 60)

[Citations were included for Defendants' reference, but would have been omitted in a final stipulation, had Defendants' agreed].

viii.     Stipulation K:

Lisa Kaplan was Theresa Fusco's best friend. Were Ms. Kaplan called, she would testify that as of November 10, 1984, she had been best friends with Theresa Fusco for about three years and that they attended high school together (2012 tr. (9/27/12) at 651). She would testify that on November 10, 1984, she lived with her father and her mother Carmella Kaplan at 25 Malden Avenue, in the same neighborhood as Theresa (2012 tr. (9/27/12) at 651).

Based on her personal knowledge of Theresa, Lisa believes that Theresa was a virgin (2012 tr. (9/27/12) at 652).

Ms. Kaplan would testify that, on November 10, 1984, Theresa met her for lunch around 12 pm, and that they went together to lunch at Burger King (2012 tr. (9/27/12) at 654). After lunch, Theresa walked Ms. Kaplan back to work, and the two of them made plans for Theresa to meet Ms. Kaplan after her shift was over at about 4:00 pm (2012 tr. (9/27/12) at 655). She and Theresa parted company around 12:30 pm (2012 tr. (9/27/12) at 655). Theresa met Ms. Kaplan when Ms. Kaplan's work shift was over at 4:00 pm, and they walked together to town (2012 tr. (9/27/12) at 655). Ms. Kaplan's boyfriend Robert Martini was celebrating a birthday that day, so they went to purchase a birthday card for him, and then walked together back to Ms. Kaplan's house (2012 tr. (9/27/12) at 656). Theresa and Ms. Kaplan then made plans to meet up again when Theresa was finished with work around 9:30 pm (2012 tr. (9/27/12) at 657). Theresa was to come to Ms. Kaplan's house to hang out with Ms. Kaplan and Ms. Kaplan's boyfriend Robert Martini (2012 tr. (9/27/12) at 657). After Theresa parted company with Ms. Kaplan shortly after 4:00 pm, Ms. Kaplan never saw Theresa again.

Ms. Kaplan reported all of the above information to the Nassau County police, specifically including Detective Volpe. (NC018311 (Typed Notes of Kaplan Interview)

[Citations were included for Defendants' reference, but would have been omitted in a final stipulation, had Defendants' agreed].

ix.     Stipulation L:

Rochelle Bernstein owned Hot Skates, where Theresa Fusco worked, in November 1984. If Ms. Bernstein were called, she would testify that, on November 10, 1984, according to Theresa's time card, Theresa punched in to work at 6:28 pm, and punched out at 9:47 pm (2012 tr. (9/27/12) at 755-56).

[Citations were included for Defendants' reference, but would have been omitted in a final stipulation, had Defendants' agreed].

x.      Stipulation M:

Between 2001 and 2011, Nassau County Detectives collected DNA samples from 86 people to compare to the male DNA profile recovered from Theresa Fusco (PX 684). During this period, detectives were actively seeking to test men who were either friends and associates of John Restivo, Dennis Halstead, or John Kogut or were possible boyfriends or male acquaintances of Theresa Fusco (2012 tr. (10/11/12) at 2299-301). The detectives' working theory in collecting and testing these samples was to identify either an unknown fourth man who committed the rape and murder along with Mr. Restivo, Mr. Halstead, and Mr. Kogut or an unknown consensual sexual partner of Theresa Fusco. *Id*. All of those 86 individuals have been excluded as the source of the semen found in Miss Fusco's vaginal cavity.

[Citations were included for Defendants' reference, but would have been omitted in a final stipulation, had Defendants' agreed].

xi.     Stipulation N:

At John Restivo and Dennis Halstead's 1986 criminal trial, the State presented evidence that two hairs, which were consistent with Theresa Fusco's hairs, were allegedly recovered from John Restivo's van. Mitochondrial DNA testing, which was conducted in 2002, shows that those two hairs are, in fact, Theresa Fusco's.

Proposed Stipulation based on Mitotyping Technologies Report, dated 10/21/02, and Defendants' Expert Report from Dr. Terry Melton, dated 4/9/12.

xii.    Stipulation O:

However, Exhibit ##s 141 and 142 were not in the corresponding Nassau County District Attorney's files regarding the prosecution of John Restivo, Dennis Halstead, or John Kogut.

**Stipulations of Law**:

Plaintiffs propose a stipulation that the individual defendants were acting under color of state law and within the scope of their employment in connection with their work on the Fusco investigation.

14

Defendants object to the stipulation and object to the inclusion of Plaintiffs' proposed stipulations.  As per the Individual Motion Practices of Judge Seybert, the pre-trial order shall include "any stipulations or agreed statements of fact or law which have been agreed to by all parties."  Proposed stipulations do not fall into this category.

Plaintiffs reserve the right to utilize any and all exhibits identified in the Defendants' Exhibit List.

Plaintiffs reserve the right to utilize any and all designated deposition testimony listed by the defendants, as well as, any and all trial testimony from the plaintiffs' criminal trial subject to witness availability, the Federal Rules of Evidence, Rule 26 of Federal Rules of Civil Procedure and the pending rulings on *in limine* motions and objections.

Defendants reserve the right to utilize any and all exhibits identified in the Plaintiffs' Exhibit List.

Defendants reserve the right to utilize any and all designated deposition testimony listed by the Plaintiffs, as well as any and all trial testimony from the plaintiffs' criminal trial subject to witness availability, the Federal Rules of Evidence, Rule 26 of Federal Rules of Civil Procedure and the pending rulings on *in limine* motions and objections.

The parties agree that they may utilize on their case in chief or in rebuttal any exhibit introduced into evidence during the criminal trials not specified in the exhibit lists subject to a party's objection on grounds other than surprise or the failure to specifically designate the item as an exhibit.

Please also note, by agreement, the parties have given each other notice that Plaintiffs and Defendants have each reserved the right to use all deposition transcripts, *People v. Kogut* (1985) trial transcripts, *People v. Restivo & Halstead* (1986) trial transcripts, *People v. Kogut* (2005) trial transcripts, and *Kogut, et al. v. Nassau County, et al.* (2012) trial transcripts, for impeachment purposes, subject to any other objections.

## 8.  **Witness Lists:**

## **Plaintiffs' Witness List**:

*\*All addresses of defendants and NCPD witnesses are c/o defense counsel at Freeman, Nooter & Ginsberg, and all addresses of plaintiffs and plaintiffs' family members are c/o plaintiffs' counsel at Neufeld Scheck & Brustin.*

*\*\* Plaintiffs continue to work to narrow their presentation at this re-trial. In that spirit, Plaintiffs proposed a number of stipulations in lieu of testimony based on certain*

15

*witnesses' repeated testimony at the four prior trials related to this case, as noted; Defendants have refused to so stipulate. Furthermore, please note that based on the Court's rulings on the Motions* in Limine*, some witnesses listed here may become unnecessary.*

Defendants respond that Plaintiffs have proposed stipulations of trial testimony for 5 witnesses. A total of 68 witnesses appear on their liability witness list. To suggest that Defendants are hampering plaintiffs' ability to narrow their case is disingenuous. Plaintiffs have failed to indicate which witnesses testified in Kogut v. Cty. of Nassau (2012)

Plaintiffs reply that Plaintiffs proposed stipulations that would obviate the need for trial testimony from 10 witnesses, including Liora Ben-Sorek, Robert Biancavilla, Judge Edward McCarty, Theodore Robinson, Concetta Napoli, Lisa Kaplan Johnson, Rochelle Bernstein, Terry Melton, Monica Shah, and Michael O'Leary, and note that only 16 witnesses appear on Plaintiffs' Will Call witness list.

A. *Will Call*

**Wayne Birdsall, defendant**

Detective Birdsall will testify about his examination of the Restivo van for bodily fluid evidence on March 26, 1985, his reporting of his findings, his assisting Charles Fraas in processing the van for trace evidence, his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision as well as the NCPD's Scientific Investigation Bureau (SIB).

**Dr. Tamara Bloom**
Nassau County Medical Examiner's Office
2251 Hempstead Turnpike, Building R
East Meadow, NY 11554

Dr. Bloom is the chief medical examiner for the Nassau County Medical Examiner's Office and is expected to testify regarding the homicide and autopsy of Theresa Fusco. Dr. Bloom previously testified in People v. Kogut (2005).

**Russell Fischer**
11035 NW 28 Drive
Coral Springs, Florida 33065

Mr. Fischer will testify as an expert on police practices, consistent with his report.

Object based on FRE 402 and 403; see, D.E. 138, Response in Opposition re 134 Motion *in Limine* on the Scope of Police Practices Expert Testimony.

**Charles Fraas, defendant**

Former Det. Fraas will testify about his role in the Fusco investigation, specifically including his processing the Restivo van for trace evidence, the chain of custody of hair evidence, his microscopic comparison of hairs, his reporting of results, and his knowledge of NCPD and SIB practices, customs, policies, training and supervision.

**Dennis Halstead, plaintiff**

Mr. Halstead will testify regarding liability and damages.

**Max Houck**
P.O. Box 6250
Arlington, VA 22206

Dr. Houck will testify as an expert in forensic anthropology and forensic hair examination regarding postmortem hair banding, consistent with his report and testimony at the *Daubert/Kumho Tire* hearing.

Object based on FRE 402 and 403; see, D.E. 136, Response in Opposition re 133 Motion *in Limine* to Modify Daubert Ruling on Post-Mortem Root Banding Issue.

**Fred Klein, Esq.**
c/o Michael Sepe, Esq.
11 Clinton Avenue
Rockville Centre, N.Y. 11570

Mr. Klein was the trial prosecutor in the 1986 trials of plaintiffs. He will testify about whether he received certain information during those proceedings. Mr. Klein will also testify about his knowledge of *Brady* violations in the Lee case.

**Hon. Edward W. McCarty, III**
Nassau County Supreme Court
100 Supreme Court Drive
Mineola, NY 11501

Judge McCarty was a deputy district attorney for the Nassau County District Attorney's Office at the time that Mr. Halstead and Mr. Restivo were arrested and will testify about whether he received certain information during those proceedings as well as the preparation of eavesdropping warrants and supporting affidavits with defendant Volpe in 1985 prior to the empanelling of a grand jury. Plaintiffs proposed a stipulation in lieu of Judge McCarty's live testimony, however, Defendants refused to so stipulate.

**Nicholas Petraco**
73 Ireland Place
Suite 128

Amityville, NY 11701

Mr. Petraco will testify as an expert in forensic hair examination regarding postmortem hair banding and his observations and comparison of hair evidence as a prosecution witness in the underlying criminal proceedings, consistent with his report and testimony at the *Daubert/Kumho Tire* hearing.

Object based on FRE 402 and 403; see, D.E. 138, Response in Opposition re 133 Motion *in Limine* to Modify Daubert Ruling on Post-Mortem Root Banding Issue.

**John Restivo**, plaintiff

Mr. Restivo will testify as to liability and damages.

**Theodore Robinson, Esq.**
26 St. Paul's Place
Hempstead, NY 11501

Plaintiffs proposed a stipulation in lieu of Mr. Robinson's live testimony, and subject to the Court's rulings on Plaintiffs' Motions *in Limine*; however, Defendants refused to so stipulate. Mr. Robinson represented Mr. Restivo at his criminal trial and post-conviction proceedings and will testify that he was never made aware of the striped jeans/John French lead. If plaintiffs' motion *in limine* to preclude the introduction of evidence of statements made by John Restivo is not granted, he will also testify about the interrogation and arrest of Mr. Restivo for the rape and murder of Theresa Fusco, and the pre-trial, trial, and post-conviction proceedings that followed, and about his knowledge and documentation of the injuries Mr. Restivo suffered after his interrogation by the defendant officers.

**Frank Sirianni**, defendant*

Det. Sirianni will testify as to his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision. As he resides in Florida and his doctor represents that he is unable to fly, his testimony will be offered by way of videotaped deposition pursuant to Rule 32.

**Sean Spillane**, defendant

Former Lt. Spillane was the commanding officer of the NCPD's Homicide Bureau during the original Fusco investigation. He will testify as to his role in the Fusco investigation, his recommendation that defendant Volpe and officers Connaughton and Diehl receive a commendation for their work, and his knowledge of NCPD practices, customs, policies, training and supervision.

**Joseph Volpe**, defendant (deceased)*

18

Det. Volpe was the lead detective in the Fusco investigation.  His deposition was videotaped and will be offered pursuant to Rule 32.  He testified about his role in the Fusco investigation, as well as his knowledge of NCPD practices, customs, policies, training and supervision.

**Peter Weinstein, Esq.**
5301 Fountains Dr. South, Apt 603
Lake Worth, FL 33467

Mr. Weinstein was the Chief of the Appeals Bureau of the Nassau County District Attorney's Office during the post-conviction litigation of the underlying criminal case.  He will testify about whether he received certain information during those proceedings.

**Charlotte J. Word, Ph.D.**
P.O. Box 5207
Gaithersburg, MD 20882

Dr. Word is a DNA expert. She will testify about the forensic evidence and DNA results reported by various laboratories using various techniques, as per her expert report.

Object based on FRE 402 and 403; see, D.E. 135, Motion in Limine to Preclude Evidence re: Undisputed Favorable Termination Element and to Preclude DNA Testimony.

**Custodians of Records, as necessary**

B. *May Call*

**Thomas Allen**

Detective Allen will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

**Marcello Baez**
22 Park Place
Lynbrook, NY 11563

Mr. Baez is expected to testify regarding his discovery of the corpse of Theresa Fusco on December 5, 1984 and subsequent events. Mr. Baez previously testified in People v. Kogut (2005).

**Robert Baumann**
Suffolk County Crime Laboratory
Building 487
North County Complex
Veterans Highway
New City, NY 10956

19

Robert Baumann was a serologist for the Nassau County Medical Examiner's Office and will testify about forensic evidence obtained from Theresa Fusco's corpse. Mr. Baumann testified in *People v. Restivo & Halstead* (1986), *People v. Kogut* (1986) and *People v. Kogut* (2005).

**Rochelle Bernstein**
1414 Merrick Road
Lynbrook, NY 11563

Plaintiffs proposed a stipulation in lieu of Ms. Bernstein's live testimony; however, Defendants refused to so stipulate.   Ms. Bernstein is the owner of Hot Skates and will testify to Theresa Fusco's employment at Hot Skates, and the time she arrived and departed from work on November 10, 1984.

**Liora Ben-Sorek, Nassau County Attorney's Office**

Plaintiffs proposed a stipulation based on Ms. Ben-Sorek's affirmation in lieu of her live testimony; however, Defendants refused to so stipulate. Ms. Ben-Sorek is an attorney with the Nassau County Attorney's Office and former attorney for the Defendants. She will testify consistent with her affirmation (DE 53-1 (06-CV-6695)) that in 2007, the "French Documents" were among the NCPD files, but were not among the NCDA files.

Object based on FRE 402 and scope of knowledge.

**Robert Biancavilla**

Plaintiffs proposed a stipulation based on Defendants' Responses to Plaintiffs' Second Set of Requests for Admissions regarding Mr. Biancavilla's recollection of the "French Materials" in lieu of Mr. Biancavilla's live testimony; however, Defendants refused to so stipulate. Mr. Biancavilla will testify that, as the prosecutor assigned to the Theresa Fusco rape and murder in 2003, he never saw the French materials when he carefully reviewed the complete DA's file between 2003 and 2005.

**Elizabeth Cagan**
1893 Emma Lee Lane
Hanford, CA 93230

Elizabeth Cagan was a customer of Move-Rite Movers and will testify about a moving job performed on November 10, 1984 by Move-Rite Movers, the NCPD's interview of and display of photographs to her and her husband Steven, and her ultimate identification of the men who did the moving job.

**Steven Cagan**
739 Paseo Camarillo, Apt. 63
Camarillo, CA 93010

Steven Cagan was a customer of Move-Rite Movers and will testify about a moving job performed on November 10, 1984 by Move-Rite Movers, the NCPD's interview of and display of photographs to him and his wife Elizabeth.

**Anna Campbell**
2944 Lindale Street
Wantagh, New York 11975

Ms. Campbell was a neighbor of the Restivos on Doxsie Place in Lynbrook who will testify to having seen the blue van on blocks in November of 1984.

**Dorsha Campbell**
18203 Neff Rd
Cleveland OH 44119-2646

Mrs. Campbell will testify about Move-Rite's moving a piano into her house in Hempstead on or about November 24, 1984, and the police interview of her about that on or about April 3, 1985.

**Michael Cockerel**
316 Beach 63 St.
Queens, NY 11692

Michael Cockerel will testify as to John Restivo's whereabouts and activities on November 10, 1984, as well as his knowledge of the NCPD investigation.

**Kenneth Cockerel**
78 Union Avenue
Lynbrook, NY

Kenneth Cockerel will testify to the NCPD's coercive and suggestive interrogation of him in 1985, and his grand jury testimony, and his knowledge of the NCPD investigation.

**Michael Connaughton**

Officer Connaughton will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

**Carolann Davies**
Current address unknown

Propose to offer R/H trial testimony. Testified regarding Dennis Halstead conducting work on her house on November 10, 1984, his children arriving on bicycles, eating lunch, and leaving in the afternoon.

21

Object to offering trial testimony.  Plaintiffs have not proven unavailability under FRE
804.

**Debbie DeCarlo**
1504 White Hall Dr. #103
Davie, FL 33324

Ms. DeCarlo will testify about the theft of her license plates in 1984; those plates being
found on John French's car when the car was recovered after being stolen the night of Theresa
Fusco's disappearance; and the subsequent NCPD investigation of the possible links between the
theft of her plates and Fusco homicide.

**Thomas DeCrascenzo**
Current address unknown

Propose to read TT of R/H trial, regarding a 15-20 minute phone call he received at 8:10
p.m. on November 10, 1984, and conversation with John Restivo and Michael Cockerel. Alibi
witness.

Object to offering trial testimony.  Plaintiffs have not proven unavailability under FRE
804.

**Peter DeForest**
P.O. Box 141
Ardsley, NY 10502-0141

Mr. DeForest will testify as an expert in forensic hair examination regarding postmortem
hair banding and his observations and comparison of hair evidence as a defense witness in the
underlying criminal proceedings, consistent with his report and testimony at the *Daubert/Kumho
Tire* hearing.

Object based on FRE 402 and 403; see, D.E. 138, Response in Opposition re 133 Motion
*in Limine* to Modify Daubert Ruling on Post-Mortem Root Banding Issue.

**Robert Dempsey, defendant**

Det. Dempsey will testify about his role in the Fusco investigation, and his knowledge of
NCPD practices, customs, policies, training and supervision.

**William Diehl**

Officer Diehl will testify about his role in the Fusco investigation and his knowledge of
NCPD practices, customs, policies, training and supervision.

**Vincent Donnelly**

22

Det. Donnelly will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

**Robert Edwards**

Sgt. Edwards will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

**Dennis Farrell, former NCPD Det. Lt.**

Former Det. Lt. Farrell will testify about his role overseeing the NCPD's "reinvestigation" and "blind-eye" investigation of the Fusco homicide and his knowledge of NCPD practices, customs, policies, training and supervision.

Defendants object based on FRE 402.

**Arthur Fleishman**
Address unknown

Mr. Fleishman testified as a defense witness at the criminal trial of Mr. Halstead and Mr. Restivo.  He is likely to have discoverable information related to the reputation of Brian O'Hanlon.

**John French**
224 Rolling Street
Malverne, NY 11565

Mr. French will testify about the theft of his car on the night that Theresa Fusco disappeared; the condition, location and contents of the car when it was recovered (including striped girls' jeans); and NCPD investigation of the possible links between the theft of the car and the Fusco homicide, as per his deposition.

**Lori French Gabberty**
2426 Wood Avenue
Bellmore, NY 11710

Mrs. Gabberty will testify about the theft of her brother's car on the night that Theresa Fusco disappeared; the condition, location and contents of the car (including striped girls' jeans) when it was located; and NCPD investigation of the possible links between the theft of the car and the Fusco homicide, as per her deposition.

**Frederick Goldman, NCPD Det.**

Defendants object based on FRE 402.

**Thomas Gilhooley**

Current address unknown

Offer TT in lieu of live testimony; was Theresa Fusco's boss at Hot Skates. Testimony about her dismissal and exit from Hot Skates on November 10, 1984.

Object to offering trial testimony. Plaintiffs have not proven unavailability under FRE 804.

**Jason Halstead**, c/o NSB

Jason is the son of plaintiff Dennis Halstead and will testify about Dennis Halstead's whereabouts on November 10, 1984 and damages.

**Robert Hillman, NCPD Det.**

Defendants object based on FRE 402.

**Lisa Kaplan Johnson**
12 Summerfield Drive
Holtsville, NY 11742

Plaintiffs proposed a stipulation based on Ms. Kaplan Johnson's repeated prior trial testimony in lieu of her live testimony; however, Defendants refused to so stipulate. Ms. Johnson was Theresa Fusco's best friend and will testify about Theresa Fusco's activities and plans on November 10, 1984, and her knowledge of Miss Fusco's lack of sexual activity.

**Leo Klein**
273 Lexington Ave.
West Babylon, NY 11704

Leo Klein will testify about his misdating a receipt for equipment rented by John Restivo on November 10, 1984, his correction of that receipt, and the NCPD's questioning of him. He testified at the Restivo/Halstead trial in 1986.

**Lucille Klein, aka Roxanne Pizzolo**
5165 Merrick Road
Massapequa Park, NY 11762-3728

Mrs. Klein was the wife of Leo Klein, who testified during the criminal trial of Mr. Halstead and Mr. Restivo, and is likely to have discoverable information related to coercive conduct by NCPD defendants in questioning her husband.

**Albert Martino, defendant**

Det. Martino will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

Defendants have been informed that Detective Martino is unavailable for testimony due to illness.

**Dr. Terry Melton**
Mitotyping Technologies, LLC
2565 Park Center Blvd.
Suite 200
State College, PA 16801

Plaintiffs proposed a stipulation based on Defendants' April 9, 2012 Report from Dr. Melton in lieu of Dr. Melton's live testimony; however, Defendants refused to so stipulate. Dr. Melton is expected to testify as an expert regarding the DNA analysis of a sample of Theresa Fusco's hairs and two hair samples recovered from John Restivo's blue Econoline van.

**Frank Meyers, deceased***

Mr. Meyer was a former FBI agent and plaintiff John Restivo's uncle. His deposition was recorded on videotape and will be offered pursuant to Rule 32. He testified about seeing John Restivo's blue van in the driveway of Frida Restivo, on blocks, on Saturday evening, November 10, 1984.

**Deputy U.S. Marshal Michael Morpeau**
225 Cadman Plaza East (G-20)
Brooklyn, NY 11201

Mr. Morpeau is a Deputy United States Marshal based in the Eastern District of New York, who has discoverable information about his unsuccessful attempt to serve Kenneth Cockerel at 78 Union Avenue, Lynbrook, with a court-ordered order to show cause and deposition subpoena in this action.

Defendants object based on FRE 402.

**Concetta Napoli**
6 Windsor Place
Lynbrook, New York 11563

Plaintiffs proposed a stipulation based on Ms. Napoli's repeated prior testimony in lieu of her live testimony; however, Defendants refused to so stipulate. Ms. Napoli is the mother of Theresa Fusco and will testify about her daughter's last day, her clothing and accessories, and that she was a virgin. She was a witness at the criminal trials.

**Michael O'Leary**, former NCPD Det.

Det. O'Leary will testify about the "reinvestigation" of the Fusco case, his contacts with defendant Volpe, and his knowledge of NCPD practices, customs, policies, training and supervision.

Defendants object based on FRE 402.

**Brian O'Hanlon**
234 Ocean Ave., Lynbrook, NY 11563 or
116 Bedford Avenue, Merrick, NY 11566

Brian O'Hanlon testified as a witness in the 1986 Restivo/Halstead trial. He will testify about his role in the Fusco investigation, benefits he received for his testimony, and the NCPD conspiracy.

**Daniel Perrino, deceased**

Det. Perrino will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision. Plaintiffs reserve the right to offer any trial testimony of Det. Perrino.

Detective Perrino is deceased.

**Carl Pozzini**
75 Beatrice Ave.
West Islip, NY 11795

Mr. Pozzini was a fact witness at Mr. Halstead and Mr. Restivo=s criminal trial and will testify about his interactions with NCPD defendants who elicited false statements from him.

**David Rapp\***
417 Spring Avenue
Liberty, MO 64048

As he resides out of state, Mr. Rapp's sworn deposition testimony will be offered. His testimony is about NCPD defendants' coercive and suggestive interrogation of him, and statements they elicited from him.

Defendants object based on prior ruling of Court, pages 2200-2201 of trial transcript.

**Frida Restivo**, c/o NSB

Mrs. Restivo is plaintiff John Restivo's mother and will testify about his van being in her driveway on blocks on November 10, 1984, as well as damages.

**Monica Shah**, c/o NSB

26

Ms. Shah is a former fellow with Neufeld Scheck & Brustin, LLP, and former attorney for Dennis Halstead and John Restivo. She will testify about her search of the Nassau County District Attorney's files and the Nassau County Police Department files related to Theresa Fusco and/or John Restivo, Dennis Halstead, and John Kogut in 2007 and to her observation that the "French materials" were among the NCPD files, but were not among the NCDA files. Plaintiffs proposed Stipulation # D which would have covered the subject matter of Ms. Shah's testimony; however, Defendants refused to so stipulate.

Defendants object based on FRE 402.

**Jack Sharkey**

Det. Sharkey will testify about his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

**Harold Smyle**
460 Salisbury Park Drive, Apt. 1K
Westbury, New York 11590

Mr. Smyle was a witness at the 1986 Restivo/Halstead trial. He will testify about his knowledge of the operability of the Restivo blue van, his contact with NCPD defendants, and the coercive questioning that induced him to make false statements against Restivo.

**Mary Ann Rosino Vasquez**
48 Washington Avenue
Lynbrook, New York.

Ms. Vasquez will testify about seeing Theresa Fusco leave Hot Skates on November 10, 1984 and her interaction with NCPD officers.

**Anthony Walsh**
Current address unknown

Propose to offer TT from R/H trial. Was an NCCC inmate regarding Steven Dorfman and John Restivo. Testified for the Restivo defense as impeachment of Dorfman.

Object to offering trial testimony. Plaintiffs have not proven unavailability under FRE 804.

**Harry Waltman**, defendant

Det. Waltman will testify as to his role in the Fusco investigation and his knowledge of NCPD practices, customs, policies, training and supervision.

C. *Damages Witnesses*

**Frances Berry Doyle**
1342 Menard St.
Uniondale, NY 11553

Mrs. Doyle was Mr. Halstead's counselor prior to his arrest in the Fusco case.  She will testify as to damages.

Defendants object based on FRE 402; insufficient description of relevance.

**Dr. Elizabeth Ford**
200 E. 94th St. #808
New York, NY 10128

Dr. Ford is a psychiatrist will testify as an expert as to Dennis Halstead's damages.

**Dennis Halstead, plaintiff**

Mr. Halstead will testify regarding damages.

**Jason Halstead**, c/o NSB
**Heather Halstead**, c/o NSB
**Taylor Halstead**, c/o NSB
**Melissa Halstead Lullo**, c/o NSB

Jason, Heather, Taylor and Melissa Halstead are children of plaintiff Dennis Halstead and will testify about damages.

**Margaret Niedecker**, c/o NSB

Ms. Niedecker is married to John Restivo and will testify as a damages witness.

**Frida Restivo**, c/o NSB

Mrs. Restivo is plaintiff John Restivo's mother and will testify about damages.

**John Restivo, plaintiff**

Mr. Restivo will testify regarding damages.

**Dr. Steven Simring**
72 Churchill Rd.
Tenafly, NJ 07670

Dr. Simring is a forensic psychiatrist who will testify as to John Restivo's damages.

D.  *Monell and/or Punitive Damages Witnesses*

28

**Gregory Brock**
c/o New York State Department of Corrections

Mr. Brock will testify as to his role in the Joshua Chisolm homicide and that Robert Moore was not involved or present at that time.

Defendants object as Mr. Brock was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Jareau Carter**
Address Unknown

Mr. Carter will testify as to his role in the Jose Alberto Cruz homicide and that Jose Anibal Martinez was not involved or present at that time.

Defendants object as Mr. Carter was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**ADA Joseph Dompkowski**
c/o Nassau County District Attorney's Office
262 Old Country Road
Mineola, New York 11501

ADA Dompkowski will testify concerning the dismissal of the Robert Moore criminal complaint for the murder of Joshua Chisolm along with his knowledge of the false confession of Robert Moore.

Defendants object as ADA Dompkowski was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Retired Detective Frank Guidice**

Mr. Guidice will testify concerning his supervisory role within the Nassau County Police Department Homicide Bureau, its policies and procedures, and his knowledge of numerous false confessions in homicide cases.

Defendants object as Det. Guidice was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Shonnard Lee**
c/o Grandinette & Serio

29

Mr. Lee will testify about defendant Dempsey's coercing and fabrication of evidence in his homicide case, his subsequent complaints, lawsuit, and civil verdict.

Defendants object as Mr. Lee was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Silas Lee**
9 Jackson Place
Freeport, NY 11520

Mr. Lee will testify as to Shonnard Lee's whereabouts on the date and time of Sammy Jones' death and the subsequent events surrounding Shonnard's arrest and malicious prosecution in State and Federal Court.

Defendants object as Mr. Lee was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Dorothy Lee**
9 Jackson Place
Freeport, NY 11520

Ms. Lee will testify about her son Shonnard Lee's false arrest and malicious prosecution in State and Federal Court.

Defendants object as Mrs. Lee was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Dennis Lempke, Esq.**
114 Old Country Road
Mineola, NY 11501

Mr. Lempke will testify concerning the malicious prosecution of Shonnard Lee for the murder of Sammy Jones including the withholding of critical *Brady* material during Lee's criminal prosecution and his knowledge of other false confessions obtained by Nassau County Police Department, including Blair Gardner.

Defendants object as Mr. Lempke was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Regan Martin, Deceased**

Mr. Martin was an eyewitness to the homicide of Sammy Jones. His deposition was recorded on videotape and will be offered pursuant to Rule 32.

Defendants object as Mr. Martin was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Anibal Martinez**
c/o Grandinette & Serio

Mr. Martinez will testify as to the fabricaton of false evidence against him, including a false confession, by the Nassau County Police Department in a homicide prosecution of Jose Alberto Cruz and the events surrounding his criminal prosecution, dismissal of his charges, and subsequent civil action and settlement.

Defendants object as Mr. Martinez was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Honorable Judge James McCormack**
**262 Old Country Road**
**Mineola, New York 11501**

Judge McCormack will testify concerning facts related to the criminal prosecution of Douglas Smith for the homicide of Joshua Chisolm.

Defendants object as Judge McCormack was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Robert Moore**
c/o Grandinette & Serio

Mr. Moore is ill living out of state and is unavailable. Mr. Moore's deposition testimony will be offered regarding coercion and fabrication of a false homicide confession from him, the subsequent dismissal of all criminal charges against him, followed by his 1983 claim.

Defendants object as Mr. Moore was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Andre Myriee**
Address Unknown

Mr. Myriee will testify as to his role in the Joshua Chisolm homicide and that Robert Moore was not involved or present at that time.

Defendants object as Mr. Myriee was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**K. O'Donnell, Esq.**

Will testify concerning facts related to the criminal prosecution of Jareau Carter for the homicide of Alberto Cruz.

Defendants object as O'Donnell was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Robert Peck, Esq.**
107 Dogwood Lane
Manhasset, New York

Mr. Peck was Mr. Martinez's criminal attorney and Mr. Peck will testify concerning about his knowledge about the criminal prosecution of Mr. Martinez including the false confession created by the Nassau County Police Department and the subsequent prosecution of Jareau Carter, the true killer of Jose Alberto Cruz.

Defendants object as Mr. Peck was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**William Rost, Esq.**
33 Willis Avenue
Mineola, New York 11501

Mr. Rost will testify concerning facts related to the criminal prosecution of Gregory Brock for the homicide of Joshua Chisolm.

Defendants object as Mr. Rost was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Retired Detective Daniel Severin**

Mr. Severin will testify concerning the operation of the Homicide Bureau during his tenure within the bureau, his knowledge of the Jose Alberto Cruz murder investigation and prosecution, and his knowledge of other false confession cases within the Nassau County Police Department.

Defendants object as Detective Severin was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Douglas Smith**

Mr. Smith will testify as to his role in the Joshua Chisolm homicide and that Robert Moore was not involved or present at that time.

Defendants object as Mr. Smith's was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Detective Edwin Trujillo**

Detective Trujillo will testify concerning the homicide and prosecution related to the death of Jose Alberto Cruz.

Defendants object as Detective Trujillo was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**Henrietta Williams**
45 Rutland Road
Freeport, New York

Ms. Williams will testify concerning her eyewitness observations relative to the assault of Samuel Jones on February 10, 1997.

Defendants object as Ms. Williams was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**John Youngblood, Esq.**
New York County Defender Services
225 Broadway Suite 111
New York, New York 10007
(212)803-5160

Mr. Youngblood will testify his assignment to the Moore case from the New York Capital Defenders office and his knowledge about the case including the false confession of Robert Moore and subsequent dismissal of the charges.

Defendants object as Mr. Youngblood was never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of

time under FRE 403.

Additional witnesses TBA:

Defendants object to all "TBA" witnesses. Per Judge Seybert's Individual Motion Practices "only listed witnesses will be permitted to testify except when prompt notice has been give and good cause shown." Defendants also object as these "TBA" witnesses were never disclosed under FRCP 26(a), (b) or (e). In addition, defendants object to relevance under FRE 402 and prejudice, confusion and waste of time under FRE 403.

**TBA, Esq.**

Will testify concerning facts related to the criminal prosecution of Jareau Carter for the homicide of Alberto Cruz.

**TBA, Esq.**

Will testify concerning facts related to the criminal prosecution of Gregory Brock for the homicide of Joshua Chisolm

**TBA, Esq.**

Will testify concerning facts related to the criminal prosecution of Douglas Smith for the homicide of Joshua Chisolm

**TBA, Esq.**

Will testify concerning facts related to the criminal prosecution of Adrienne Hudgen for the homicide of Joshua Chisolm.

**<u>Defendants' Witness List</u>**:

**Retired Detective Thomas Allen**

Det. Allen is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide as well as patterns and practices of the Nassau County Police Department in 1984-1986. Det. Allen previously testified in the grand jury investigation regarding the Theresa Fusco homicide, in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Marcello Baez**
22 Park Place
Lynbrook, NY 11563

Mr. Baez is expected to testify regarding his discovery of the corpse of Theresa Fusco on December 5, 1984 and subsequent events. Mr. Baez previously testified in People v. Kogut (2005) and Kogut v. Cty. of Nassau (2012).

**Robert Baumann**
Suffolk County Crime Laboratory
Building 487
North County Complex
Veterans Highway
New City, NY 10956

Mr. Baumann was a serologist for the Nassau County Medical Examiner's Office and is expected to testify regarding forensic evidence obtained from Theresa Fusco's corpse and the autopsy of Theresa Fusco. Mr. Baumann previously testified in People v. Restivo (1986) and in People v. Kogut (2005).

**Police Officer Edward Beahr**

Edward Beahr was a police officer in the Nassau County Police Department in 1985 and is expected to testify regarding forensic evidence relevant to the investigation of the Theresa Fusco homicide as well as patterns and practices of the Nassau County Police Department in 1985. Mr. Beahr previously testified in People v. Restivo (1986) and in People v. Kogut (2005).

**Rochelle Bernstein**
Hot Skates
14 Merrick Road
Lynbrook, NY 11563

Rochelle Bernstein is the owner of Hot Skates roller rink located at 14 Merrick Road. Ms. Bernstein is expected to testify regarding Theresa Fusco's behavior prior to her disappearance on November 10, 1984 and the time and circumstances under which Ms. Fusco was fired and left Hot Skates on November 10, 1984. Ms. Bernstein previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

Plaintiffs object to Ms. Bernstein's testimony under FRE 401–402, and given its low probative value, as cumulative evidence, undue delay and a waste of time under FRE 403; the facts and circumstances regarding Ms. Fusco's leaving Hot Skates after punching out at 9:47 p.m. on November 10, 1984, are not in dispute.

**Detective Wayne Birdsall**

Detective Wayne Birdsall is a named defendant and is expected to testify is expected to testify regarding forensic evidence relevant to the investigation of the Theresa Fusco homicide as well as patterns and practices of the Nassau County Police Department in 1985. Det. Birdsall

previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Dr. Tamara Bloom**
Nassau County Medical Examiner's Office
2251 Hempstead Turnpike, Building R
East Meadow, NY 11554

Dr. Bloom is the chief medical examiner for the Nassau County Medical Examiner's Office and is expected to testify regarding the homicide and autopsy of Theresa Fusco. Dr. Bloom previously testified in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Police Officer Blumgrene, or Blomgren**

Officer Blumgrene was a Nassau County police officer in 1985 and is expected to testify regarding forensic evidence relevant to the investigation of the Theresa Fusco homicide as well as patterns and practices of the Nassau County Police Department in 1985.

**Elizabeth Cagan**
1893 Emma Lee Lane
Hanford, CA 93230

Elizabeth Cagan was a customer of Move-Rite Movers and is expected to testify regarding a moving job performed on November 10, 1984 by Move-Rite Movers.

Plaintiffs object to Ms. Cagan's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as cumulative evidence, undue delay and a waste of time under FRE 403.

**Steven Cagan**
739 Paseo Camarillo, Apt. 63
Camarillo, CA 93010

Steven Cagan was a customer of Move-Rite Movers and is expected to testify regarding a moving job performed on November 10, 1984 by Move-Rite Movers.

Plaintiffs object to Mr. Cagan's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as cumulative evidence, undue delay and a waste of time, under FRE 403.

**Dorsha Campbell**
18203 Neff Rd
Cleveland OH 44119-2646

Dorsha Campbell was a customer of Move-Rite Movers and is expected to testify regarding a moving job performed on November 24, 1984 by Move-Rite Movers.

Plaintiffs object to Ms. Campbell's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as cumulative evidence, undue delay and a waste of time, under FRE 403.

**Detective Jay Caputo**

Detective Caputo is expected to testify regarding the process of photographing a crime scene and his role in processing the crime scene of Theresa Fusco's homicide.

**Kenneth Cockerel**
79 Union Avenue
Lynbrook, NY 11563

Kenneth Cockerel is expected to testify regarding an admission made by John Restivo. Mr. Cockerel previously testified in the grand jury proceeding of People v. John Doe Investigation (1985) and in Kogut v. Cty. of Nassau (2012).

**Michael Cockerel**
316 Beach 63 St.
Queens, NY 11692

Michael Cockerel was an associate of the plaintiffs, an employee of John Restivo's and is expected to testify regarding admissions from John Restivo and Dennis Halstead regarding the homicide of Theresa Fusco, being assaulted by Charles Restivo and being intimidated by Rick Arden and the friends and family of John Restivo. Mr. Cockerel previously testified in the grand jury investigation regarding Theresa Fusco's homicide and in People v. Restivo (1986).

**Police Officer Michael Connaughton**

Officer Connaugton is is expected to testify regarding the investigation of the Theresa Fusco homicide and patterns and practices of the Nassau County Police Department in 1985. Mr. Connaughton previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Police Officer Ronald Crowe**

Officer Crowe was a Nassau County police officer in 1985 and is expected to testify regarding forensic evidence relevant to the investigation of the Theresa Fusco homicide as well as patterns and practices of the Nassau County Police Department in 1985.

**Carol Davies**
*Address unknown*

37

Carol Davies was a customer of Dennis Halstead's aluminum siding business and is expected to testify regarding Dennis Halstead and John Kogut's behavior while they were working on her home in November of 1984. Ms. Davies previously testified in People v. Restivo (1986).

Plaintiffs object to Ms. Davies' testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as cumulative evidence, undue delay and a waste of time, under FRE 403.

**Thomas DeCrescenzo**
4 E. Evans Avenue
Bay Park, NY 11518

Thomas DeCrescenzo is expected to testify regarding a telephone conversation he had with John Restivo on November 10, 1984. Mr. DeCrescenzo previously testified in People v. Restivo (1986) and Kogut v. Cty. of Nassau (2012).

**Detective Robert Dempsey**

Detective Robert Dempsey is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide and patterns and practices of the Nassau County Police Department in 1985. Det. Dempsey previously testified in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Police Officer William Diehl**

Officer Diehl is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide and patterns and practices of the Nassau County Police Department in 1985. Mr. Diehl previously testified in People v. Restivo (1986).

**Detective Sergeant Robert Edwards**

Detective Sergeant Edwards is expected to testify regarding the investigation of the Theresa Fusco homicide and patterns and practices of the Nassau County Police Department in 1985. Det. Sgt. Edwards previously testified in People v. Restivo (1986), in People v. Kogut (2005).

**Detective Charles Fraas**

Detective Fraas is a named defendant and is expected to testify regarding investigation of the Theresa Fusco homicide and patterns and practices of the Nassau County Police Department in 1985. Det. Fraas previously testified in the grand jury investigation regarding the Theresa Fusco homicide, in People v. Restivo (1986), in People v. Kogut (1986) and in People v. Kogut (2005).

**John French**
364 Vincent Avenue
Lynbrook, NY 11563

John French is expected to testify regarding the theft of his 1971 Oldsmobile in December of 1984, subsequent retrieval of his stolen car, his interaction with the Lynbrook Police Department in connection with the stolen vehicle and his interactions with the Nassau County Police Department in connection with the Theresa Fusco homicide investigation.

**Lori Gabberty**
2526 Wood Avenue
Bellmore, NY 11710

Lori Gabberty is expected to testify regarding her assisting her brother in locating his stolen vehicle, the discovery of blue jeans in the stolen vehicle and her interactions with the Nassau County Police Department in connection with the Theresa Fusco homicide investigation.

**Howard Garcia**
587 Scranton Avenue
Lynbrook, NY 11563

Howard Garcia is expected to testify regarding the discovery of Theresa Fusco' corpse on December 5, 1984 and his reporting the discovery to the police department.

**Thomas Gilhooley**

Thomas Gilhooley was as assistant manager at Hot Skates roller rink in November 1984 and is expected to testify regarding Theresa Fusco's behavior in 1984 and the time and circumstances during Ms. Fusco was fired and left Hot Skates on November 10, 1984. Mr. Gilhooley previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Dennis Halstead**

Mr. Halstead is a plaintiff in this action and is expected to testify as to liability and damages.

**Thomas Hennenlotter**
42 Oakland Ave.
Lynbrook, NY 11563

Thomas Henenlotter was an associate of the plaintiffs and is expecting to testify regarding Rick Arden's attempt to alter a statement that Mr. Henenlotter had given to him and the operability of the blue Ford Econoline van in December of 1984.

Plaintiffs object to Mr. Henenlotter's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as causing undue delay, waste of time, confusion of the issues, and more prejudicial than probative under FRE 403.

**Lisa Johnson**
12 Summerfield Drive
Holtsville, NY 11742

Lisa Johnson was Theresa Fusco's best friend and is expected to tesify regarding the jewelry and clothing last worn by Theresa Fusco and her behavior in 1984.  Mrs. Johnson previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Leo Klein**
273 Lexington Ave.
West Babylon, NY 11704

Leo Klein was the vice-president of Prez Tool Rental, Inc. in 1985 and is expected to testify regarding attempts by John Restivo and Rick Arden to alter dates on receipts for the purchase and rental of tools and materials.  Mr. Klein previously testified in the grand jury investigation regarding Theresa Fusco's homicide and in People v. Restivo (1986).

**Fred Klein**
c/o Michael Sepe, Esq.
11 Clinton Avenue
Rockville Centre, NY 11570

Mr. Klein was the trial prosecutor in People v. Kogut (1986) and People v. Restivo and Halstead (1986).  Mr. Klein is expected to testify regarding his prosecutions of these actions, subsequent post-conviction proceedings involving John Kogut, Dennis Halstead and John Restivo and patterns and practices of the Nassau County District Attorney's Office during his career as a NCDA.  Mr. Klein previously testified in Kogut v. Cty. of Nassau (2012).

**Kimberly Beyer Kruse**
1111 West Summit Place
Chandler, Arizona 85224

Mrs. Kruse is expected to testify regarding visiting Mr. Halstead's apartment when she was a teen-age girl and what occurred in those visits to his apartment.

Plaintiffs object to Mrs. Kruse's testimony as irrelevant under FRE 401 – 402, and as more prejudicial than probative, a waste of time, and confusion of the issues under FRE 403; the fact that teenage girls visited Mr. Halstead's apartment is not in dispute.

**Honorable Edward McCarty**
Nassau County Supreme Court

100 Supreme Court Drive
Mineola, NY 11501

Hon. Edward McCarty was the Nassau County Assistant District Attorney originally assigned subsequent to the arrests of John Kogut, John Restivo and Dennis Halstead and is expected to testify regarding the prosecutions against John Restivo, John Kogut and Dennis Halstead and the patterns and practices of the Nassau County District Attorney's Office during 1985.

**Concetta Napoli**
6 Windsor Pl.
Lynbrook, NY 11563

Concetta Napoli is the mother of Theresa Fusco and is expected to testify regarding her daughter's behavior in 1984, her daughter's clothing and jewelry and her daughter's plans for the weekend of November 10, 1984. Ms. Napoli previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**Regina Fuhrmann Nezmoudeen**
2811 Riverside Drive
Wantagh, NY 11793

Mrs. Nezmoudeen is expected to testify regarding visiting Mr. Halstead's apartment when she was a teen-age girl and what occurred in those visits to his apartment.

Plaintiffs object to Mrs. Nezmoudeen's testimony as irrelevant under FRE 401 – 402, and more prejudicial than probative under FRE 403; the fact that teenage girls visited Mr. Halstead's apartment is not in dispute. In addition, Plaintiffs object that Ms. Nezmoudeen's testimony is irrelevant to probable cause. *See* D.E. 132.

**Lieutenant John Overs**
Lynbrook Police Department
1 Columbus Drive
Lynbrook, NY 11563

Lieutenant John Overs was a sergeant in the Lynbrook police department in 1984 and is expected to testify regarding his response to the call informing the Lynbrook police of the discovery of Theresa Fusco's corpse. Lt. Overs previously testified in People v. Restivo (1986), in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

**James Pearson**
*Address Unknown*

James Pearson was the boyfriend of Debra Smith in 1984 and 1985 and is expected to testify regarding Ms. Smith's statements to Nassau County police detectives.

Plaintiffs object to Mr. Pearson's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as a waste of time, confusion of the issues, and more prejudicial than probative, under FRE 403.

**Honorable George R. Peck**
Nassau County Court
262 Old Country Road
Mineola, NY 11501

Judge Peck was a Nassau County Assistant District Attorney in 1985 and is expected to testify regarding John Kogut's videotaped confession on March 26, 1985. Judge Peck testified in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012).

Plaintiffs object that Judge Peck's testimony is irrelevant, under FRE 401 – 402, and would cause undue delay, confusion of the issues, waste of time, and undue prejudice, as it relates only to the Kogut confession.

**John Restivo**

John Restivo is a plaintiff in this action and is expected to testify as to liability and damages.

**Cheryl Schneider**
6327 Critten Road
Hornell, NY 14843

Cheryl Schneider is the sister of Donna Schneider, Charles Restivo's girlfriend in 1985-1986. Ms. Schneider was also an associate of the plaintiffs and lived in John Restivo's blue Ford Econoline van while she was homeless. Ms. Schenider is likely to have discoverable information regarding Dennis Halstead threatening her for sexual relations, John Kogut forcibly engaging in sexual contact with her and drug use by the plaintiffs, all before their incarcerations. Ms. Schneider testified at the grand jury investigation of the Theresa Fusco homicide

Plaintiffs object to Ms. Schneider's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as a waste of time, confusion of the issues, and more prejudicial than probative, under FRE 403; and as inadmissible character evidence under FRE 404

**Detective Jack Sharkey**

Detective Sharkey is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide and the patterns and practices of the Nassau County Police Department in 1985. Detective Sharkey previously testified in Kogut v. Cty. of Nassau (2012).

**Detective Frank Sirianni** (by deposition designation-unable to travel)

Detective Sirianni is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide and the patterns and practices of the Nassau County Police Department in 1985.  Det. Sirianni previously testified in People v. Kogut (1986), in People v. Kogut (2005) and in Kogut v. Cty. of Nassau (2012) (by deposition testimony).

Plaintiffs object to the Sirianni designations; see below.

**Debra Smith**
1485 Front Street, #33
East Meadow, NY 11554

Ms. Smith is expected to testify regarding the vehicle she viewed near the Lynbrook train station and her subsequent interactions with the Nassau County Police Department.

Plaintiffs object to Ms. Smith's testimony on the grounds of relevance, FRE 401 – 402, and that given its lack of probative value, as a waste of time, confusion of the issues, and more prejudicial than probative, under FRE 403.

**Harold Smyle**
460 Salisbury Park Drive
Building 1, Apt 1K
Westbury, NY 11590

Mr. Smyle is expected to testify regarding admissions made by John Restivo regarding the homicide of Theresa Fusco and his interactions with the Nassau County Police Department.  Mr. Smyle previously testified in the grand jury investigation of the homicide of Theresa Fusco, in People v. Restivo (1986) and in Kogut v. Cty. of Nassau (2012).

**Detective Lieutenant Shaun Spillane**

Detective Lieutenant Spillane is a named defendant and is expected to testify regarding the investigation of the Theresa Fusco homicide and the patterns and practices of the Nassau County Police Department in 1985.  Detective Lieutenant Spillane previously testified in Kogut v. Cty. of Nassau (2012).

**Eileen Tosner**
*Address Unknown*

Eileen Tosner was a friend of Theresa Fusco's and is likely to have discoverable information regarding a conversation she had with Harold Smyle on January 20, 1985 regarding the Theresa Fusco homicide.

**Andrew Tursi**
21 Park Place

Lynbrook, NY 11563

Andrew Tursi is expected to testify regarding his discovery of the corpse of Theresa Fusco on December 5, 1984.  Mr. Tursi previously testified in People v. Restivo (1986) and in People v. Kogut (1986).

**Detective Joseph Volpe** (by deposition designation-deceased)

Detective Volpe is a named defendant and was the lead detective assigned to the Theresa Fusco homicide. Det. Volpe previously testified in the grand jury investigation of the Theresa Fusco homicide, in People v. Kogut (1986), in People v. Kogut (2005), and in Kogut v. Cty. of Nassau (2012) (by deposition testimony).

Plaintiffs object to specific designations; see below.

**Detective Harry Waltman**

Detective Waltman is expected to testify regarding the investigation of the Theresa Fusco homicide and the patterns and practices of the Nassau County Police Department in 1984-1986. Det. Waltman testified in People v. Restivo (1986), People v. Kogut (1986) and People v. Kogut (2005).

**Detective Michael Walsh**

Detective Walsh is expected to testify regarding the investigation of the Theresa Fusco homicide patterns and practices of the Nassau County Police Department in 1984-1986. Detective Walsh previously testified in Kogut v. Cty. of Nassau (2012).

**Dr. Cyril Wecht**
1119 Penn Ave.
Suite 404
Pittsburgh, PA 15222

Dr. Wecht is a forensic pathologist, who will provide expert testimony on the issue of the post-mortem root banding and opine that post-mortem root banding cannot be testified about to a reasonable degree of scientific certainty. This witness is being offered in response to Plaintiffs' Motion to Modify Daubert on Root Banding Issue.

Plaintiffs object to Dr. Wecht's testimony. Defendants did not disclose Dr. Wecht as an expert as required by FRCP 37(c), and still have not disclosed any expert report of Dr. Wecht. *See* D.E. 143 at 7-9.

**Peter Weinstein, Esq.**
10 West Broadway
Apt. 3D
Long Beach, NY 11561

Peter Weinstein was the Chief of the Appeals Bureau of the Nassau County District Attorney's Office and is likely to have discoverable information regarding the post-conviction litigation of the plaintiffs.

9. **Rule 32 Designations and Objections:**

**Deposition Designations for Plaintiffs:**

Plaintiffs designate the following deposition testimony, subject to redaction pending rulings on *in limine* motions and objections, and in conformity with the Court's prior rulings excluding reference to Kelly Morrissey and to John Kogut's false confession. Plaintiffs reserve the right to propose line by line objections to Defendants' cross-designations after the Court issues rulings on the motions *in limine*.

Frank Meyers deposition (videotaped, deceased):
 Direct: 7:1-33:2
 Cross: 42:21-44:21, 52:12-15, 64:18-65:17

 Cross-Designation: 33:3-70:23

David Rapp deposition (Resides in Missouri):

 Direct: 4:5-16, 4:24-11:3, 11:8-23:19, 24:10-26:21, 27:9-31:6, 31:16-32:4, 32:17-34:19, 35:13-41:22

 Defendants object to the designation of deposition testimony of David Rapp based on the prior ruling of the Court at pages 2200-2201 of the trial transcript. However, if the Court allows the designation of deposition testimony of David Rapp, Defendants cross-designate the following:

 Direct: 4:12-16, 4:24-11:3, 11:7-41:22
 Cross: 42:7-52:9, 52:21,25-60:7, 61:22-70.4, 78:23-122:10, 124:5-138:20, 139:23-141:19, 142:1-144:24, 167:0-210:9.

Defendant Joseph Volpe (deceased):

Defendants reserve their right to make objections to deposition designations of Joseph Volpe until after the Court makes rulings on motions in limine.

 1st dep. Videotaped (1/26/09): 25:16–29:10, 31:18–32:4, 34:10–17, 36:18–25, 42:13–16, 43:18–44:2, 49:24–50:9, 53:2–6, 54:3–5, 71:5–72:3, 73:3–20 ,75:20–76:5.

2nd dep. Videotaped (3/5/09): 91:14–20, 94:3–12, 108:16–24, 109:19–110:6, 134:20–135:8, 157:5–158:3.

3rd dep. Videotaped (3/18/09): 168:15–170:4, 170:8–172:11, 176:15–177:4, 179:4–24, 181:12–16, 184:3–9, 199:19–200:12, 201:5–205:2, 207:2–208:16, 208:25–209:11, 212:23–218:18, 219:7–221:24, 223:7–225:25.

4th dep. Videotaped (4/6/09): 236:13–237:25, 240:17–241:20, 241:24–242:14, 242:21–243:2, 244:2–250:22, 251:17–252:8, 252:17–253:11, 281:23–282:9, 283:6–286:4, 287:2–25, 288:16–289:8, 296:24–297:17, 299:4–8, 299:17–21, 303:18–305:6, 306:7–13.

5th dep. Videotaped (5/4/09): 332:13–25, 347:7–14, 354:20–355:5, 355:19–356:20, 359:7–24, 361:12–22, 364:4–9, 365:17–366:4, 366:13–25, 377:16–22, 380:11–392:16.

6th dep. Videotaped (11/24/09): 472:8–22, 441:4–9, 441:22–442:12.

7th dep. Videotaped (12/2/09): 13:3–9, 13:20–14:16, 18:22–19:13, 20:12–21:2, 24:11–25, 25:15–27:14,  29:7–31:16, 37:8–12, 38:8–23, 45:22–46:19, 51:18–52:11, 64:9–65:13, 94:16–95:2, 96:12–98:3, 100:21–101:24, 110:19–111:6.

8th dep. Videotaped (11/19/10): 146:20–147:2, 150:9–20, 154:17–155:8, 155:25–156:6, 161:6–18, 163:4–10, 252:6–254:9, 272:2–275:25, 276:2–6.

Defendant Frank Sirianni (out of state, medical condition prevents travel):

Defendants reserve their right to make objections to deposition designations of Frank Sirianni until after the Court makes rulings on motions in limine.

1st dep. Videotaped (6/15/10): 12:14–18, 13:9–14:16, 15:24–17:4. 20:17–21:25, 22:10–23:22, 24:18–25:2, 28:15–29:18, 30:18–31:11, 33:17–34:15, 38:10–17, 41:22–42:11, 44:2–47:20, 48:1–9, 49:20–53:15, 54:15–56:11, 58:18–59:11, 61:16–62:22, 63:16–64:19, 65:2–22, 65:23–74:4, 75:12–25*, 80:23–81:4, 86:24–88:3, 89:23–90:21*, 91:15–92:3*, 92:6–93:5, 107:25–108:24, 111:3–115:9, 117:25–119:16, 120:4–121:7, 122:18–123:8, 174:24–175:9.

2nd dep. Videotaped (12/13-14/11): 301:5–16, 401:15–24, 403:7–10, 403:23–404:20, 408:7–410:5, 411:2–421:18, 429:20–431:3, 432:16–434:24, 438:10–439:2, 473:6–21.

*Segments to be redacted to conform to the Court's ruling on the exclusion of reference to Kelly Morrissey and subject to the Court's rulings on Plaintiffs' Motion *in Limine*.

**Deposition Designations for Defendants**:

46

Defendants designate the following deposition testimony, subject to pending rulings on *in limine* motions and objections. For example, should the Court rule that all deposition testimony regarding the Kogut confession is inadmissible, these designation will be amended consistent with the Court's ruling.

Defendant Frank Sirriani depositions (videotaped, out of state, medical condition prevents travel):

Cornwall: 12:14-17:2; 19:4-165: 1; 390: 15- 439:9; 439:19-442:24
Grandinette 165: 4- 267: 2;
Freeman: 277: 19-382:18; 476:12-482:11
Casteleiro: 443:6-476: 3

Plaintiffs renew all objections raised during this deposition, as stated on the record during the deposition. Additionally, plaintiffs object to all hearsay, and discussion of all matters previously objected to in our motions in limine, including but not limited to evidence of the Kogut confession, Restivo statement, polygraph examinations, prior bad acts by plaintiffs or their witnesses, and the disappearance of Kelly Morrissey. Proposed designations regarding such material include but are not limited to 306:7-308:12 (polygraph of Harry Smyle); 316:6-11 (Kelly Morrissey); 323:13-25(Kelly Morrissey); 326:8-30:3 (polygraph); 348:19-49:23 (hearsay (Joann told something to Linda Smyle, who told to police; prior bad acts (John with guns); 374:1-4 (polygraph);478:9-80:12 (hearsay).

Plaintiffs reserve the right to propose line by line objections to Defendants' designations after the Court issues rulings on the motions *in limine*.

Defendant Joseph Volpe (videotaped, deceased):

1st dep. Videotaped (1/26/09):
    Grandinette: 10: 2-79:20

2nd dep. (3/5/09):
    Grandinette: 89:8-158:3

3rd dep. Videotaped (3/18/09):
    Scheck: 167:21-225:16

4th dep. Videotaped (4/6/09):
    Scheck: 236: 13-308:6

5th dep. Videotaped (5/4/09):
    Grandinette: 317:23-394:18

6th dep. (11/24/09):
    Cornwall: 413:13-487:16

7th dep. Videotaped (12/2/09):

<u>Grandinette</u>: 6:16-7:22; 8:1; 9:5-53:10, 14-25; 55:8-135:20

<u>8th dep. Videotaped (11/19/10)</u>:
<u>Grandinette</u>: 146:3-266:4
<u>Freeman</u>: 266: 13-276:6


Plaintiffs renew all objections raised during this deposition, as stated on the record during the deposition. Additionally, plaintiffs object to all hearsay, and discussion of all matters previously objected to in our motions in limine, including but not limited to evidence of the Kogut confession, Restivo statement, polygraph examinations, bad acts by plaintiffs or their witnesses, and the disappearance Kelly Morrissey. Proposed designations regarding such material include but are not limited to 275:6-14 (hearsay, being offered for truth of matter asserted).

Plaintiffs reserve the right to propose line by line objections to Defendants' designations after the Court issues rulings on the motions *in limine*.


**10. <u>Exhibits and Objections</u>:**

***Please note, by agreement, the parties have only listed exhibits to be used in the liability phase of this trial, reserving the designation of damages exhibits to a later date.***

**<u>Plaintiffs' Exhibits</u>:\***

*\*Denotes exhibits to be redacted or cut consistent with rulings on Plaintiffs'* in limine *motions and stipulations*; Plaintiffs do not waive objections to any exhibits on this list and reserve the right to offer any exhibit listed on Defendants' exhibit list. Exhibits in strikeout indicate documents identified as deposition exhibits but not offered as trial exhibits.

Plaintiffs reserve the right to identify rebuttal and/or impeachment exhibits.

**Plaintiffs request that Defendants make all original exhibits and physical evidence from the underlying criminal trials, and police documents, in their possession available for use at trial.**

As previously discussed with plaintiffs' counsel, hair evidence must be requested in advance from the Nassau County Police Department.

Defendants object to the admission of all trial testimony from John Kogut's criminal trials in 1986 and 2005.

Plaintiffs may not insert additional exhibits as exhibit numbers marked "intentionally blank."

Defendants make the following objections based on the witness list provided by Plaintiffs and may amend any objection or stipulation if a witness does not testify.  Defendants also reserve the right to amend any objection or stipulation based on *in limine* rulings by the Court.

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| 1 | Fraas Report | X | | | |
| 2 | 3/26/1985 Blotter | X | | | |
| 3 | Fraas transcript, 1986 Restivo/Halstead criminal trial | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 4 | Fraas transcript, 2005 Kogut criminal retrial | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 5 | Fraas transcript, 1986 Kogut criminal trial | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 6 | Fraas Employee Work Record | X | | | |
| 7 | Binder of Diehl documents | X | | | |
| 8-9 | [INTENTIONALLY BLANK] | | | | |
| 10 | Allen interview: Connie Napoli | X | | | |
| 11 | Dennis Halstead Lead Sheet | X | | | |
| 12 | [INTENTIONALLY BLANK] | | | | |
| 13 | 5/4/85 Statement: David Rapp, by Volpe/Allen | | FRE 802; FRE 402 | | |
| 14 | 4/19/85 Statement: Kenneth Cockerel | X | | | |
| 14A | 4/19/85 Statement: Kenneth Cockerel | X | | | |
| 15 | 4/19/85 Form 79: Kenneth Cockerel | X | | | |
| 16 | 1985 Restivo/Halstead Grand Jury Testimony: Thomas Allen | X | | | |
| 17 | [INTENTIONALLY BLANK] | | | | |
| 18 | NCPD General Guidelines for Taking Statements (NCPD000149-153) | | FRE 802; FRE 402 | | |
| 19-28 | [INTENTIONALLY BLANK] | | | | |
| 29 | Crime Scene Roll Call | X | | | |
| 30 | Lead Sheet: Donna Irving | | FRE 402 | | |
| 31 | Statement: Carl Pozzini | | FRE 402; FRE 802 | | |
| 32 | [INTENTIONALLY BLANK] | | | | |
| 33 | Interview: Paul Lampasona | | FRE 402; FRE 802 | | |
| 34 | Lead Sheet: Brian Skellington | | FRE 402; FRE 802 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 35-43 | [INTENTIONALLY BLANK] | | | | |
| 44 | Overs, Tursi, & Baez statements (Kogut 2005 Retrial Rosario #43, #36, #41) | X | | | |
| 45 | Crime Scene Photograph | Stipulate if identified by crime scene photo number | | | |
| 46 | missing person's report 11/11/84 filed by Connie Napoli | X | | | |
| 47 | Volpe DD report 11/25/94 [formerly 45A] | | FRE 402 | | |
| 48 | map of Lynbrook | X | | | |
| 49 | crime scene photo log and all photographs identified (JK '86 Trial Exs. 49-1 to 49-129)<br><br>49-11 (Overs 9/20)<br><br>49-39 jean jacket frt (LK 9/27)<br>49-40 jean jacket back (9/27)<br><br>49-123 (CN 9/25)<br>49-126 (CN 9/25)<br>49-128 (CN 9/25) half heart | Stipulate if identified by crime scene photo number | Object to photo log as this exhibit does not display the full pages of the crime scene photo log | | |
| 50 | photos - examples of property recovered | | Object as these photos are a collage of crime scene photos taken at different locations at different times. The crime scene photos should be used. | | |
| 51 | photos of Theresa Fusco at crime scene (3 pages) | | Object as these photos are a collage of crime scene photos taken at different locations at different times. The crime scene photos should be used. | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| 52 | SIB receipts, property from crime scene (3 pages 12/6/84, #1, 2 & 4) | X | | | |
| 53 | [INTENTIONALLY BLANK] | | | | |
| 54 | 12/5/84 Fusco death report by Dr. Green | X | | | |
| 55 | Fusco SIB receipt: blood & hair | X | | | |
| 56 | autopsy report (NC017513-NC017525) | X | | | |
| 57 | [INTENTIONALLY BLANK] | | | | |
| 58 | interview notes Lisa Kaplan, typed by Volpe, lead sheets, Alger/Sharkey interview notes (Kogut 2005 retrial  Rosario #14, 11, 12, 10, 13) | X | | | |
| 59& 59A | 12/7/84 Teletype alarm sheets re Fusco jewelry, clothes | X | | | |
| 60 | typed notes of Concetta Napoli interview  (typed vsn of PX10) | X | | | |
| 61 | [INTENTIONALLY BLANK] | | | | |
| 62 | [INTENTIONALLY BLANK] | | | | |
| 63-66 | [INTENTIONALLY BLANK] | | | | |
| 67 | Farrell supervision course certificate | | FRE 402 | | |
| 68 | 12/4/01 OCME DNA report | | FRE 402; See D.E. 135 | | |
| 69 | Vacatur stipulation | | FRE 402 | | |
| 70 | Peter Weinstein Affirmation | | FRE 402; FRE 802 | | |
| 71 | 12/29/05 Restivo/Halstead Dismissal Hearing transcript | | FRE 402 | | |
| 72 | [INTENTIONALLY BLANK] | | | | |
| 73 | Reinvestigation supplement report (O'Leary/Kuhn) | | FRE 402 | | |
| 74 | [INTENTIONALLY BLANK] | | | | |
| 75 | NCPD list of DNA exclusions | | FRE 402; See D.E. 135 | | |
| 76 | Kuhn Inmate informant letter | | FRE 402 | | |
| 77 | Carl Macedonio documents | | FRE 402 | | |
| 78-82 | [INTENTIONALLY BLANK] | | | | |
| 83* | 4/13/05 press releases by NCPD, NCDA re videotaping | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | interrogations | | | | |
| 84* | 1/16/09 Newsday report: NCPD to videotape homicide & serious robbery interrogations | | FRE 402 | | |
| 85 | [INTENTIONALLY BLANK] | | | | |
| 86 | 3/15/1985 Form 79: Michael Cockerel | X | | | |
| 87 | Kuhn Fax with Michael Connaughton notes | X | | | |
| 88 | [INTENTIONALLY BLANK] | | | | |
| 89 | Vacatur Order | | FRE 402; FRE 802 | | |
| 90 | [INTENTIONALLY BLANK] | | | | |
| 91 | Lisa Cagan, 5/1/1985 | X | | | |
| 92 | Steve Cagan, 5/1/1985 | X | | | |
| 93 | Arden Statement, 11/22/85 | X | | | |
| 94-95 | [INTENTIONALLY BLANK] | | | | |
| 96 | 4/2/1986 Handwritten Statement: Steven Dorfman | | FRE 402 | | |
| 97 | 4/2/1986 Typed Statement: Steven Dorfman | | FRE 402 | | |
| 98 | 6/25/1986 Statement: Steven Dorfman | | FRE 402 | | |
| 99 | Steven Dorfman, Buckholz Transcript | | Defendants do not have a copy of Plaintiffs' Exhibit 99 | | |
| 100 | 7/7/1986 Steven Dorfman plea minutes | | FRE 402 | | |
| 101 | 2/27/1987 Fred Klein Letter re: Steven Dorfman | | FRE 402 | | |
| 102-104 | [INTENTIONALLY BLANK] | | | | |
| 105 | Birdsall Training Record | | FRE 402 | | |
| 106 | Birdsall Transcript, 2005 Kogut Retrial | | FRE 402 | | |
| 107 | McCarthy Autopsy Report, 12/6/84 | X | | | |
| 108 | Birdsall Report, 12/6/84 | X | | | |
| 109 | Birdsall transcript, 1986 Restivo/Halstead criminal trial | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 110 | Van Photos | Stipulate if identified by crime scene photo number | | | |
| 111 | Search Warrant for Van, Order, Affidavit with Exhibit [to be redacted consistent with the Court's ruling] | Stipulate to exhibit but not to redaction | | | |
| 112 | 3/26/86 Crime Scene Search Unit Receipt | | Object as this is not the complete document | | |
| 113 | Spillane Training Record | | FRE 402 | | |
| 114* | Restivo/Halstead Article 78 Petition Affirmation | | FRE 402 | | |
| 115* | 3/28/85 Rozzi Letter to Ted Robinson | | FRE 402 | | |
| 116* | 2/13/86 Ted Robinson Letter to Sean Spillane | | FRE 402 | | |
| 117-128 | [INTENTIONALLY BLANK] | | | | |
| 129 | Robert Dempsey's Training Record | | FRE 402 | | |
| 130* | 3/6/85 at 0350 hours: John Restivo Form 79 | X | | | |
| 131* | 3/5/85 Dempsey's Notes | X | | | |
| 132* | 3/6/85 Sharkey's Notes | X | | | |
| 133* | 3/6/85 at 1420 hrs: Form 79 for John Restivo | X | | | |
| 134* | Homicide Bureau Blotter 1985 Entries 3/5, 3/6, 3/25, 3/26 | X | | | |
| 135* | NCPD General Order - Notification of Rights, 2/15/84 | | FRE 402 | | |
| 136* | 3/6/85 handwritten statement signed by Restivo | X | | | |
| 137 | Waltman 12/6/84 Report | X | | | |
| 138 | Hair Invoice, 3/2/87 | | FRE 402 | | |
| 139 | Article "Detective Told to Tighten Belts" | | FRE 402 | | |
| 140 | NPCD Blotter entries 1986: | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | Island Inn (NC019460, NC019464) | | | | |
| 141 | Waltman Notes re: B. O'Hanlon, 9/12/85 (NC026882-NC026886) | | FRE 802 | | |
| 142 | 9/12/1985 Lane Notes re: Brian O'Hanlon | | FRE 802 | | |
| 143 | 9/12/1985 Statement: Brian O'Hanlon, by Waltman | | FRE 802 | | |
| 144 | 9/12/1985 Typed Statement: Brian O'Hanlon | | FRE 802 | | |
| 145* | Sharkey Training Record | | FRE 402 | | |
| 146* | Sharkey Notes | X | | | |
| 147 | [INTENTIONALLY BLANK] | | | | |
| 148 | Missing Persons Supplementary Report, Last Page, Notification to Mother | X | | | |
| 149 | [INTENTIONALLY BLANK] | | | | |
| 150 | Robert Martini Interview Notes | | FRE 402 | | |
| 151 | [INTENTIONALLY BLANK] | | | | |
| 152 | Aerial Photo: Kogut 1986 criminal trial Ex. 37 | | FRE 402 | | |
| 153 | Photo: Hot Skates - Kogut 1986 criminal trial Ex. 74 | | FRE 402 | | |
| 154 | mounted autopsy photo of ligature marks | | FRE 403 ("Nylon rope/cord"); Photo is not clear; better photo of same image available; Crime scene number not indicated | | |
| 155 | mounted photo - body under pallets | | Photo is not clear; better photo of same image available; Crime scene number not indicated | | |
| 156 | [INTENTIONALLY BLANK] | | | | |
| 157 | 3/29/85 Eavesdropping Warrant & Affidavits (only excerpts: 4:04 pm and ¶ 10) | | FRE 804 | | |
| 158 | 12/9/84 Debbie Smith Lead Sheet | X | | | |
| 159 | 12/9/84 Debbie Smith Statement | X | | | |
| 160 | 12/11/84 Debbie Smith-- | x | | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| | Mitchell Notes | | | | |
| 161 | 12/6/84 John French–Sirianni Notes | X | | | |
| 162 | John French Loss from Car Notes | X | | | |
| 163 | John French Statement | X | | | |
| 164 | List of people who were in French's car | X | | | |
| 165 | LFU Vehicle Processing Worksheet & related documents | X | | | |
| 166 | French Stolen & Recovered Car Reports | X | | | |
| 167 | Crime Scene Search Unit Photo Log: French Car & scene | | Object as this exhibit does not display the complete pages of the crime scene photo log | | |
| 168 | Theresa Fusco Missing Poster | X | | | |
| 169 a-j | Photos of John French car | Stipulate if identified by crime scene photo number | | | |
| 170 | Map, with French/Smith details | | Defendants do not have exhibit | | |
| 170 A | Map, [marks by and about Debbie Smith redacted] | X | | | |
| 171 | J. Volpe Handwritten Notes | | Only one page of document | | |
| 172 | Large map with Google directions | | Defendants do not have exhibit | | |
| 173-174 | [INTENTIONALLY BLANK] | | | | |
| 175* | Volpe Notes of Restivo interrogation | X | | | |
| 176* | Volpe Notes of Restivo interrogation: 2350, 3/5/85 | X | | | |
| 177* | Typed version of statement Restivo signed | X | | | |
| 178* | Volpe Affidavit for Eavesdropping Warrant | X | | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
|  | Application[to be redacted depending on Court's ruling on MIL to exclude Restivo statement] |  |  |  |  |
| 179 | Det. Mitchell's Interview of Thomas Gilhooley | X |  |  |  |
| 180 | Lead Sheet of Joan Lenahan |  | FRE 402 |  |  |
| 181 | Joan Lenahan Trial Testimony |  | FRE 402 |  |  |
| 182 | Excerpt Connie Napoli's Testimony, 1986 Kogut criminal trial |  | FRE 402 |  |  |
| 183 | Photograph of jean jacket | Stipulate if identified by crime scene photo number |  |  |  |
| 184 | Spillane Commendation Letter, 11/27/85 |  | FRE 402 |  |  |
| 185 | Retyped Version of PX184, Spillane Commendation Letter |  | FRE 402 |  |  |
| 186 | Newsday 12/26/86, "Homicide Squad Chief Being Shifted" |  | FRE 402 |  |  |
| 187-188 | [INTENTIONALLY BLANK] |  |  |  |  |
| 189 | Tosner 1/22/85 Lead Sheet | X |  |  |  |
| 190 | Smyle Lead Sheet 3/5/85 | X |  |  |  |
| 191 | 3/5/85 Perrino handwritten notes: Harold Smyle | X |  |  |  |
| 192 | 3/5/85 Harold Smyle Form 79 | X |  |  |  |
| 193 | 3/5/85 Typed Smyle Notes | X |  |  |  |
| 194 | Strangled Rumor Lead Sheets |  | FRE 402 |  |  |
| 195 | 3/7/85 Harold Smyle Statement by Sirianni | X |  |  |  |
| 196 | [INTENTIONALLY BLANK] |  |  |  |  |
| 197 | Harold Smyle 1985 Restivo/Halstead Grand Jury transcript 1985 | X |  |  |  |
| 198 | 3/27/85 Handwritten Smyle Statement | X |  |  |  |
| 199 | 3/27/85 Typed Smyle Statement | X |  |  |  |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| 200 | 3/15/85 Perrino Michael Cockerel Statement | X | | | |
| 201 | 3/15/85 Perrino Michael Cockerel Notes | X | | | |
| 202 | 3/15/85 Form 79 Michael Cockerel | X | | | |
| 203 | 4/2/85 Michael Cockerel Interview Notes | X | | | |
| 204 | [INTENTIONALLY BLANK] | | | | |
| 205 | 4/2/85 Handwritten Statement: Michael Cockerel | X | | | |
| 206 | 4/2/85 Typed Statement: Michael Cockerel | X | | | |
| 207 | 4/2/85  Form 79: Michael Cockerel | X | | | |
| 208 | 6/10/85 Statement: Kenneth Cockeral | X | | | |
| 209 | 4/19/85 Statement: Kenneth Cockeral | X | | | |
| 210 | Kenneth Cockeral Restivo/Halstead Grand Jury transcript June 10, 1985 | X | | | |
| 211 | Michael Cockeral Restivo/Halstead Grand Jury transcript June 17, 1985 | X | | | |
| 212 | Subpoena for David Rapp from NSB | | FRE 402 | | |
| 213 | 2003 Affidavit of David Rapp | | FRE 402 | | |
| 214 | Statement of Carl Pozzini | | FRE 802 | | |
| 215 | Carl Pozzini transcript: 1986 Restivo/Halstead Criminal Trial | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 216 | June 10, 1985 Restivo/Halstead Grand Jury Testimony of Carl Pozzini | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 217 | Photo of Volpe at 3/5/09 Deposition | | FRE 402 | | |
| 218 | May 3, 1985 Blotter | | FRE 402 | | |
| 219 | [INTENTIONALLY BLANK] | | | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| 220 | May 4, 1985 Statement of David Rapp | | FRE 402 | | |
| 221 A | David Rapp Form 79 | | FRE 402 | | |
| 222 | Photograph of Restivo van | Stipulate if identified by crime scene photo number | | | |
| 223 | Photograph of Restivo van | Stipulate if identified by crime scene photo number | | | |
| 224 | Photograph of Restivo van | Stipulate if identified by crime scene photo number | | | |
| 225 | Photograph of Restivo van | Stipulate if identified by crime scene photo number | | | |
| 226 | [INTENTIONALLY BLANK] | | | | |
| 227 | Brian O'Hanlon 1986 Restivo / Halstead Criminal Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 227 A* | Robert Moore conspiracy book | | FRE 402; FRE 403 | | |
| 228 | Brian O'Hanlon Statement | | FRE 402 | | |
| 229 | [INTENTIONALLY BLANK] | | | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 230 | Vincent Crawford letter to Dillon | | FRE 402 | | |
| 231 | Document from Steven Dorfman's Case File | | FRE 402; FRE 802 | | |
| 232 | Typed Version of Kenneth Cockerel's Statement | X | | | |
| 233 | Kenneth Cockerel 5/16/85 Statement to Rick Arden | X | | | |
| 234 | Kenneth Cockerel's 1st Restivo/Halstead Grand Jury Testimony (B03494-538) | X | | | |
| 235 | Kenneth Cockerel's 2nd Restivo/Halstead Grand Jury Testimony | X | | | |
| 236 | Progress Report signed by ADA McCarty dated 04/19/85 | X | | | |
| 237 | Progress Report signed by ADA McCarty dated 04/17/85 | X | | | |
| 238 | [INTENTIONALLY BLANK] | | | | |
| 239 | Murder Book table of contents | | FRE 402; FRE 403 | | |
| 240 | Index of Homicide File Boxes | | FRE 402 | | |
| 241 | Macedonio Package of Documents | | FRE 402 | | |
| 242 | Excerpt from Macedonio Brief | | FRE 402 | | |
| 243* | Shonnard Lee Binder | | FRE 402; FRE 403 | | |
| 243 A* | False Confessions in Nassau County article | | FRE 402; FRE 403 | | |
| 244 | Timeline | | FRE 402 | | |
| 245 | Restivo appeal, Respondent's brief | | FRE 402 | | |
| 246 | Harry Smyle Testimony, 1986 Restivo /Halstead Criminal | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 247 | 3/15/95 Weinstein/ Whitney Memo to DA Dillon (redacted for Kogut confession) | | FRE 402 | | |
| 248 | O'Leary notebook | | FRE 402 | | |
| 249 | 6/29/04 D. Rapp arrest report | | FRE 402 | | |
| 250* | Statement of Anibal Martinez | | FRE 402; FRE 403 | | |
| 251* | Various: Jarreu Carter Statements, Articles, Transcript | | FRE 402; FRE 403 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|-----------|-------------------|-----|-------|
| 252* | Trujillo depo excerpt, Martinez action | | FRE 402; FRE 403 | | |
| 253* | *Martinez v Nassau County*, Complaint | | FRE 402; FRE 403 | | |
| 254* | Martinez statement translated | | FRE 402; FRE 403 | | |
| 255 | K. Cockerel "No Thank You" note, subpoena, check | | FRE 402 | | |
| 256 | 2/1/11 DLC letter to K. Cockerel re: returned subpoena | | FRE 402 | | |
| 257 | "Learn the word no" letter | | FRE 402 | | |
| 258 | [INTENTIONALLY BLANK] | | | | |
| 259 | 3/21/95 Volpe DNA consent from Matt Wilson | | FRE 402 | | |
| 260 | 12/7/95 Volpe letter to AUSA/EDNY re Roger Offner cooperation | | FRE 402 | | |
| 261 | 6/3/97 SIB Receipt from Volpe | | FRE 402 | | |
| 262 | 11/12/97 Memo to Volpe | | FRE 402 | | |
| 263 | [INTENTIONALLY BLANK] | | | | |
| 264 | Google earth map with marking: Hot Skates, Sunrise & Rocklyn | | Map does not clearly display area. | | |
| 265 | DMV-Plate# of John French car | X | | | |
| 266 | Lynbrook Police Blotter 11/10/84 | X | | | |
| 267 | 12/7/84 Newsday Article | | FRE 402 | | |
| 268 | Crime scene photo – red/white/blue quilt | Stipulate if identified by crime scene photo number | | | |
| 269 | Crime scene photo – white blanket with border | Stipulate if identified by crime scene photo number | | | |
| 270 | Crime scene photo – white blanket | Stipulate if identified | | | |

PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|-----------|-------------------|-----|-------|
| | | by crime scene photo number | | | |
| 271-272 | [INTENTIONALLY BLANK] | | | | |
| 273 | Excerpt of Frank Sirianni 1986 Restivo/Halstead Criminal Trial Testimony (pp. 573-4, 587-8) | | FRE 402 | | |
| 274 | Excerpt of Frank Sirianni's 2005 Kogut retrial testimony (pp. 1083-4, 1107-11) | | FRE 402 | | |
| 275 | [INTENTIONALLY BLANK] | | | | |
| 276 | 4/2/84 Brian O'Hanlon Polygraph Examination Card | | FRE 402 | | |
| 277 | [INTENTIONALLY BLANK] | | | | |
| 278 | Declaration of Carl Pozzini with attachments | | FRE 402 | | |
| 279 | NCME DNA Report 4/7/11 excluding Carl Pozzini | | FRE 402 | | |
| 280-290 | [INTENTIONALLY BLANK] | | | | |
| 291 | DR 7-103 (B) | | FRE 402 | | |
| 292 | 3/15/95 Fred Klein Inter-Departmental Memo (redacted for Kogut confession) | | FRE 402 | | |
| 293 | Postconviction Timeline | | FRE 402; FRE 403 | | |
| 294 | *Newsday*, "Nude Body of Teen Found", 12/7/84 | | FRE 402 | | |
| 295 | *NY Times*, "Missing Girl, 16, Found Strangled in LI Woods" (12/7/84) | | FRE 402 | | |
| 296* | Declaration of Theodore W. Robinson with exhibits | | FRE 402; FRE 802 | | |
| 297 | [INTENTIONALLY BLANK] | | | | |
| 298 | NCPD Teletypewriter alarm sheets 12/7/84 & 12/13/84 | X | | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 299* | Excerpts from Shonnard Lee case | | FRE 402 | | |
| 300* | Shonnard Lee Article from Newsday "$2M in faulty arrest" | | FRE 402 | | |
| 301* | Lee Homicide Book with 34 tabs [SUBMITTED SEPARATELY] | | FRE 402 | | |
| 302* | 3/10/2000 Dempsey DD Report re Sammy Jones homicide | | FRE 402 | | |
| 303* | Crime Stoppers Flyer – Sammy Jones | | FRE 402 | | |
| 304* | 2/24/97 Dempsey Statement of Henrietta Williams | | FRE 402 | | |
| 305* | 2/4/03 Affidavit of Tajuan Crum | | FRE 402 | | |
| 306 | Notice of 30(b)(6) Deposition | | FRE 402 | | |
| 307 | NCPD Mission Statement | | FRE 402 | | |
| 308-310 | [INTENTIONALLY BLANK] | | | | |
| 311 | Preliminary death report, Taff/McCarthy | X | | | |
| 312 | Grand jury report | | FRE 402; FRE 802 | | |
| 313-314 | [INTENTIONALLY BLANK] | | | | |
| 315 | DNA Documents | | FRE 402; FRE 403; See, D.E. 135 | | |
| 316 | [INTENTIONALLY BLANK] | | | | |

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 317 | Hillman request for S. Newsome's Death Certificate | | FRE 402 | | |
| 318-351 | [INTENTIONALLY BLANK] | | | | |
| 351 | [INTENTIONALLY BLANK] | | | | |
| 352 | Stipulated Restivo & Halstead Plaintiffs' Fourth Set of Requests to Admit | | FRE 403; See, D.E. 135 | | |
| 353 | Expert report of Russell Fischer | | FRE 402; FRE 403; See, D.E. 138 | | |
| 354 | Map of Lynbrook | | Map does not clearly display area. | | |
| 355 | 12/8/84 NCPD Crime Scene Unit Scene Examination Report – photos and scene examination | | Object as this exhibit does not display the complete page of the crime scene | | |

PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| | photo log | | log; Photos are unclear; Photos are not identified by crime scene number | | |
| 356 | [INTENTIONALLY BLANK] | | | | |
| 357 | 11/25/94 NCPD Supplementary Report of defendant Volpe | | FRE 402 | | |
| 358* | 4/25/85 Affirmation of Theodore Robinson in Reply to Article 78 petition | | FRE 402 | | |
| 359 | [INTENTIONALLY BLANK] | | | | |
| 360 | 7/13/10 declaration of Harold Smyle | | FRE 402 | | |
| 361 | [INTENTIONALLY BLANK] | | | | |
| 362 | Criminal Information and Indictment, *People v. Steven Dorfman*, Ind. No. 63090/86 (*see* DE 254-2) | | FRE 402 | | |
| 363 | Brian O'Hanlon's New York State Division of Criminal Justice Services Repository Inquiry Record (*see* DE. 254-3) | | FRE 402 | | |
| 364 | 1/29/86 Nassau County Correctional Center ("NCCC") Administrative Segregation Report for Samuel Newsome (*see* DE 254-4) | | FRE 402 | | |
| 365 | 3/3/86 NCCC sign-in form for Samuel Newsome reflecting a visit by Det. Pizer | | FRE 402 | | |
| 366 | handwritten notes by NCPD Det. Pizer regarding an interview with Samuel Newsome | | FRE 402 | | |
| 367 | 10/22/86 statement of Samuel Newsome, handwritten by defendant Connaughton | | FRE 402 | | |
| 368* | handwritten statement of Shonnard Lee | | FRE 402; FRE 403 | | |
| 369* | Al Baker, "Teen Held in Death," *Newsday*, 6/19/97 | | FRE 402; FRE 403 | | |
| 370* | 6/13/97 statement of Tajuan Crum | | FRE 402; FRE 403 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 371* | Affidavit of Tajuan Crum, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 372* | Affidavit of Winona Hammonds, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 373* | Statement of Ragan Martin, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 374 | [INTENTIONALLY BLANK] | | | | |
| 375* | Deposition of Shonnard Lee, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 376* | Handwritten statement of Robert Moore | | FRE 402; FRE 403 | | |
| 377* | Affidavit of Robert Moore, *Robert Moore v. Village of Hempstead, et. al. Nassau County*, 96 Civ. 5987 | | FRE 402; FRE 403 | | |
| 378* | Deposition of Robert Moore, *Moore v. Village of Hempstead, et. al. Nassau County*, 96 Civ. 5987 | | FRE 402; FRE 403 | | |
| 379* | Deposition of NCPD Det. Jerl Mullen, *Moore v. Village of Hempstead, et. al.*, 96 Civ. 5987 | | FRE 402; FRE 403 | | |
| 380* | Deposition of Joseph Volpe, *Moore v. Village of Hempstead, et. al.* No. 96 Civ. 5987 | | FRE 402; FRE 403 | | |
| 381 | NCPD training class lists | | FRE 402 | | |
| 382 | Defendants' Amended Response to Restivo & Halstead Plaintiffs' Seventh Set of Interrogatories | | FRE 402; FRE 403; See, D.E. 149 | | |
| 383 | NCPD Comprehensive Officer Report-Volpe | | FRE 402 | | |
| 384 | Excerpts of the 1986 trial in *People v. Restivo & Halstead*, | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| | Ind. No. 61322-85 (*see* DE 257-0) | | | | |
| 385* | Robert Dempsey notes re Ted Robinson's 3/7/85 telephone complaint | | FRE 402 | | |
| 386* | Excerpts of the 2005 retrial, *People v. Kogut*, Ind. No. 61029/85 (*see* DE 258-1) | | FRE 402 | | |
| 387 A | CV OF DNA expert Charlotte Word | | FRE 402; See, D.E. 135 | | |
| 388* | Affidavit of Shonnard Lee, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 389* | Affidavit of Dorothy Lee, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 390* | Affidavit of Jeffrey Bourne, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 391* | Affidavit of Ragan Martin, *Shonnard Lee v. Nassau County, et al.*, No. 00 Civ. 0881 (WDW) | | FRE 402; FRE 403 | | |
| 392* | Comprehensive Officer History for defendant Dempsey | | FRE 402; FRE 403 | | |
| 393 | SWGMAT Forensic Human Hair Comparison Guidelines (Hrg. Ex. 3) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 394 | SWGMAT Atlas Photos (Hrg. Ex. 4) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 395 | SWGMAT Atlas Photo – Putrid Root (Hrg. Ex. 5) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 396 | 1984 Seta article (Hrg. Ex. 6) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 397 | 1985 Symposium (Hrg. Ex. 7) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 398 | 1988 Petraco, Fraas JFS Article (Hrg. Ex. 8) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 399 | 2000 Tafaro JFS article (Hrg. | | FRE 402; FRE 403; See, | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| | Ex. 9) | | D.E. 136 FRE 402; FRE 403; See, D.E. 136 | | |
| 400 | 2001 Linch & Prahlow article (Hrg. Ex. 10) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 401 | 2005 Jefferey gorilla article (Hrg. Ex. 11) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 402 | 2012 Shaw Abstract (Hrg. Ex. 12) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 403 | Domzalski thesis (Hrg. Ex. 13) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 404 | Collier Thesis (Hrg. Ex. 14) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 405 | Petraco Rpt. & CV (Hrg. Ex. 15) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 406 | Petraco 2003 Affidavit (Hrg. Ex. 16) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 407 | Kogut Retrial Q8 Hair photo (KRT Ex. DL; Hrg. Ex. 17) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 408 | Kogut retrial Q8 hair photo (KRT Ex. DM; Hrg. Ex. 18) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 409 | Kogut retrial Q4 hair photo (KRT Ex. DN; Hrg. Ex. 19) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 410 | Kogut retrial debris hair photo (KRT Ex. 132, OOO; Hrg. Ex. 22) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 410 | Kogut retrial debris hair photo (KRT Ex. 131, MMM; Hrg. Ex. 23) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 411a | Houck CV | | FRE 402; FRE 403; See, D.E. 136 | | |
| 412 | Houck Powerpoint (Hrg. Ex. 2) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 413 | DeForest report & CV (Hrg. Ex. 25) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 414 | DeForest Powerpoint (Hrg. Ex. 26) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 415 | Photo of TF known hair (KRT Ex. DO; Hrg. Ex. 27) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 416 | Domzalski photo of hair buried in soil 6 days (Hrg. Ex. 28) | | FRE 402; FRE 403; See, D.E. 136 | | |
| 417 | 1/3/85 Baumann serology report | X | | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 418 | 11/22/93 Lifecodes DQAlpha report | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 419 | 11/29/94 CBR Labs DQ Alpha report | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 420 | 1/5/95 Cellmark DQ Alpha DNA report | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 421 | 3/20/01 Labcorp DNA report – male profile (Rosario 100) | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 422 | 6/7/01 Labcorp DNA report – TF profile (Rosario 98) | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 423 | 12/4/01 NY OCME DNA report (Rosario 98) | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 424 | 3/31/03 Cellmark DNA report (Rosario 98) | | D.E. 402; D.E. 403; See, D.E. 135 D.E. 402; D.E. 403; See, D.E. 135 | | |
| 425 | 7/7/03 Labcorp DNA report (Rosario 98) | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 426 | Crime scene photograph | Stipulate if identified by crime scene photo number | | | |
| 427 | Crime scene photograph | Stipulate if identified by crime scene photo number | | | |
| 428 | Crime scene photograph | Stipulate if identified by crime scene photo number | | | |
| 429 | Crime scene photograph | Stipulate if identified by crime | | | |

PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | | scene photo number | | | |
| 430 | Crime scene photograph | Stipulate if identified by crime scene photo number | | | |
| 431 | Crime scene photograph | Stipulate if identified by crime scene photo number | | | |
| 432-433 | [INTENTIONALLY BLANK] | | | | |
| 434 | *Newsday* Photograph of Joseph Volpe **(all *Newsday* photos disclosed 4/9/12)** | | FRE 402 | | |
| 435 | *Newsday* Photograph of John Restivo during 1986 trial | | FRE 402 | | |
| 436 | *Newsday* Photograph of John Restivo postconviction | | FRE 402 | | |
| 437 | *Newsday* Photograph of Dennis Halstead at 1986 trial | | FRE 402 | | |
| 438 | *Newsday* Photograph of John Kogut upon arrest | | FRE 402 | | |
| 439 | *Newsday* Photograph of John Restivo at release | | FRE 402 | | |
| 440 | *Newsday* Photograph of Dennis Halstead before release | | FRE 402 | | |
| 441 | *Newsday* Photograph of John Kogut before release | | FRE 402 | | |
| 442 | [INTENTIONALLY BLANK] | | | | |
| 443 | *Newsday* Photograph of 3 plaintiffs upon release | | FRE 402 | | |
| 444 | *Newsday* Photograph of | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | Halstead upon release with grown children | | | | |
| 445 | *Newsday* Photo of Restivo & Halstead after release | | FRE 402 | | |
| 446 | *Newsday* photo of 1986 trial | | FRE 402 | | |
| 447 | *Newsday* photo of 1986 trial | | FRE 402 | | |
| 448 | *Newsday* photo of 1986 trial | | FRE 402 | | |
| 448-453 | [INTENTIONALLY BLANK] | | | | |
| 454 | Collection of invoices and cancelled checks re payment to Ted Robinson | | FRE 402 | | |
| 455 | Collection of invoices and cancelled checks re payment to Investigator Rick Arden | | FRE 402 | | |
| 456* | Robinson photos of Restivo injuries | | FRE 402 | | |
| 457-467 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 468 | Halstead – bail order | | FRE 402 | | |
| 469-471 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 472 | Halstead – NCDA letter re taking blood for DNA testing | | D.E. 402; D.E. 403; See, D.E. 135 | | |
| 473-474 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 475 | Restivo Sentencing & Commitment Order (JP0001-2) | | FRE 402 | | |
| 476 | Halstead Sentencing & Commitment Order | | FRE 402 | | |
| 477 | Order to Vacate Convictions | | FRE 402 | | |
| 478 | Restivo bond order | | FRE 402 | | |
| 479-498 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 499 | Restivo sentencing statement | | FRE 402 | | |
| 500-670 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 671 | Fraas Overtime records (NC036327-29) | | FRE 402 | | |
| 672* | Homicide blotters: selections from 12/5/84-1986 | X | | | |
| 673 | SIB blotters: selections from 3/26/85-6/20/85 | X | | | |
| 674 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 675 | 2/16/95 Michael Cockerel consent for Volpe to collect biological samples | | FRE 403; FRE 403; See, D.E. 135 | | |
| 676-683 | [INTENTIONALLY BLANK] | | | | |
| 684 | Summary of DNA Reports | | FRE 403; FRE 403; See, D.E. 135 | | |
| 685 | Scientific Bureau Receipts for Cigarette Butts | | FRE 403; FRE 403; See, D.E. 135 | | |
| 686-688 | [INTENTIONALLY BLANK] | | | | |
| 689 | Chain of Custody Form | | FRE 403; FRE 403; See, D.E. 135 | | |
| 690 | Handwritten notes on investigation by Volpe | | FRE 402 (undated notes) | | |
| 691* | 3/7/85 Ted Robinson notice of appearance for John Restivo | | FRE 402 | | |
| 693* | 3/7/85 Ted Robinson notice of appearance for Dennis Halstead | | FRE 402 | | |
| 694* | Ted Robinson's letter to Police Commissioner Rozzi re: police harassment | | FRE 402 | | |
| 695* | Ted Robinson's letter to NCDA re: police harassment | | FRE 402 | | |
| 696* | Ted Robinson notes of meeting w/ John Restivo | | FRE 402 | | |
| 697-722 | [INTENTIONALLY BLANK] | | | | |
| 723 | Daily News, 12/07/85 "Blood Test to Identify Murderers & Rapists" | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 724 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 725 | Connie Napoli: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 726 | Rochelle Bernstein: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 727 | Thomas Gilhooley: Restivo/Halstead 1986 Trial Testimony | | Plaintiffs have not proven unavailability under FRE 804 | | |
| 728 | Paul Rauch: Restivo/Halstead 1986 Trial Testimony | | Plaintiffs have not proven unavailability under FRE 804 | | |
| 729 | Dr. Daniel McCarthy: Restivo/Halstead 1986 Trial Testimony | | FRE 402 | | |
| 730 | Robert Baumann: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 731 | Det. Thomas Allen: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 732 | Leo Klein: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 733 | Steven Dorfman: Restivo/Halstead 1986 Trial Testimony | | FRE 402 | | |
| 734 | Cary O'Hanlon: Restivo/Halstead 1986 Trial Testimony | | Plaintiffs have not proven unavailability under FRE 804 | | |
| 735 | Det. Harry Waltman: Restivo/Halstead 1986 Trial Testimony | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 736 | Det. Michael Connaughton: | | Object as witness is | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
|  | Restivo/Halstead 1986 Trial Testimony |  | testifying; Stipulate as to relevant portions for impeachment |  |  |
| 737 | P.O. William Diehl: Restivo/Halstead 1986 Trial Testimony |  | Object as witness is testifying; Stipulate as to relevant portions for impeachment |  |  |
| 738 | Sam Newsome: Restivo/Halstead 1986 Trial Testimony |  | FRE 402 |  |  |
| 739 | Det. Richard Brusa: Restivo/Halstead 1986 Trial Testimony | X |  |  |  |
| 740 | Det. Sgt. Robert Edwards: Restivo/Halstead 1986 Trial Testimony |  | Object as witness is testifying; Stipulate as to relevant portions for impeachment |  |  |
| 741 | P.O. Edward Beahr: Restivo/Halstead 1986 Trial Testimony |  | Plaintiffs have not proven unavailability under FRE 804 |  |  |
| 742 | Maryann Rosino: Restivo/Halstead 1986 Trial Testimony |  | Object as witness is testifying; Stipulate as to relevant portions for impeachment |  |  |
| 743 | Thomas DeCrescenzo: Restivo/Halstead 1986 Trial Testimony |  | Plaintiffs have not proven unavailability under FRE 804 |  |  |
| 744 | Anthony Walsh: Restivo/Halstead 1986 Trial Testimony |  | Plaintiffs have not proven unavailability under FRE 804 |  |  |
| 745 | Joann Nitti: Restivo/Halstead 1986 Trial Testimony (*subject to MIL objections) |  | Plaintiffs have not proven unavailability under FRE 804 |  |  |
| 746 | Leo Klein: Restivo/Halstead 1986 Trial Testimony |  | Object as witness is testifying; Stipulate as to relevant portions for impeachment |  |  |
| 747 | Carolann Davies: Restivo/Halstead 1986 Trial Testimony |  | Plaintiffs have not proven unavailability under FRE 804 |  |  |
| 748 | Arthur Fleishman: Restivo/Halstead 1986 Trial |  | Object as witness is testifying; Stipulate as to |  |  |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | Testimony | | relevant portions for impeachment | | |
| 749-753 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 754-757 | [INTENTIONALLY BLANK] | | | | |
| 758* | Affirmation of Theodore Robinson, Esq. submitted in support of John Restivo's 440.10 Motion to Vacate Conviction | | FRE 402 | | |
| 759 | [INTENTIONALLY BLANK IN LIABILITY PHASE] | | | | |
| 760 | 7/30/01 James Dundon LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 761 | 7/25 2002 David Rapp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 762 | 8/8/2002 LabCorp DNA report David Rapp | | FRE 402; FRE 403; See, D.E. 135 | | |
| 763 | 10/28/02 John Updigrove LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 764 | [INTENTIONALLY BLANK] | | | | |
| 765 | 1/13/03 John Rapp LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 766 | 3/14/03 Charles Restivo Michael Bachman LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 767 | 5/5/03 David Shafer LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 768 | 6/13/03 Thomas McBride LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 769 | 7/7/03 Brian Skellington LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 770 | 7/10/03 Harold Smyle LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |

PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 771 | 7/17/03 LabCorp DNA report: Benjamin Langdon, Chris Lamposona, David Skellington, J. Breen, John Fusco, Kenneth Cockerel, Paul Lamposona, Ronald Grab, T. Gilhooley | | FRE 402; FRE 403; See, D.E. 135 | | |
| 772 | 7/25/03 LabCorp DNA report re Glen Mielinis, John William Evelly | | FRE 402; FRE 403; See, D.E. 135 | | |
| 773 | 7/28/03 John Glennon LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 774 | 8/4/03 John William Evelly LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 775 | 8/5/03 LabCorp DNA report re Charles Burkhard, Phillip Caponi | | FRE 402; FRE 403; See, D.E. 135 | | |
| 776 | 8/14/03 Walter Rapp LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 777 | 8/21/03 LabCorp DNA report re John Nitti, Joseph Kronenberg | | FRE 402; FRE 403; See, D.E. 135 | | |
| 778 | 9/9/03 Ernest Breithaupt LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 779 | 9/15/03 Alex Sapounas LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 780 | 9/30/03 Scott Tiederman LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 781 | 10/14/03 LabCorp DNA report re Daniel Evelly, John Nutini, Neil Multop, William Evelly | | FRE 402; FRE 403; See, D.E. 135 | | |
| 782 | 10/27/03 LabCorp DNA reporter Hans Christian Anderson, Steve Evelly | | FRE 402; FRE 403; See, D.E. 135 | | |
| 783 | 11/4/03 Charles Price LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 784 | 11/18/03 John Martini LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 785 | 12/17/03 Jasmani Perez NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 786 | 1/7/04 R.J. Springsteen LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| 787 | 1/15/04 Thomas Ryan, Jr. LabCorp DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 788 | 3/1/04 William Hynes NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 789 | 6/8/04 Patrick Griffin NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 790 | 6/21/04 Gerard Kuster NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 791 | [INTENTIONALLY BLANK] | | FRE 402; FRE 403; See, D.E. 135 | | |
| 792 | 6/24/04 Thomas Fusco NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 793 | 8/24/04 Brian O'Hanlon NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 794 | 8/24/04 Peter Talierico NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 795 | 12/5/04 David Devine NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 796 | 12/5/04 Stephen Eichner NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 797 | 12/20/04 Charles Mohr, Jr. NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 798 | 1/3/05 Robert Mielinis NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 799 | 4/21/05 Salvatore Roseo NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 800 | 4/28/05 John Warner NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 801 | 6/7/05 Robert Martini NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 802 | 6/7/05 Stephen Trapani NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 803 | 9/16/05 Carmella Kaplan (excluded as mother of semen donor) NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 804 | 9/19/05 Caine Dominici NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 805 | 9/19/05 Robert Martini NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 806 | 10/11/05 Michael Vogel NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 807 | 10/11/05 Raymond Pensabene NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 808 | 10/5/10 John Hemmy NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 809 | 12/7/10 George Duprey NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 810 | 12/28/10 Michael Cannino NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 811 | 12/28/10 Michael Cannino NYC OCME DNA report [duplicates 810] | | FRE 402; FRE 403; See, D.E. 135 | | |
| 812 | 1/6/11 Craig Bandini NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 813 | 2/2/11 Gregory McManus NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 814 | 2/2/11 Paul Bastian NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 815 | 2/7/11 Michael McCarthy NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 816 | 2/16/11 Elvin Campbell NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 817 | 2/16/11 Michael Cockerel NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 818 | 3/3/11 Michael Wren NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 819 | 3/22/11 Matthew Wilson NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 820 | 4/12/11 Stephen Eichner NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 821 | 4/14/11 Richard Skewes NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 822 | 5/6/11 Angelo Talierico NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 823 | 5/12/11 Keith Skellington NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 824 | 5/19/11 Gary Scherpple NCME | | FRE 402; FRE 403; See, | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|----|----|
| | DNA report | | D.E. 135 | | |
| 825 | 5/20/11 Roger Ofner NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 826 | 5/20/11 Steven Toledo NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 827 | 6/7/11 Mathew Wilson NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 828 | 6/28/11 Daniel Ludecker NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 829 | 6/29/11 Art Freelander NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 830 | 6/30/11 Robert Baxter NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 831 | 7/18/11 Craig Neiderberger NYC OCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 832 | 8/2/11 Richard Moyles NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 833 | 8/22/11 Sean Galligan NCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 834 | 8/31/11 John Rallo NYC OCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 835 | 9/19/11 Steven Manchin NYC OCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 836 | 10/5/11 Scott Manchin NYC OCME DNA report | | FRE 402; FRE 403; See, D.E. 135 | | |
| 837 | [INTENTIONALLY BLANK] | | | | |
| 838<br><br><br>838a<br>838b<br>838c<br>838d<br>838e | R/H '86 trial Ex. 20: Large envelope w/ 4 small envelopes w/ hair samples [autopsy hairs]<br><br>Photos:<br>838a: All 5 TF K envelopes<br>838b: Front of lg. envelope<br>838c: Back of lg. envelope<br>838d: Front of sm. Envelopes<br>838e: back of sm. Envelopes | X | | | |
| 839 | R/H '86 trial Ex. 21: Photo of area where TF jewelry found | X | | | |

### PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 840 | R/H '86 trial Ex. 23: tool rental contract | | FRE 402 | | |
| 841 | R/H '86 trial Ex. 31: Form 350, contents taken from van | | Defendants do not have exhibit | | |
| 842 | R/H '86 trial Ex. 32: Q8 envelope with contents collected from van right front seat floor | X | | | |
| 843 | R/H '86 trial Ex. 37: Prez Tools blank receipt | | FRE 402 | | |
| 844 | R/H '86 trial Ex. 40: Rental car receipt | | Defendants do not have exhibit | | |
| 845 | R/H '86 trial Ex. C: Photo of Hot Skates parking lot | | Defendants do not have exhibit | | |
| 846 | R/H '86 trial Ex. D: Photo of Hot Skates parking lot | | Defendants do not have exhibit | | |
| 847 | R/H '86 trial Ex. E: Photo of Hot Skates parking lot | | Defendants do not have exhibit | | |
| 848 | R/H '86 trial Ex. H: Photo of paved driveway alongside Noble Machinery (east) | | FRE 402 | | |
| 849 | R/H '86 trial Ex. I: Photo of paved driveway alongside Noble Machinery (west) | | FRE 402 | | |
| 850 | R/H '86 trial Ex. J: Autopsy report | | Defendants do not have exhibit | | |
| 851 | R/H '86 trial Ex. K: Serology report | | Defendants do not have exhibit | | |
| 852 | R/H '86 trial Ex. L: Photo of broken glass marked #4 | | FRE 402 | | |
| 853 | R/H '86 trial Ex. M: Photo of broken glass marked #4 | | FRE 402 | | |
| 854 | R/H '86 trial Ex. N: Photo of broken glass marked #4 | | Defendants do not have exhibit | | |
| 855 | R/H '86 trial Ex. O: Van registration record | X | | | |
| 856 | R/H '86 trial Ex. P: Harold Smyle statement to Rick Arden | X | | | |
| 857 | R/H '86 trial Ex. T: Bill for rental of floor edger (in | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| | evidence as AAA) | | | | |
| 858 | R/H '86 trial Ex. HH: diagram of growing hair | | Defendants do not have exhibit | | |
| 859 | R/H '86 trial Ex. II: hair diagram | | Defendants do not have exhibit | | |
| 860 | R/H '86 trial Ex. KK: Pergament register receipt | | FRE 402 | | |
| 861 | R/H '86 trial Ex. LL: Receipt from E. Rockaway Paint & Hardware | | Defendants do not have exhibit | | |
| 862 | R/H '86 trial Ex. MM: Receipt, E. Rockaway Paint | | FRE 402 | | |
| 863 | R/H '86 trial Ex. NN: Receipt, Prez Tool Rental | | FRE 402 | | |
| 864 | R/H '86 trial Ex. OO: Receipt from Prez Tools – screwgun | | FRE 402 | | |
| 865 | R/H '86 trial Ex. PP: Receipt from Prez Tools – screwgun | | FRE 402 | | |
| 866 | R/H '86 trial Ex. QQ: Photographs of Restivo by Robinson | | Defendants do not have exhibit | | |
| 867 | R/H '86 trial Ex. RR: Photographs of Restivo by Robinson | | Defendants do not have exhibit | | |
| 868 | R/H '86 trial Ex. SS: Photographs of Restivo by Robinson | | Defendants do not have exhibit | | |
| 869 | R/H '86 trial Ex. TT: Photographs of Restivo by Robinson | | Defendants do not have exhibit | | |
| 870 | R/H '86 trial Ex. UU: copy of receipt for rug | | FRE 402 | | |
| 871 | R/H '86 trial Ex. VV: Check for rug | | FRE 402 | | |
| 872 | R/H '86 trial Ex. WW: Prez Tool Receipt | | Defendants do not have exhibit | | |
| 873 | R/H '86 trial Ex. XX: Prez Tool Receipt | | Defendants do not have exhibit | | |
| 874 | R/H '86 trial Ex. YY: Prez Tool Receipt | | Defendants do not have exhibit | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 875 | R/H '86 trial Ex. ZZ: Cockerel statement to Rick Arden | X | | | |
| 876 | R/H '86 trial Ex. AAA: Machine receipt – tool gun rental | | FRE 402 | | |
| 877 | R/H '86 trial Ex. BBB: bills of lading, 11/13/84 | | FRE 402 | | |
| 878 | R/H '86 trial Ex. CCC: bills of lading, 11/13/84 | | FRE 402 | | |
| 879 | R/H '86 trial Ex. DDD: Contract | | Defendants do not have exhibit | | |
| 880 | R/H '86 trial Ex. EEE: hair slides | | Defendants do not have exhibit | | |
| 881 | R/H '86 trial Ex. OOO: hair slides | | Defendants do not have exhibit | | |
| 882 | R/H '86 trial Ex. SSS: car rental invoice | | FRE 402 | | |
| 883 | R/H '86 trial Ex. TTT: Contract between Davies and Halstead | | FRE 402 | | |
| 884 | R/H '86 trial Ex. UUU: Check: Davies to Halstead, 11/4/84 | | FRE 402 | | |
| 885 | R/H '86 trial Ex. VVV: E. Rockaway Raiders football schedule | | FRE 402 | | |
| 886 | R/H '86 trial Ex. XXX: JFK Airport climatic record November/December 1984 | | FRE 402 | | |
| 887 | Transcript of Testimony of Det. Joseph Volpe before Restivo/Halstead Grand Jury | | FRE 402 | | |
| 888 | Transcript of Testimony of Det. Thomas Allen before Restivo/Halstead Grand Jury | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 889 | 1984 Calendar (Plaintiffs' Deposition Exhibit 328) | | FRE 402 (dates circled) | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 890 | Google map (Plaintiffs' Deposition Exhibit 329) | | Map does not clearly display area. | | |
| 891 | Prez Tool Sander Receipt (11/10&11/84) (Plaintiffs' Deposition Exhibit 330) | | FRE 402 | | |
| 892 | Move-Right invoice, dated 11/24/84, for Campbell (Plaintiffs' Deposition Ex. 331) | | FRE 402 | | |
| 893 | 5/17/85 Michael Cockerel Statement to Rick Arden (Plaintiffs' Deposition Ex. 335) | X | | | |
| 894 | Dawn Cockerel Statement (Plaintiffs' Deposition Ex. 337) | X | | | |
| 895 | Handwritten interview note with Connie Napoli 12/6/84 | X | | | |
| 896 | 2 Photos: hair envelope - John French hair sample; 5 hair envelopes – Lisa French, Lorie French, Mrrs. French, Thomas Keena, Dave Washington | X | | | |
| 897 | Photo of hair slide holder – Frenches (2 photos – closed, open) | X | | | |
| 898<br><br>898a<br>898b<br>898c | Photos of multiple Q hair envelopes from van<br><br>package of Q hair envs<br>multiple Q envs sealed<br>multiple Q envs sealed | X | | | |
| 899 | Photos of front of individual Q hair envelopes from van (Q1-Q21) | X | | | |
| 900 | Photo of open Q hair envelopes (Q1, Q4, Q8) | X | | | |
| 901* | 5/20/85 Robinson letter to Rozzi (TR1502) | | FRE 402 | | |

PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 902 | Slide holder with K1, Q1a-Q4a slides | X | | | |
| 902a | 902a (photo: K1/Q1a-Q4a slide holder closed) | | | | |
| 902b | 902b (photo: K1/Q1a-Q4a slide holder open) | | | | |
| 902c | 902c (photo: Q3a slide) | | | | |
| 902d | 902d (photo: Q3a, Q4a slides) | | | | |
| 903 | Photos: | X | | | |
| 903a | Q5a-6a slide holder closed | | | | |
| 903b | Q5a-6a slide holder open | | | | |
| 903c | Q5a=6a slides closeup | | | | |
| 904 | 6 groups K hair envelopes (people in French car) | X | | | |
| 904a | photo of envelopes | | | | |
| 905 | 2 Slide holders: K2-K7 hairs | X | | | |
| 905a | 2 Slide holders closed | | | | |
| 905b | 1 Slide holder open | | | | |
| 905c | 1 Slide holder open | | | | |
| 906 | Slide Holders of Q van hairs | X | | | |
| 906a | Q1-Q7 slide holder closed | | | | |
| 906b | Q1-Q7 slide holder open | | | | |
| 906c | Q9-11 slide holder open | | | | |
| 906d | Q12-15 slide holder closed | | | | |
| 906e | Q12-15 slide holder open | | | | |
| 906f | Q15-Q21 slide holder closed | | | | |
| | Q15-Q21 slide holder open | | | | |
| 907 | Q4 envelope with debris | X | | | |
| | Photo: | | | | |
| 907a | Q4 envelope out of plastic | | | | |
| 907b | Q4 envelope open | | | | |
| 908 | Fusco time card 11/10 | X | | | |
| 909 | KRT Peoples Ex. 21: photo of hot skates entryway cashier | | FRE 402 | | |

**PLAINTIFFS' LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|---|---|---|---|---|---|
| 910 | KRT Peoples Ex. 19: photo of hot skates office with punch clock | | FRE 402 | | |
| 911<br><br>911a<br>911b | Q8 envelope<br>Photos:<br>Front<br>Back | X | | | |
| 912<br>912a<br>912b<br>912c<br>912d | Photos:<br>Rear head sample env<br>Rear head env opening<br>rear head – paper towel<br>rear head – open paper towel<br>with hair samples | X | | | |
| 913 | 1986 R/H trial – Robinson closing argument | | FRE 402 | | |
| 914* | 3/19/85 Robinson letter to NCPD Police Commissioner | | FRE 402 | | |
| 915 | Newsday article 6/11/85: "Perjury Charged, Dismissed in Probe" | | FRE 402 | | |
| 916 | Blowup of photo P17 (marked) | | Defendants do not have exhibit | | |
| 917 | Blowup of photo P17 | | Defendants do not have exhibit | | |
| 918 | Blowup of photo | | Defendants do not have exhibit | | |
| 919 | Blowup of photo P198 | | Defendants do not have exhibit | | |
| 920 | 1/3/85 notes Walsh/Mitchell | | FRE 402 | | |
| 921* | John Restivo handwritten notes | | FRE 402 | | |
| 922 | [INTENTIONALLY BLANK] | | | | |
| 923 | Photo of Q5a Blue Blanket Slide Holder Open | X | | | |
| 924 | Fraas notes | X | | | |
| 925 | Fraas HR Grand Jury | | Object as witness is testifying; Stipulate as to relevant portions for impeachment | | |
| 926 | Barbara Wager Collins thesis | | FRE 402; FRE 403; See, D.E. 136 | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 927 | Koch, et al. 2012 JFS Article: Taphonomy of Hair – A study of postmortem root banding | | FRE 402; FRE 403; See, D.E. 136 | | |
| 929 | Excerpts of Volpe memo book | | FRE 802 | | |
| 930* | 7/3/85 Deputy Commissioner Spahr letter to Robinson | | FRE 402 | | |
| 931 | [INTENTIONALLY BLANK] | | | | |
| 932 | Photo of Joseph Restivo, Sr. with Joey Jr. | | FRE 402 | | |
| 933 | Restivo/Halstead '86 Trial Ex. BB—Wantagh phone records 11/10/84 | | FRE 402 | | |
| 934 | Photo: Straight job & International Cabover | | FRE 402 | | |
| 935 | Photo: John Restivo with truck | | FRE 402 | | |
| 936 | Photo: Maroon station wagon | | FRE 402 | | |
| 937 | Charlie Restivo NCSD incarceration record | | FRE 402 | | |
| 938 | Photo: International cabover | | FRE 402 | | |
| 939 | RH '86 Trial Ex. CC—Darmstadt phone records 11/10/84 | | FRE 402 | | |
| 940-942 | [INTENTIONALLY BLANK] | | | | |
| 943 | 1984 11 year olds football schedule | | FRE 402 | | |
| 944 | NOAA LGA Climactic Record Nov. 1984 | | FRE 402 | | |
| MC2 | 11/10/84 Cagan piano moving receipt | X | | | |
| TR3* | 2/28/86 letter from Police Commissioner Rozzi to Robinson | | FRE 402 | | |
| 945 | Photo: Side view of John Restivo's blue van | | Defendants do not have exhibit | | |

## PLAINTIFFS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defense Objection | ID | Evid. |
|------|-------------|------------|-------------------|-----|-------|
| 946 | Reports Concerning Court Authorized Intercepts of Wire or Oral Communications Pursuant to Title 18, United States Code, Sec. 2519, New York, 1985 (pg. 94-95) | | Defendants do not have exhibit | | |
| 947 | DE 65 (Defendants' Opposition to Plaintiffs' Motion to Deem 2nd Request for Admissions Admitted) | | FRE 402 | | |
| 948 | DE 65-1 (Decl. of Liora Ben-Sorek)) | | FRE 402 | | |
| 949 | Defendants' Responses to Plaintiffs' Second Request for Admissions | | FRE 402 | | |
| 950 | Mitotyping Technologies Report, 10/21/02 | X | | | |
| 951 | Melton's Expert Report, 4/9/12 | X | | | |
| 952 | Defendants' Amended Responses to Plaintiff John Kogut's Second Set of Interrogatories | | FRE 402 | | |
| 953 | Defendants' Answer to Plaintiffs' Amended Complaint | | FRE 402 | | |
| 954 | Richard Saferstein, *Criminalistics: An Introduction to Forensic Science* (2d Ed. 1981) | | FRE 402 | | |

## Defendants' Exhibits

*Defendants reserve the right to identify rebuttal and/or impeachment exhibits.
*The following list may be amended subject to the Court's in limine rulings.
*Defendants do not waive objections to any exhibits on this list.

Plaintiffs' reserve the right to amend any objection or stipulation in light of the witnesses that testify and the Court's rulings on motions *in limine*.

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| ATU1 | Statement of Andrew Tursi, handwritten and typed | NC 18362-18364 | Stipulated | |
| ATU2 | Transcript of Trial Testimony, Andrew Tursi, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| ATU3 | Transcript of Trial Testimony, Andrew Tursi, People v. Restivo | | | FRE 802, 803 |
| BO1 | PDCN 79 Form for Brian O'Hanlon | Def. Ex. GGGG | | FRE 401, 402, 403, 802, 803 |
| BO10 | Statement of Brian O'Hanlon, District Attorney's Investigation, 9/20/85 | NC 46873-46879 | | FRE 401, 402, 403, 802, 803 |
| BO11 | Transcript of DA Q&A w/ Brian O'Hanlon dated 9/20/85 | Pl. Ex. 228, Klein Deposition | | FRE 401, 402, 403, 802, 803 |
| BO14 | Phone bill from O'Hanlon's house | People's Ex. 24 (People v. Restivo) | | FRE 401, 402, 403, 602, 802, 803, 901 |
| CF1 | List of People in John French's Car and Hair Samples | Pl. Ex. 164 | Stipulated | |
| CF2 | Fraas Notes, handwritten | NC 13803 | | Appear to be notes of Fred Klein; FRE 401, 402, 403, 802, 803, 602, 901. |
| CF3 | Transcript of Deposition of Charles Fraas, 12/4/08 | | | FRE 401, 402, 403, 602, 608, 802, 803, FRCP 32 violation |
| CF4 | Transcript of Trial Testimony of Det. Fraas, People v. Restivo | | | FRE 802, 803 |
| CF5 | Transcript of Trial Testimony of Det. Fraas, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| CF6 | Transcript of Trial Testimony of Det. Fraas, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| CF7 | SIB Receipt/Reports | NC 13084-13094 | | FRE 401, 402, 403, 802, 802; Redactions for Kogut and Kelly Morrissey |
| CF8 | Transcript of Trial Testimony of Det. Fraas, Kogut v. Cty of Nassau (2012) | | | FRE 802, 803 |
| CN1 | Photographs of blue jeans | Def. Ex. L, M, N and O | | FRE 401, 402, 403, 901 |
| CN2 | TF Missing Person Poster | Pl. Ex. 168 | Stipulated | |
| CN3 | Notes on Theresa's Clothing and Jewelry on November 10, 1984 as described by C. Napoli, handwritten, dated 12/6/84 | NC 13015-17 | Stipulated | |
| CN4 | NCPD Photography Unit Photo of "S" Ring | NC 13008 | | FRE 401, 402, 403; Note that this bates stamp is actually photo of heart charm. |
| CN5 | NCPD Photography Unit Photo of Heart Charm | NC 13009 | | FRE 401, 402, 403 |
| CN6 | NCPD Photography Unit Photo of Unicorn Charm | NC 13012 | | FRE 401, 402, 403 |
| CN7 | Notes of Interview with Connie Napoli dated 12/11/84, handwritten and typed | Pl. Ex. 60 | Stipulated* | *Stipulated to full version; version marked as CN7 appears to have redactions |
| CN8 | Picture of Theresa Fusco at Sweet Sixteen Party of Halstead's Sister | Def Ex. RRR | | FRE 401, 402, 403, 901 |
| CN9 | Transcript of Trial Testimony of C. Napoli, People v. Restivo | | | FRE 802, 803 |
| CN10 | Transcript of Trial testimony of C. Napoli, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| CN11 | Transcript of Trial Testimony of C. Napoli, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| CN12 | 8 x 10 photo of Theresa Fusco | | Stipulated | |
| CN13 | Transcript of Trial Testimony of Connie Napoli, Kogut vs. Cty of Nassau (2012) | | | FRE 802, 803 |
| CR1 | Transcript of Deposition of Charles Restivo, 10/25/11 | | | FRCP 32 violation; FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| CR2 | Article, "Man Accused of Attacking Witness," Newsday, Long Island-October 5, 1986 | Def. Ex. OOO | | FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| CR3 | Kogut Note to District Attorney, handwritten, 4/16/85 | Def. Ex. Y | | FRE 401, 402, 403, 802, 803, 901; MIL re Kogut statement |
| CR4 | Letter to "Ms. Essie Drake" Re: Mrs. Bivins storage bill | Def. Ex. CCCC | | FRE 401, 402, 403, 802, 803, 901 |
| CR5 | Statement of Charles J. Restivo, given to Rick Arden, 10/28/85 | Def. Ex. DDDD | | FRE 401, 402, 403, 404, 608, 802, 803, |
| CR6 | Move-Right Check to Charles Restivo, 6/8/83 | Def. Ex. EEEE | | FRE 401, 402, 403, 802, 803, 901 |
| CS1 | Detective Hillman interview of Cheryl Schneider | NC 77133 | | FRE 401, 402, 403, 404, 608, 802, 803, MIL KM |
| CS2 | Grand Jury Testimony of Sheryl Schneider, 6/12/85 | | | FRE 401, 402, 403, 404, 802, 803 |
| DC1 | Dawn Cockerel statement to Rick Arden | NC 13824-13825 | | FRE 401, 402, 403, 404, 802, 803 |
| DC2 | Grand Jury Testimony, Dawn Cockerel, People v. John Doe Investigation, June 10, 1985 | | | FRE 401, 402, 403, 404, 802, 803 |
| DCA1 | Move-Right Movers invoice, 11/24/84 (Mrs. Campbell) | | | FRE 401, 402, 403, 901 |

### DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| DH1 | Transcript (handwritten) of Wiretapped Phone Conversation between Halstead and Loraine DiGuiseppe, monitored by Det. Mitchell dated 3/29/85 | Def. Ex. XXX | | FRE 401, 402, 403, 802, 803, MIL *see* D.E. 180-1 (06-cv-6695) |
| DH2 | Wiretapped phone conversation between Dennis Halstead and Linda Miller | NC 78841 | | FRE 401, 402, 403, 802, 803, MIL *see* D.E. 180-1 (06-cv-6695) |
| DH3 | Transcript of Deposition of Dennis Halstead, 12/12/06 | | | FRE 401, 402, 403, 404, 608 |
| DH4 | Transcript of Deposition of Dennis Halstead, 7/25/11 | | | FRE 401, 402, 403, 404, 608 |
| DH5 | Transcript of Deposition of Dennis Halstead, 7/26/11 | | | FRE 401, 402, 403, 404, 608 |
| DH6 | Transcript (typed) of Wiretapped Phone Conversation between Halstead and Linda Miller dated 4/6/85 | Def. Ex. UUU | | Incomplete transcript of longer conversation; FRE 106, 401, 402, 403, 608, 609, 901 |
| DH7 | Transcript of Trial Testimony of Dennis Halstead, People v. Restivo | | | FRE 403, 802, 803 |
| DH8 | Apalachee Center, Inc. Questionnaire for Dennis Halstead, 12/12/06 | Def. Ex. QQQ | | FRE 401, 402, 403, 404, 802, 803 |
| DH9 | NCPD Form 79 for Dennis Halstead | Def. Ex. TTT | | FRE 403, 404, 802, 803 |
| DH10 | Letter from Dennis Halstead to "Gretchen," 11/1/89 | Def. Ex. VVV | | FRE 403, 404, 802, 803, MIL |
| DH11 | Mission of the Immaculate Virgin, Mount Loretto Records for Dennis Halstead | Def. Ex. WWW | | FRE 403, 404, 802, 803, MIL for selected documents |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| DH12 | Transcript of Trial Testimony, Dennis Halstead, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) |
| DH13 | Leon County Sheriff's Office, Daily Booking Report, 2/17/2014 | http://www.leoncountyso.com/tools/booking_reports/LCSO_Daily_Booking_Report_02182014.pdf | | FRE 401, 402, 403, 404, 608, 609, 802, 803 |
| DM1 | Transcript of Trial Testimony of ME Daniel McCarthy, People v. Restivo | | Stipulated | |
| DM2 | Transcript of Trial Testimony of ME McCarthy, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| DS1 | Connaughton notes on David Skellington, 6/18/85 | Pl. Ex. 95 | | FRE 401, 402, 403, 404, 802, 803 |
| DS2 | Interview of David Skellington | NC 29327 | | FRE 401, 402, 403, 404, 802, 803 |
| DS3 | Notes of Detective Hillman Interview of David Skellington dated 6/8/11 | NC 077130 | | FRE 401, 402, 403, 404, 802, 803 |
| DS4 | Transcript, Grand Jury Testimony, David Skellington, June 10, 1985 | | | FRE 401, 402, 403, 404, 802, 803 |
| DSM1 | Detective Volpe's Notes on Statement of Debbie Smith, handwritten | Pl. Ex. 160 | | FRE 401, 402, 403, 802, 803 |
| DSM2 | Statement of Debbie Smith dated 12/9/84, handwritten | Pl. Ex. 159 | | FRE 401, 402, 403, 802, 803 |
| DSM3 | Transcript of Deposition of Debra Smith, 3/22/11 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 802, 803 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|----------------------|-----------|------------|------------------------|
| DSM4 | Homicide Lead Sheet, lead source= Debbie Smith | Pl. Ex. 158 | | FRE 401, 402, 403, 802, 803 |
| DSM5 | Transcript of Trial Testimony, Debbie Smith, Kogut v. Cty. of Nassau (2012) | | | FRE FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| EB1 | Notes, "4 Latents Remain Open" | NC 029417 | | FRE 401, 402, 802, 803, 901 |
| EB2 | Crime Scene Search Unit Scene Examination Report "Additional to 12/5/84" dated 12/7/84, description of photos taken of French Auto and list of items found in French Auto | Pl. Ex. 167 | | FRE 401, 402, 403, 802, 803, 901 |
| EB3 | Latent Fingerprint Reports, Vehicle Processing Worksheets and Crime Scene Examination Reports | Def. Ex. A and A-1 | | FRE 401, 402, 403, 802, 803 |
| EB4 | Transcript of Trial Testimony of P.O. Beahr, People v. Restivo | | | FRE 802, 803 |
| EB5 | Transcript of Trial Testimony of P.O. Beahr, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| EC1 | Statement of Steve and Elizabeth Cagan | NC 048628 – 30 | | FRE 401, 402, 403, 802, 803 |
| EC2 | Work Sheet Invoice for Piano Move by Move-Right (11/10/84) | Def. Ex. FF | | FRE 401, 402, 403, 802, 803 |
| EM1 | Progress Report Re: 3/29/85 Eavesdropping Warrant | Pl. Ex. 237 | | FRE 401, 402, 403, 802, 803 |
| EM2 | Eavesdropping Warrant effective 3/14/85 | Pl. Ex. 178 | | FRE 401, 402, 403, 802, 803 |
| EM3 | Progress Report Re: 3/14/85 Eavesdropping Warrant | Pl. Ex. 236 | | FRE 401, 402, 403, 802, 803 |

### DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| EM4 | Eavesdropping Warrant effective 3/29/85 | Pl. Ex. 157 | | FRE 401, 402, 403, 802, 803; exclusion of Kogut confession |
| EM5 | Transcript of Deposition of Hon. Edward McCarty, 12/20/10 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 602, 608, 802, 803. |
| EM6 | Transcript of Trial Testimony of Hon. Edward McCarty, Kogut vs. Cty of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803. |
| ET1 | Interview of Eileen Tosner, 1/22/85 | NC 29839 | | FRE 401, 402, 403, 802, 803 |
| ET2 | Lead Sheet, Eileen Tosner | NC 29837-29838 | | FRE 401, 402, 403, 802, 803 |
| ET3 | Interview of Eileen Tosner, 2/1/85 | NC 29840-29842 | | FRE 401, 402, 403, 802, 803 |
| FK1 | Transcript of Deposition of Fred Klein, 8/23/10 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| FK2 | Transcript of Deposition of Fred Klein, 9/1/10 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| FK3 | Transcript of Deposition of Fred Klein, 9/8/10 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| FK4 | Transcript of Deposition of Fred Klein, 4/3/12 | | | FRCP 32 violation, FRE 401, 402, 403, 404, 602, 608, 802, 803 |
| FK5 | Voluntary Disclosure Notices and Demands, John Kogut, 6/27/85 | Def. Ex. G | | FRE 401, 402, 403, 802, 803 |
| FK6 | Affirmation of ADA Fred Klein, 3/21/86 | Def. Ex. H | | FRE 401, 402 |
| FK7 | Voluntary Disclosure Notices and Demands, Dennis Halstead and John Restivo, 6/27/85 | NC 14058, 14061, 14064, 14068 | | FRE 401, 402, 403, 802, 803 |
| FK11A | Crime Scene photo 40 | | Stipulated | |
| FK11B | Crime Scene photo 41 | | Stipulated | |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|-----------|------------------------|
| FK11C | Photograph of Blue Econoline van | | Stipulated | |
| FK12 | Transcript of Trial Testimony, Fred Klein, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| FK13 | Indictment, People v. Restivo and Halstead (1985) | | | FRE 401, 402, 403, 802, 803 |
| FS1 | Transcript and/or video of Deposition of Frank Sirianni, 6/15/10 | | | Redact per MILs, see objections to FRCP 32 designations |
| FS2 | Transcript and/or video of Deposition of Frank Sirianni, 12/13/11 | | | Redact per MILs, see objections to FRCP 32 designations |
| FS3 | Transcript and/or video of Deposition of Frank Sirianni, 12/14/11 | | | Redact per MILs, see objections to FRCP 32 designations |
| GD1 | TF Missing Person's Report dated 11/11/84 and supplementary reports | NC 14171-14194 | | Redact per MILs, FRE 401, 402, 403, 802, 803. |
| GP1 | Transcript of Kogut Video Confession to ADA Peck 3/26/1985; DVD entitled "Dub Copy of Interview with John Kogut" 3/26/85 | Def. Ex. ZZZZ; NC 76734 | | FRE 401, 402, 403, 802, 803; ruling excluding Kogut confession |
| GP2 | Transcript of Trial Testimony of ADA Peck, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803; ruling excluding Kogut confession |
| GP3 | Transcript of Trial Testimony of George Peck, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803; ruling excluding Kogut confession |
| GP4 | Transcript of Trial Testimony of Hon. George Peck, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, 802, 803; ruling excluding Kogut confession |
| HG1 | Statement, Howard Garcia | NC 13879-13880 | Stipulated | |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| HS1 | Excerpts from March 1985 homicide blotter | Pl. Ex. 134 | | FRE 401, 402, 403, 802, 803, MIL re Restivo statement |
| HS2 | Perrino Notes on Smyle Interview beginning 3/5/85, handwritten | Pl. Ex. 191 | | FRE 802 – 804, redact per MIL |
| HS3 | Perrino Notes on Smyle Interview beginning 3/5/85, typed | Pl. Ex. 193 | | FRE 802 – 804, redact per MIL |
| HS4 | Volpe's Notes on Smyle and leads to John Restivo | Pl. Ex. 176 | | FRE 802 – 804, redact per MIL |
| HS5 | Homicide Lead Sheets for Harold Smyle | NC 10101-10104 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS6 | Transcript of Grand Jury Testimony of Harold Smyle | | | FRE 802 – 804. |
| HS7 | NCPD Form 79 for Harold Smyle dated 3/5/85 | Pl. Ex. 192 | | FRE 401, 402, 403, 404, 802 – 804, redact per MIL |
| HS8 | Statement of Harold Smyle dated 3/27/85, handwritten | Pl. Ex. 198 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS9 | Statement of Harold Smyle dated 3/27/85, typed | PL. Ex. 199 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS10 | Harold Smyle Interview, 3/5/85 and statement, 3/7/85 | NC 18343 – 44 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS11 | Statement of Harold Smyle dated 3/7/85, handwritten | Pl. Ex. 195 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS12 | Statement of Harold Smyle dated 3/7/85, typed | Pl. Ex. 193 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS13 | Statement of Harold Smyle dated 6/25/85, typed | NC 18347 | | FRE 403, 404, 802 – 804, redact per MIL |
| HS14 | Statement of Harold Smyle dated 9/18/86, typed | NC 18353 | | FRE 403, 404, 802 – 804, redact per MIL |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| HS15 | Transcript of Trial Testimony of Harold Smyle, People v. Restivo | | | FRE 403, 404, 802 – 804, redact per MIL |
| HS16 | Transcript of Deposition of Harold Smyle, 1/5/12 | | | FRCP 32 violation, FRE 403, 802, 803, 804 |
| HS17 | Transcript of Trial Testimony of Harold Smyle, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) FRE 802, 803 |
| HS18 | Declaration of Harold Smyle | | | FRE 403, 802, 803, redact per MILs |
| HS19 | NCPD Form 79 for Harold Smyle dated 3/5/85 | Pl. Ex. 176 | | Duplicate of HS7; same objections |
| HW1 | Waltman Report dated 12/6/84 | Pl. Ex. 137 | Stipulated* | *Stipulate to full version; version marked HW1 has redaction |
| HW2 | Transcript of Deposition of Harry Waltman, 2/23/09 | | | FRCP 32 violation, FRE 802, 803 |
| HW3 | Transcript of Trial Testimony of Det. Waltman, People v. Restivo | | | FRE 802, 803 |
| HW4 | Transcript of Trial Testimony of Det. Waltman, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| HW5 | Transcript of Trial Testimony of Waltman, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| JF1 | Transcript of Deposition of John French, 4/19/11 | | | FRCP 32 violation, FRE 802, 803 |
| JF2 | List of Items Missing from John French's Car dated  12/11/84 | Def. Ex. J | Stipulated | |
| JF3 | John French Statement, dated 12/7/84, handwritten | Pl. Ex. 163 | Stipulated | |
| JF4 | French stolen car report & NCPD Vehicle/Boat Recovery Report | Pl. Ex. 166 | Stipulated | |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| JF5 | Volpe Notes Re: French Stolen Car | Def. Ex. I | Stipulated | |
| JF6 | Sirriani Notes on John French dated 12/6/84 | Pl Ex. 161 | Stipulated | |
| JF7 | Trial Testimony of John French, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| JK1 | Transcript and/or video of Deposition of John Kogut, 1/30/12 | | | FRE 401, 402, 403, 404, 608, 802, 803 MIL re Kogut confession |
| JK2 | Transcript and/or video of Deposition of John Kogut, 1/31/12 | | | FRE 401, 402, 403, 404, 608, 802, 803,  MIL re Kogut confession |
| JK3 | Volpe Notes on John Kogut dated 3/21/85, handwritten | PL. Ex. 65 | | FRE 401, 402, 403, 404, 608, 802, 803,  MIL re Kogut confession, KM |
| JK4 | Transcript of Trial Testimony of John Kogut, People v. Kogut (1986) | | | FRE 401, 402, 403, 404, 802, 803 |
| JK5 | Notice of Alibi, John Kogut, 4/11/86 | Def. Ex. JJJJ | | FRE 401, 402, 403, 802, 803 |
| JK6 | Pre-Sentence Report for John Kogut | Def. Ex. LLLL | | FRE 401, 402, 403, 404, 802, 803, 901, MIL |
| JK7 | Map of Crime Scene Tour | Def. Ex. MMMM | | FRE 401, 402, 403, 602, 802, 901, MIL |
| JK8 | Statement of John Kogut re: Burglary of Foster Father's Beverage Store, dated 4/21/81 | Def. Ex. RRRR and SSSS | | FRE 401, 402, 403, 404, 802, 803, MIL |
| JK9 | Final Disposition Report-140.20 (Burg 3) for John Kogut, arrest date 4/21/81 | Def. Ex. TTTT | | FRE 401, 402, 403, 404, 802, 803, MIL |
| JK14 | Consent to Take a Polygraph Examination, signed by John Kogut | NC 28153 | | FRE 401, 402, 403, 802, 803, MIL |
| JK15 | Trial Transcript of John Kogut, Kogut v. Cty of Nassau (2012) | | | FRE 401, 402, 403, 404, 802, 803, MIL |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| JO1 | Notes of Sgt. Overs (Lynbrook Police) dated 12/5/84, typed | (Pl. Ex. 44, Volpe Deposition) | Stipulated | |
| JO2 | Transcript of Trial Testimony of Sgt. Overs. People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| JO3 | Transcript of Trial Testimony of Sgt. Overs, People v. Restivo | | | FRE 802, 803 |
| JO4 | Transcript of Trial Testimony of Sgt. Overs, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| JO5 | Trial Transcript of John Overs, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| JP1 | Norwegian Folk Dance, November/December 1984 | NC 78864 | | FRE 401, 402, 403, 802, 803, 901 |
| JR1 | Transcript of trial testimony of John Restivo, People v. Restivo | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) |
| JR2 | Detective Volpe Notes, 3/5/85 | NC 11817-11818 | | Redact per MIL, FRE 401, 402, 403, 404, 608, 802, 803, 901 |
| JR3 | Car Registration Form for GMC van | Def. Ex. S | | FRE 401, 402, 403, 802, 803, 901 |
| JR4 | Statement of John Restivo, 3/6/85, handwritten | Def. Ex. KKK | | FRE 401, 402, 403, 404, 802, 803, MIL see D.E. 132 (06-cv-0720) |
| JR5 | Statement of John Restivo 3/6/85, typed | Pl. Ex. 177 | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-0720) |
| JR6 | Transcript of Deposition of John Restivo, 11/16/09 | | | FRE 403, 404, 608, MIL |
| JR7 | Transcript of Deposition of John Restivo, 6/13/11 | | | FRE 403, 404, 608, MIL |

### DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| JR8 | Transcript of Deposition of John Restivo, 6/14/11 | | | FRE 403, 404, 608, MIL |
| JR9 | Pre-sentence Report for John Restivo | Def. Ex. P | | FRE 402, 403, 404, 802, 803, 901, MIL |
| JR10 | Move-Rite Corporate Records | Def. Ex. YYY | | FRE 401, 402, 403 |
| JR11 | Move-Rite Certificate of Dissolution | Def. Ex. ZZZ | | FRE 401, 402, 403 |
| JR12 | Move-Rite Checks, May of 1985 | Def. Ex. AAAA & BBBB | | FRE 401, 402, 403 |
| JR13 | Bills of Lading, Move-Rite Movers, 11/13/84 | Def. Ex. EE | | FRE 401, 402, 403 |
| JR14 | Move-Right Movers, check stubs for 1984 | Def. Ex. GG | | FRE 401, 402, 403 |
| JR15 | DMV Registration, check stub, 11/8/84 | Def. Ex. HH | | FRE 401, 402, 403 |
| JR16 | Phone Records of John Restivo | NC 26348 - 51 | | FRE 801, 802, 803, 901 |
| JR17 | Transcript of Trial Testimony, John Restivo, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) |
| JR18 | Registration and application to renew registration for blue Ford Econoline van | People's Ex. 39 (People v. Restivo) | | FRE 401, 402, 403, 802, 803, 901 |
| JS1 | Transcript of Deposition of Jack Sharkey, 2/26/09 | | | FRCP 32 violation, see D.E. 353 re PC/MIL (06-CV-6695); MIL see D.E. 132 (06-CV-0720), FRE 401, 402, 403, 802, 803 |
| JS2 | NCPD Missing Person Supplementary Report (Theresa Fusco) | | | FRE 401, 402, 403, 404, 802, 803, redact per MIL |
| JS3 | Crime Scene Log, 12/5/84, 12/6/84 | Def. Ex. B-1 | Stipulated | |
| JS4 | Sharkey Notes of Interview of Robert Martini, handwritten | Pl. Ex. 150 | | FRE 401, 402, 403, 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| JS5 | Sharkey's Notes on Interview w/ John Restivo 3/6/85 | Pl. Ex. 132 | | FRE 401, 402, 403, 404, 802, 803, MIL see D.E. 132 (06-cv-0720) |
| JS6 | Sharkey's Notes Re: Murder Investigation of Theresa Fusco, handwritten | Pl. Ex. 146 | | FRE 401, 402, 403, 802, 803 |
| JS7 | "262" Detective Division Supplementary Reports by Detective Volpe | Pl. Ex. 45 | | FRE 401, 402, 403, 802, 803; MILs |
| JT1 | Phone Records of Harold O'Hanlon (1/22/86 to 1/31/86) | Trial exhibit 28 (1986) | | FRE 401, 402, 403, 802, 803, 901; illegible |
| JT2 | Transcript of Trial Testimony of Joseph Taylor, People v. Restivo | | | FRE 401, 402, 403, 802, 803 |
| JV1 | Transcript and/or video of Deposition of Joseph Volpe, 1/26/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV2 | Transcript and/or video of Deposition of Joseph Volpe, 3/5/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV3 | Transcript and/or video of Deposition of Joseph Volpe, 3/18/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV4 | Transcript and/or video of Deposition of Joseph Volpe, 4/6/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV5 | Transcript and/or video of Deposition of Joseph Volpe, 5/4/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV6 | Transcript and/or video of Deposition of Joseph Volpe, 11/24/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV7 | Transcript and/or video of Deposition of Joseph Volpe, 12/2/09 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |
| JV8 | Transcript and/or video of Deposition of Joseph Volpe, 11/19/10 | | | See objections to FRCP 32 designations; FRE 401, 402, 403,404, 802, 803 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|----------------------|-----------|------------|------------------------|
| KC1 | NCPD Form 79 for Kenneth Cockeral dated 4/19/85 | | | FRE 401, 402, 403, Polygraph MIL (note: this is not a form 79) |
| KC2 | Transcript of grand jury testimony of Kenneth Cockerel, People v. John Doe Investigation, June 10, 1985 | | | FRE 401, 402, 403, 404, 802, 803 |
| KC3 | Transcript of Trial Testimony, Kenneth Cockerel, Restivo v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) 802, 803 |
| KK1 | Interview of Kim Kruse, Detective Hillman | NC 77101-77102 | | FRE 401, 402, 403, 404, 802, 803, MILs |
| KK2 | Statement, Kim Beyer | NC 13875-13877 | | FRE 401, 402, 403, 404, 802, 803, MILs |
| KK3 | Transcript of Trial Testimony, Kimberly Kruse, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| LG1 | Transcript and/or video of Deposition of Lori French Gabberty, 3/16/11 | | | FRCP 32 violation, FRE 802, 803 |
| LG2 | Transcript of Trial Testimony, Lori French Gabberty, Kogut v. Cty of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| LJ1 | Additional Lead Sheet dated 12/7/84, source = Lisa Kaplan | NC 023690 | | FRE 401, 402, 403, 802, 803 |
| LJ2 | Handwritten Note/Msg to Volpe from Dempsey Re: Lisa Kaplan Phone Call dated 12/10/84 @1830hrs | NC 023694 | | FRE 401, 402, 403, 802, 803 |
| LJ3 | List of names, addresses and other information given to NCPD by Lisa Kaplan, handwritten | NC 023689 | | FRE 401, 402, 403, 802, 803 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| LJ4 | Notes from Re-Interview of Lisa Kaplan, handwritten dated 12/11/84 | | | FRE 401, 402, 403, 802, 803 |
| LJ5 | Notes of Interview of Lisa Kaplan, handwritten, dated 12/5/84 | NC 023666-70 | Stipulated | |
| LJ6 | Notes on Interview of Lisa Kaplan dated 12/5/84, typed; Homicide Lead Sheets (source= Lisa Kaplan); Alger/Sharkey Notes of Lisa Kaplan Interview, handwritten. | Pl. Ex. 58 | Stipulate only to typed version of LJ5 | Object to all exhibits other than typed version of LJ5, FRE 401, 402, 403, 802, 803 |
| LJ7 | Transcript of Trial Testimony of Lisa (Kaplan) Johnson, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| LJ8 | Transcript of Trial Testimony of Lisa Kaplan, People v. Restivo | | | FRE 802, 803 |
| LJ9 | Transcript of Trial Testimony of Lisa Kaplan, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| LJ10 | Transcript of Trial Testimony, Lisa Johnson, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| LK1 | Connaughton notes on Leo Klein, 6/12/85 | Pl. Ex. 94 | | FRE 401, 402, 403, 802, 803 |
| LK2 | Statement of Leo Klein dated 5/25/85 | NC 48604 | | FRE 401, 402, 403, 802, 803 |
| LK3 | Statement of Leo Klein dated 6/17/85 | NC 48605-06 | | FRE 401, 402, 403, 802, 803 |
| LK4 | Transcript of Trial Testimony of Leo Klein, People v. Restivo | | | FRE 401, 402, 403, 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| LK5 | Receipts from Prez Tool rental | People v. Restivo, Trial exhibits 23, 37, T, NN, OO, PP and AAA | | FRE 401, 402, 403, 802, 803 |
| M1 | Map of Lynbrook, street view | Def Ex. WW | Stipulated | |
| M2 | Map of Lynbrook, aerial view-marked | Def Ex. CC | Stipulated | |
| M3 | Map of Lynbrook, aerial view-marked, Large | Def Ex. R | Stipulated | |
| M4 | Map of Lynbrook | Def. Ex. Q | Stipulated | |
| M5 | Map of Lynbrook w/location where French auto was reported stolen and location where car was recovered marked | Pl. Ex. 170 | Stipulated* | Redact for Debbie Smith (FRE 401, 402, 403) |
| M6 | Map of Merrick Road and Atlantic Avenue | Def. Ex. D1 (at Pozzini's deposition) | | Not provided by Defendants |
| M7 | Map of Merrick Road and Ocean Avenue | Def. Ex. D2 (at Pozzini's deposition) | | Not provided by Defendants |
| M8 | Map of Merrick Road and Ocean Avenue (with location of Theresa Fusco's body marked) | | | Not provided by Defendants |
| M9 | Map of Park Place and the location where Theresa Fusco's body was found | Trial exhibit 24 (2005) | | Not provided by Defendants |
| M10 | Map drawn at crime scene by P.O. Caputo | | | Not provided by Defendants |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| | (12/5/84) | | | |
| MB1 | Statement of Marcello Baez, 12/5/84 | NC 13809 | Stipulated | |
| MB2 | Trial testimony of Marcello Baez, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| MB3 | Trial Testimony of Marcello Baez, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| MC1 | Statement of Michael Cockerel dated 4/2/85, handwritten | Pl. Ex. 205 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC2 | Notes of Interview of Michael Cockerel dated 4/2/85 | NC 20129-20131 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC3 | Notes re: Michael Cockerel dated 2/16/86 | NC 20134-38 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC4 | Polygraph Materials for Michael Cockerel dated 4/2/85 | Pl. Ex. 204 | | FRE 401, 402, 403, 802, 803, MIL polygraph |
| MC5 | Statement of Michael Cockerel dated 4/2/85, handwritten | Pl. Ex. 205 | | FRE 401, 402 403, 404, 802, 803, MIL; duplicate of MC1 |
| MC6 | Statement of Michael Cockerel dated 4/2/85, typed | Pl. Ex. 206 | | FRE 401, 402 403, 404, 802, 803, MIL |
| MC7 | Statement of Michael Cockerel, handwritten dated 3/15/85 | Pl. Ex. 200 | | FRE 401, 402 403, 404, 802, 803, MIL |
| MC8 | Transcript of Grand Jury Testimony of Michael Cockerel, People v. John Doe Investigation | | | FRE 401, 402 403, 404, 802, 803, MIL; redact per MIL |
| MC9 | Transcript of Trial Testimony of Michael Cockerel, People v. Restivo | | | FRE 401, 402 403, 404, 802, 803, MIL; redact per MIL |
| MC10 | Polygraph Examination Materials for Michael Cockerel dated 4/2/85 | Pl. Ex. 204 | | FRE 401, 402 403, 404, 802, 803, MIL |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| MC11 | Detective Kuhn Interview of Michael Cockerel | NC 12232-12233 | | FRE 401, 402 403, 404, 802, 803, MIL |
| MC12 | NCPD 79 Michael Cockerel dated 3/15/85 | Pl. Ex. 86; 202 | | FRE 401, 402 403, 404, 802, 803, MIL |
| MC13 | NCPD Form 79 for Michael Cockeral dated 4/2/85 | Pl. Ex. 207 | | FRE 401, 402 403, 404, 802, 803, MIL |
| MC14 | NCPD Form 79 for Michael Cockerel dated 4/2/85 | Pl. Ex. 207 | | Duplicate of MC13; same objections |
| MC15 | Notes of Interview of Michael Cockerel dated 4/2/85, typed | Pl. Ex. 203 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC16 | Notes on Interview of Michael Cockerel dated 4/2/85, typed | Pl. Ex. 203; NC 20129-20131 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC18 | Michael Cockerel Statement to Rick Arden, 5/2/85 | NC 13452-13454 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| MC19 | Trial Testimony of Michael Cockerel, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims) 404, 802, 803 |
| MCO1 | Homicide Lead Sheet for Dennis Halstead (source=John Restivo) beginning 3/13/85 | Def. Ex. SSS | | FRE 401, 402, 403, 404, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| MCO3 | Search Warrant for 1977 Blue Ford Van, Order and Affidavit w/exhibit | Pl. Ex. 111 | | FRE 401, 402, 403, 802, 803, redact for Kogut confession |
| MCO4 | Connaughton Notes of Interview of M. Goergies, handwritten dated 8/22/85 | Pl. Ex. 82 | | FRE 401, 402, 403, 802, 803 |
| MCO5 | Kuhn Fax w/Connaughton notes/memobook entries for 3/18/85; 3/20/85; 3/22/85; 3/25/85- | Pl. Ex. 87 | | FRE 401, 402, 403, 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| | 3/27/85; 3/29/85; 4/1/85-4/5/85; 4/8/85; 4/16/85 to 4/19/85; 4/24/85-4/26/85; 6/18/85 | | | |
| MCO10 | Transcript of Trial Testimony P.O. Connaughton, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| MCO12 | Transcript of Deposition of Michael Connaughton, 1/29/09 | | | FRCP 32 violation, 401, 402, 403, 802, 803 |
| MCO13 | Transcript of Trial Testimony of P.O. Connaughton, People v. Restivo | | | FRE 401, 402, 403, 802, 803 |
| MCO14 | Transcript of Trial Testimony of P.O. Connaughton, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| MCO15 | Trial Testimony of Michael Connaughton, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| MG1 | Transcript of Trial Testimony of Det. Gruber, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803, MIL poly |
| MG2 | Transcript of Trial Testimony of Gruber, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803, MIL poly |
| MH1 | Taphonomy of Hair- A Study of Post-Mortem Root Banding | | | FRE 802, 803; more recent published version exists |
| P1-P235 | Crime Scene Photos Numbered 1-129, Fusco Investigation, Nassau County Police Department | | | FRE 401, 402, 403 to specific photos; and FRE 401, 402, 403, 802, 803, and 901 to numbering |
| P239 | Autopsy Photos of Theresa Fusco | NC 13271; NC 12962- | | FRE 401, 402, 403 for any cumulative/prejudicial autopsy photos |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| | | 12981 | | |
| P239A | Autopsy Photo of Theresa Fusco | | | FRE 401, 402, 403 for any cumulative/prejudicial autopsy photos |
| P239B | Autopsy Photo of Theresa Fusco | | | FRE 401, 402, 403 for any cumulative/prejudicial autopsy photos |
| P239C | Autopsy Photo of Theresa Fusco | | | FRE 401, 402, 403 for any cumulative/prejudicial autopsy photos |
| P239D | Autopsy Photo of Theresa Fusco | | | FRE 401, 402, 403 for any cumulative/prejudicial autopsy photos |
| P250 | Aerial photo not previously marked: Enlarged photo of location where Theresa Fusco's jewelry was found and location of Theresa Fusco's body with exhibit markers | | | FRE 401, 402, 403 |
| P251 | Aerial photo not previously marked: location of Theresa Fusco's body by the LIRR tracks | | | FRE 401, 402, 403 |
| P252 | Aerial photos not previously marked: View west of Ocean Avenue | | | FRE 401, 402, 403 |
| P253 | Aerial photos not previously marked: View west of Ocean Avenue | | | FRE 401, 402, 403 |
| PW1 | Transcript of Deposition of Peter Weinstein, 2/10/11 | | | Due to Peter Weinstein's unavailability; the parties should propose designations |
| PW2 | Transcript of Deposition of Peter Weinstein, 1/13/12 | | | Due to Peter Weinstein's unavailability; the parties should propose designations |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| RB1 | Transcript of Trial Testimony of Robert Bauman, People v. Restivo | | | FRE 802, 803 |
| RB2 | Transcript of Trial Testimony of Robert Bauman, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| RB3 | Transcript of Trial Testimony of Robert Bauman, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| RBE1 | Transcript of Trial Testimony of Rochelle Bernstein, People v. Restivo | | | FRE 802, 803 |
| RBE2 | Theresa Fusco's Hot Skates Time Card, dated 11/10/84 | Trial Exhibit 7 (1986) | Stipulated | |
| RBE3 | Transcript of Trial Testimony of Rochelle Bernstein, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| RBE4 | Transcript of Trial Testimony of Rochelle Bernstein, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| RBE5 | Theresa Fusco's employment application | Trial Exhibit 17 (2005) | | FRE 401, 402, 403, 802, 803 |
| RBE6 | Trial Testimony of Rochelle Bernstein, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| RBR1 | Transcript of Trial Testimony of Richard Brusa, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| RBR2 | Transcript of Trial testimony of Det. Brusa, People v. Restivo | | | FRE 802, 803 |
| RD3 | NCPD Form 79 for John Restivo dated 3/6/85 | Def. Ex. LLL | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv- |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| | @0350hrs | | | 6720) |
| RD4 | NCPD Form 79 for John Restivo dated 3/6/85 @1620hrs | Def. Ex. MMM | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD7 | Dempsey's Notes on John Restivo beginning at 2350(11:50pm) on 3/5/85 and going through 1610 (4:10pm) on 3/6/85 | Pl. Ex. 131 | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD9 | Sharkey's Notes of Interview with Restivo dated 3/6/85 beginning at 9:20am, handwritten | Def. Ex. NNN | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD10 | Transcript of Deposition of Robert Dempsey, 2/13/09 | | | FRCP 32, FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD11 | Transcript of Deposition of Robert Dempsey, 1/24/12 | | | FRCP 32, FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD12 | Transcript of Deposition of Robert Dempsey, 5/18/10 | | | FRCP 32, FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD13 | Transcript of Trial Testimony of Det. Dempsey, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD14 | Transcript of Trial Testimony of Det. Dempsey, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| RD16 | Trial Testimony of Robert Dempsey, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720), D.E. 132 (MIL relevance of evidence given narrower claims) |
| RE1 | Transcript of Trial Testimony of Edwards, People v. Restivo | | | FRE 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| RE2 | Transcript of Trial Testimony of Edwards, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| RN1 | Interview of Regina Nezmoudeen, Detective Hillman | NC 77100 | | FRE 401, 402, 403, 404, 802, 803, MIL re KM |
| RN2 | Interview of Regina Nezmoudeen, Detective Kuhn | NC 12234 | | FRE 401, 402, 403, 404, 802, 803, MIL re KM |
| SC1 | Additional Statement of Steven Cagan dated 5/1/85 | NC 048626-27 | | FRE 401, 402, 403, 802, 803 |
| SC2 | Statement of Steve Cagan dated 5/15/85 | NC 048623-25 | | Duplicate of SC1 |
| SS1 | Transcript of Deposition of Shaun Spillane, 2/9/09 | | | FRCP 32, 802, 803 |
| SS2 | Trial Testimony of Shaun Spillane, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| TA1 | Crime Scene Photo List (various photographers) | 13060-72 | | FRE 401, 402, 403, 802, 803, 901 |
| TA2 | Crime Scene Roll Call 12/5/84 | Pl. Ex. 29 | | FRE 401, 402, 403, 802, 803, 901 |
| TA3 | Crime Scene Search Unit Reports "additional to 12/5/84" | Def. Ex. B | | FRE 401, 402, 403, 802, 803, 901 |
| TA3b | Pages 9 and 10 of TA3 | | | FRE 401, 402, 403, 802, 803, 901 |
| TA4 | Crime Scene Search Unit Reports dated 12/5/84 | Def Ex. C | | FRE 401, 402, 403, 802, 803, 901 |
| TA13 | Transcript of Trial Testimony of Det. Allen, People v. Restivo | | | FRE 802, 803 |
| TA14 | Transcript of Trial Testimony of Det. Allen, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| TA15 | Transcript of Trial Testimony of Det. | | | FRE 401, 402, 403, 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|---|---|---|---|---|
| | Allen, People v. Kogut (2005) | | | |
| TA16 | Transcript of Deposition of Thomas Allen, 1/22/09 | | | FRCP 32, FRE 802, 803 |
| TA17 | Trial Testimony of Thomas Allen, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, see D.E. 132 (MIL relevance of evidence given narrower claims), 802, 803 |
| TB1 | Report of Death of Theresa Fusco by Dr. Alan Greene | NC 19138-191400; Pl. Ex. 54 | Stipulated | |
| TB2 | Report of Autopsy for Theresa Fusco dated 12/6/84 | NC 171513 – 25 | Stipulated | |
| TB3 | Transcript of Trial Testimony of Dr. Tamara Bloom, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| TD1 | Trial Testimony of Thomas DeCrescenzo, People v. Restivo (1986) | | | FRE 802, 803 |
| TD2 | Statement and interview notes of Thomas DeCrescenzo | NC 13481-13482 | | FRE 401, 402, 403, 802, 803 |
| TG1 | Det Mitchell Notes of Interview of Thomas Gihouley, 2/11/85-typed | Pl. Ex. 179 | | FRE 401, 402, 403, 802, 803 |
| TG2 | Trial Testimony of Thomas Gilhouley, Kogut v. Cty. of Nassau (2012) | | | FRE 401, 402, 403, 802, 803, see D.E. 132 (MIL relevance of evidence given narrower claims) |
| TH1 | Statement, Thomas Henenlotter | NC 13895-97 | | FRE 401, 402, 403, 404, 802, 803 |
| TH2 | Statement, Thomas Henenlotter | NC 13898-902 | | FRE 401, 402, 403, 404, 802, 803 |
| TH3 | Statement, Thomas Henenlotter, given to Rick Arden | NC 13903-13905 | | FRE 401, 402, 403, 404, 802, 803 |
| TH4 | Receipt, Glass Crafters | NC 13906 | | FRE 401, 402, 403, 404, 802, 803, 901 |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|---------------------|-----------|------------|------------------------|
| TH5 | Interview of Thomas Henenlotter, Detective Hillman | NC 77129 | | FRE 401, 402, 403, 404, 802, 803, MIL |
| TR2 | Letter to Theodore Robinson from Commissioner Spahr (Please note: TR2 appears to be mistakenly identified in the trial transcript as TR23 at page 1130) | | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| TR3 | Letter to Theodore Robinson from Samuel Rozzi, 2/28/86 | | | FRE 401, 402, 403, 802, 803, MIL see D.E. 132 (06-cv-6720) |
| TR11 | Crime Scene Search Unit Reports (NC 13057-13072) | | | FRE 401, 402, 403, 802, 803, 901 |
| TR11A | Addendum to TR 11 (NC 17479) | | | FRE 401, 402, 403, 802, 803, 901 |
| WB1 | NCPD Property Bureau Invoice dated 5/8/85 regarding item seized pursuant to subaru search warrant dated 3/26/85 | NC 029418 | | FRE 401, 402, 403, 802, 803 |
| WB2 | Notes on "Eginton Blue Van," damage and inventory, handwritten | NC 029419 | | FRE 802, 803, 901 |
| WB3 | Crime Scene Search Unit Receipt for Ford Blue Van dated 3/26/85 | Pl. Ex. 112 | Stipulated | |
| WB4 | Transcript of Deposition of Wayne Birdsall, 2/5/09 | | | FRCP 32, FRE 401, 402, 403, 802, 803, 901 |
| WB5 | Transcript of Trial Testimony of Birdsall, People v. Kogut (2005) | | | FRE 401, 402, 403, 802, 803 |
| WB6 | Transcript of Trial Testimony of Birdsall, People v. Kogut (1986) | | | FRE 401, 402, 403, 802, 803 |
| WB7 | Transcript of Trial Testimony of Birdsall, People v. Restivo | | | FRE 401, 402, 403, 802, 803 |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| Ex # | Document Description | Reference | Stipulated | Plaintiffs' Objections |
|------|----------------------|-----------|------------|------------------------|
| WD1 | Transcript of Deposition of William Diehl, 1/20/09 | | | FRCP 32, FRE 401, 402, 403, 802, 803 |
| WD2 | Transcript of Trial Testimony of P.O. Diehl, People v. Restivo | | | FRE 802, 803 |

Dated: February 28, 2014                     Respectfully submitted,
New York, NY


 /s/ Anna Benvenutti Hoffmann
Peter Neufeld
Barry C. Scheck
Nick Brustin
Anna Benvenutti Hoffmann
Alexandra Lampert
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson St., 8th Floor
New York, NY 10013

**Attorneys for Plaintiffs**
**John Restivo and Dennis Halstead**

 /s/ Louis M. Freeman
Louis M. Freeman
Lee A. Ginsberg
Nadjia Limani
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038

Liora Ben-Sorek
Nassau County Attorney's Office
Ralph G. Caso Executive & Legislative
Building
One West Street
Mineola, NY 11501-4820

**Attorneys for Defendants**

113