UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD,<br><br>Plaintiffs,<br><br>-against-<br><br>NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities,<br><br>Defendants. | **PLAINTIFFS' PROPOSED AMENDMENTS TO REQUESTS TO CHARGE**<br><br>06-CV-6720(JS)(WDW) |

The Court already charged the jury once in this case. *See* 11/20/12 Tr. at 6014–72. Plaintiffs propose only slight modifications to that charge, to conform to the Court's recent rulings and the differences between the evidence and claims raised at the first trial and at this retrial.

For the Court's convenience, Plaintiffs have put their proposed changes in red line over the jury charge the Court gave at the first trial, attached as Exhibit A. Substantive amendments are also described below, along with the supporting authority. Depending on the Court's rulings on pending motions *in limine*, Plaintiff may have other small suggested edits.[1]

**1. The Court should instruct the jury on the effect of stipulations.**

Plaintiffs propose the following instruction:

> When the attorneys on both sides stipulate, that is, agree to the existence of a fact, you the jury must accept the stipulation and consider the fact as proven.

**Authority:** *United States v. Taveras*, 04-CR-156 JBW, 2008 WL 4561624 (E.D.N.Y. Oct. 13, 2008); *see also Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 130 S. Ct. 2971, 2983 (2010) ("factual stipulations are 'formal concessions . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission . . . is conclusive in the case.'") (quoting 2 K. Broun, McCormick on Evidence § 254, p. 181 (6th ed.2006) (footnote omitted)); *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) (holding based on party's judicial admission, a fact "has been conclusively established . . . and the District Court erred by concluding to the contrary"); *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) ("Facts admitted by a party are judicial admissions that bind that party throughout the litigation.") (internal citation and quotation omitted); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 1999 WL 672902, at *2 (S.D.N.Y. Aug. 27, 1999) (noting that answers to contention interrogatories "are treated by courts in this Circuit as 'judicial admissions' that generally estop

---

[1] Although the Court's standard order only requires proposed Requests to Charge to be filed three days in advance of jury selection, Plaintiffs had originally told the Court we would file by February 28, 2014, at the same time as the Joint Pretrial Order. We were unable to do so, however, and apologize for the delay.

the answering party from later seeking to assert positions omitted from, or otherwise at variance with, those responses").

   **2. The Court should give the standard instruction on considering the credibility of police witnesses.**

Plaintiffs propose the following instruction:

> You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.

**Authority**: Eighth Circuit, Manual of Model Civil Jury Instructions § 3.03 (2008); *United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002); *Butler v. City of Camden*, 352 F.3d 811, 816 (3d Cir. 2003); Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:8 (updated Dec. 2008) (available on Westlaw in the POLICEMISC database).

   **3. The Court should amend its instruction on *Brady* claims in light of *Poventud v. City of New York*.**

Plaintiffs propose the following additions to the Court's *Brady* instruction in light of the Second Circuit's recent *en banc* decision in *Poventud v. City of New York*, 12-1011-CV, --- F.3d ---, 2014 WL 182313 (2d Cir. Jan 16, 2014):

> However, evidence need not definitively prove innocence in order to be exculpatory, it need only tend to undermine the evidence of guilt or tend to show innocence.

> Put another way, Plaintiffs must prove that the failure to disclose the evidence undermines confidence in the outcome of their criminal trial.

**Authority**: *Poventud v. City of New York*, 12-1011-CV, 2014 WL 182313, at *9 (2d Cir. Jan. 16, 2014) (en banc) ("While *Brady* ensures a fair trial, a defendant's right to pre-trial disclosure under *Brady* is not conditioned on his ability to demonstrate that he *would* or even *probably would* prevail at trial if the evidence were disclosed, much less that he is in fact innocent.")

3

(quotation omitted, emphasis in original); *id.* at *10 ("[M]ateriality does not depend on factual innocence, but rather what would have been proven absent the violation."); *see also Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (materiality requirement shown where "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict").

### 4. The Court should amend its instruction on probable cause to conform with the Court's rulings.

In keeping with the Court's ruling that, under *Boyd v. City of New York*, 336 F.3d 72, 76–77 & n.7 (2d Cir. 2003), only admissible evidence may be used to establish probable cause to prosecute them, *see* D.E. 489 (06-cv-6695) at 14 (citing Aug. 16, 2012 Tr. at 11), the Court should amend its definition of probable cause. Rather than instructing that probable cause means a reasonable belief in guilt, Plaintiffs propose the Court instruct that there is probable cause if a:

> reasonably prudent person, based upon all of the facts and circumstances known to him when the prosecution was commenced on June 20, 1985, would have believed that he had lawful grounds for prosecuting the Plaintiffs for the rape and murder of Theresa Fusco.

Assuming that the Court grants Plaintiffs' motions *in limine* and limits the evidence at trial to that admissible against Plaintiffs during their criminal trial, *see* D.E. 132 (06-cv-6720), there is no reason to further limit the definition of probable cause in this instruction.

However, if the Court were to deny Plaintiffs' motion *in limine* and admit evidence in this case that was inadmissible in the joint criminal prosecution – such as the statement John Restivo gave at the end of his interrogation – the Court would need to give the jury additional, detailed instructions explaining that such evidence could *not* be considered in determining probable cause to ensure that the problem that affected the previous trial does not again affect this trial. *See* D.E. 489 at 13–15 (06-cv-6695) (holding that Restivo and Halstead's substantial rights were affected

4

because "the jury never should have considered the Kogut confession in determining whether Defendants had probable cause in connection with Halstead and Restivo's case").

**Authority:** *Rounseville v. Zahl, et al.*, 13 F.2d 625 (2d Cir. 1993) ("In the context of a malicious prosecution claim, probable cause under New York law the knowledge of facts, strong enough to justify a reasonable man *in the belief that he has lawful grounds for prosecuting the defendant in* the manner complained of.") (internal citations omitted, emphasis added) (cited by Defendants at D.E. 130 (06-cv-6720) at 3); *Boyd v. City of New York*, 336 F.3d 72, 76–77 & n.7 (2d Cir. 2003); D.E. 489 at 11–15 (06-cv-6695).

### 5. The Court should amend its instruction on malice to conform to the theories Plaintiffs are pursuing and the Court's rulings.

In accordance with the Court's rulings and the theories of malice that Plaintiffs are pursuing, Plaintiffs propose amending the Court's instruction on malice to list only the following two ways of proving malice:

> Plaintiffs must show that the criminal prosecution was initiated out of reckless disregard for the rights of the accused, or in pursuit of a lawful end by intentionally unlawful means.

Plaintiffs further propose adding the following language to explain malice and to clarify that belief in guilt is no defense to the two theories of malice Plaintiffs are pursuing:

> In other words, if you find that Volpe, Dempsey, or any of the other police defendants engaged in intentional misconduct, such as creating false evidence or suppressing helpful evidence, you may find they acted out of malice. If you find that the police defendants engaged in such intentional misconduct, it is no defense that they personally believed Plaintiffs were guilty.

**Authority:** *See* D.E. 489 at 16–18 (06-cv-6695); 12/20/13 Tr. at 9 ("It doesn't make a difference if they were thinking jelly beans or going to the beach. The issue is did they falsely get evidence together to incriminate, in other words, plant hairs in the van, did they go out and suppress evidence with regard to the French car."); *Manganiello v. City of New York*, 612 F.3d

5

149, 163 (2d Cir. 2010) (malice shown when officers act "in reckless disregard of the rights of the plaintiff") (internal citation and quotation omitted); *Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996) (malice shown when officers act in "pursuit of the lawful end by the intentionally unlawful means") (internal citation and quotation omitted).

6. **The Court should include instruction on favorable termination.**

Consistent with the Court's prior ruling, *see* 9/8/12 Tr. at 98–100 (holding that redacted Klein dismissal statement may be read to jury to establish that termination was favorable), Plaintiffs propose including an instruction on favorable termination:

> For the fourth element, to show favorable termination, Plaintiffs must show that their prosecutions ended in a way that is consistent with Plaintiffs' innocence.

**Authority**: *Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004) ("the plaintiff's burden is to demonstrate a final termination that is not inconsistent with innocence"); *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001) ("[A]ny termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, *so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused*.") (emphasis added); *see also* D.E. 144 at 5–6 (06-cv-6720) (Plaintiffs' Response to Defense Motion to Exclude Evidence of Innocence).

7. **The Court should exclude instruction on qualified immunity based on Court's ruling.**

In accordance with the Court's ruling granting Halstead and Restivo a new trial, that the Court should "decide qualified immunity as a matter of law after the jury has resolved the factual issues in dispute," D.E. 489 at 39 (06-cv-6695), Plaintiffs propose excluding any instruction on qualified immunity.

**Authority**: *Lore v. City of Syracuse*, 670 F.3d 127, 162 (2d Cir. 2012) ("We conclude that

6

although the district court properly put the fact questions to the jury, it erred in having the jury decide the ultimate legal question . . . ."); *Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990) ("The ultimate legal determination whether, on the facts found, a reasonable police officer should have known he acted unlawfully is a question of law better left for the court to decide.").

8. **The Court should clarify its causation instruction.**

Plaintiffs propose clarifying the Court's causation instruction to provide additional explanation of proximate cause:

> There may be more than one cause of a harm, but to be substantial, a cause cannot be slight or trivial. You may however, decide that a cause is substantial even if you find it was a relatively small factor. On the other hand, conduct is not a proximate cause of a harm if the harm only occurred because an unforeseen and abnormal event intervened.

**Authority**: New York Pattern Jury Instructions – Civil § 2:70 (proximate cause); *Warner v. Orange County Dep't of Probation*, 115 F.3d 1068, 1071 (2d Cir. 1997); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000) ("A proximate cause determination does not require a jury to identify the liable party as the sole cause of harm; it only asks that the identified cause be a substantial factor in bringing about the injury."); *see also* New York Pattern Jury Instructions – Civil § 2:12.

9. **The Court should exclude any references to claims by John Kogut.**

As John Kogut is no longer a Plaintiff in this action, Plaintiffs propose excluding any reference to claims or evidence presented by John Kogut.

Plaintiffs respectfully reserve the right to offer additional amendments or supplements to these requests to charge in light of the Court's rulings on motions *in limine*, Defendants' requests to charge, and the evidence presented at trial.

Dated: March 5, 2014  
New York, NY

Respectfully submitted,

 /s/ Anna Benvenutti Hoffmann  
Barry C. Scheck  
Peter Neufeld  
Nick Brustin  
Anna Benvenutti Hoffmann  
Alexandra Lampert  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013

**Attorneys for Plaintiffs  
John Restivo and Dennis Halstead**

8