## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD, <br><br> Plaintiffs, <br><br> -against- <br><br> NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities, <br><br> Defendants. | **MOTION FOR A WRITTEN JUROR PLEDGE** <br><br><br> 06-CV-6720(JS)(WDW) |

"Due process means a jury capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982); *see also Turner v. Louisiana*, 379 U.S. 466, 472–73 (1965) (explaining that the Constitution requires the jury's verdict to be based solely on evidence developed at trial). As the ready accessibility of information on the

internet—through search engines and social media—grows, juror access to outside information not developed and presented at trial also expands. Unfortunately, as the parties and the Court are well aware, repeated instructions not to engage in outside research are not always sufficient to prevent such external research. *See* 11/29/12 Tr. at 6191:15–92:3 (dismissing juror for conducting outside research).

Plaintiffs have learned that other courts have dealt with this problem by having jurors sign a written pledge to follow the court's instructions. Particularly, Plaintiffs understand that Judge Shira A. Scheindlin required jurors to sign a juror pledge during a criminal trial in 2011. Plaintiffs have attached a sample pledge, which we understand tracks the pledge used by Judge Scheindlin at that trial, as Exhibit A.

In an effort to inoculate this trial against any misconduct that could lead to yet a third trial of this case, Plaintiffs respectfully request the Court require each impaneled juror to sign a written pledge to follow the Court's instructions and, specifically, not to engage in outside internet research. Defendants have stated that they oppose this motion.

Dated: March 14, 2014  
New York, NY

Respectfully submitted,

 /s/ Anna Benvenutti Hoffmann  
Barry C. Scheck  
Peter Neufeld  
Nick Brustin  
Anna Benvenutti Hoffmann  
Alexandra Lampert  
NEUFELD SCHECK & BRUSTIN, LLP  
99 Hudson St., 8th Floor  
New York, NY 10013

**Attorneys for Plaintiffs**  
**John Restivo and Dennis Halstead**