UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, DENNIS HALSTEAD, MELISSA LULLO, JASON HALSTEAD, TAYLOR HALSTEAD, and HEATHER HALSTEAD,<br><br>Plaintiffs,<br><br>-against-<br><br>NASSAU COUNTY, CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity, ROBERT DEMPSEY, in his individual capacity, FRANK SIRIANNI, in his individual capacity, MILTON GRUBER, in his individual capacity, HARRY WALTMAN in his individual capacity ALBERT MARTINO, in his individual capacity, CHARLIE FRAAS, in his individual capacity, THOMAS ALLAN in his individual capacity, RICHARD BRUSA, in his individual capacity, VINCENT DONNELLY, in his individual capacity, MICHAEL CONNAUGHTON, in his individual capacity, WAYNE BIRDSALL, in his individual capacity, WILLIAM DIEHL, in his individual capacity, JACK SHARKEY, in his individual capacity, DANIEL PERRINO, in his individual capacity, ANTHONY KOZIER, in his individual capacity, Detective Sergeant CAMPBELL, (Shield #48), in his individual capacity, SEAN SPILLANE, in his individual capacity, RICHARD ROE SUPERVISORS #1-10, in their individual capacities,<br><br>Defendants. | 06-CV-6720(JS)(WDW) |

**PLAINTIFFS' MOTION TO AMEND
THE JUDGMENT TO INCLUDE INTEREST**

1

I.      **Introduction**

On April 11, 2014, the jury found Defendant former Nassau County Homicide Detective Joseph Volpe liable for causing Plaintiffs John Restivo's and Dennis Halstead's 18 years of wrongful imprisonment; this verdict was under both federal law (based on claims of deprivation of a fair trial and malicious prosecution) and New York law (based on claims of malicious prosecution). D.E. 198 (Court Exhibit 16). On April 17, 2014, the jury awarded each Plaintiff a single, $18 million damages award for the damages caused by both the federal and state claims. D.E. 206. After receiving a twenty-eight-day-long extension, Defendants filed their motion for a new trial on June 16, 2014. D.E. 215. On November 12, 2014, this Court rejected that motion, D.E. 225, and on November 17, 2014, entered judgment for Plaintiffs in the amount of $18 million each. D.E. 228. Plaintiffs now move to amend the judgment under Rules 59(e) and 60 to include the non-discretionary award of post-judgment interest, under 28 U.S.C §1961, and post-verdict interest, under N.Y. C.P.L.R. § 5002.

II.     **Standard**

As the Second Circuit recently clarified in *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109 (2d Cir. 2013), the determination of whether a federal plaintiff is entitled to an award of interest on a judgment proceeds in two steps. If there is an applicable federal statute governing the type of interest sought, then that federal statute controls, whether the underlying claims are based on federal or state law. *See Cappiello*, 720 F.3d at 113. If there is no valid federal statute governing the type of interest sought, then for judgments obtained pursuant to state law, interest is "calculated by the federal courts in accordance with state law under *Erie* [*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)]." *Cappiello*, 720 F.3d at 114. This is so even where, as here, the same damages are awarded pursuant to both federal and state law, because where a plaintiff receives a single award of damages under multiple theories of liability, "the successful plaintiff

2

[should] be paid under the theory of liability that provides the most complete recovery." *Magee v. U.S. Lines, Inc.*, 976 F.2d 821, 822 (2d Cir. 1992).

Only one federal statute addresses a relevant type of interest: 28 U.S.C. § 1961(a), which mandates the award of post-judgment interest for civil judgments recovered in federal court. In contrast, New York statutes designate *three* distinct categories of interest which may be collected with respect to a money claim: 1) pre-verdict, prejudgment interest, which accrues before a claim is reduced to verdict or decision; 2) post-verdict, prejudgment interest, which accrues from the date of verdict until the date judgment is entered; and 3) post-judgment interest, which accrues from the date judgment is entered until judgment is paid. *See* N.Y. C.P.L.R. §§ 5001, 5002, 5003. Thus, under the *Cappiello* test, 28 U.S.C. § 1961(a) governs Plaintiffs' request for post-judgment interest, and N.Y. C.P.L.R. § 5002 governs Plaintiffs' request for post-verdict, prejudgment interest.[1]

The award of both post-verdict and post-judgment interest is non-discretionary. *Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010); *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). And for good reason–both serve the purpose of reimbursing the plaintiff for the time he waits between the determination that the defendant is liable for damages and the date the plaintiff actually receives the damages award. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) (explaining that post-judgment interest repays plaintiff "for the loss of time between the ascertainment of damage and the payment by the defendant") (internal citation and quotation omitted); *Pay v. State*, 672 N.Y.S.2d 987, 988 (Ct. Cl. 1998) (citing *Love v. New York*, 583 N.E.2d 1296, 1297 (N.Y. 1991)) (New York CPLR § 5002 post-verdict interest

---

[1] Plaintiffs do not seek an award of pre-verdict, prejudgment interest, which is typically limited to awards for economic damages, such as lost wages. *See, e.g.*, *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650–51 (2d Cir. 1999); *Augustin v. Jablonsky*, 819 F. Supp. 2d 153, 178–79 (E.D.N.Y. 2011).

"is simply the cost of using another person's money chargeable as of the date that liability is established, not a penalty").

### A. Plaintiffs are entitled to post-verdict interest on the damages award, accruing at the New York rate from the date of the liability verdict until the date judgment was entered

As federal law does not address post-verdict interest, Plaintiffs' entitlement to post-verdict, prejudgment interest derives from the controlling New York statute: NY CPLR § 5002, which provides that "interest shall be recovered upon the total sum awarded . . . in any action, from the date the verdict was rendered . . . to the date of entry of final judgment." Because Plaintiffs prevailed on their New York malicious prosecution claim, they are entitled to post-verdict interest under CPLR § 5002. *See Adrian*, 620 F.3d at 107–08 (awarding post-verdict, prejudgment interest on New York claims brought supplemental to § 1983 claims, noting that "[u]nder New York law, post-verdict prejudgment interest is mandatory"); *see also Meisel v. Grunberg*, No. 07 CIV. 11610 BSJ, 2012 WL 592757, at *1–2 (S.D.N.Y. Feb. 21, 2012) (awarding § 5002 post-verdict interest on New York claims), *aff'd*, 521 F. App'x 3 (2d Cir. 2013); *Simmons v. NYC Transit Auth.*, No. CV-02-1575, 2008 WL 2795138, at *3 (E.D.N.Y. July 17, 2008) (same); *DiBella v. Hopkins*, 285 F. Supp. 2d 394, 410–11 (S.D.N.Y. 2003) (same), *aff'd*, 403 F.3d 102 (2d Cir. 2005).

Furthermore, in cases like this one where there has been a bifurcated trial, post-verdict interest begins to accrue on the date of the liability verdict "since that is when plaintiff's right to be compensated for the damages he or she sustained becomes fixed in law.'" *Schipani*, 541 F.3d 158 at 165 (quoting *Love*, 583 N.E.2d at 1298). Finally, because the entitlement to post-verdict interest is based on New York law, the interest is assessed at the 9% New York rate. *See Adrian*,

4

620 F.3d at 107 (explaining for award of post-verdict interest "the New York interest rate applies to the interest sought"); *see also* N.Y. CPLR §§ 5002, 5004.

In sum, Plaintiffs are each entitled to post-verdict interest on the entirety of their $18 million damages awards at a rate of 9%, accruing from April 11, 2014, the date of the liability verdict, until November 17, 2014, the date of entry of judgment.

**B. Plaintiffs are entitled to post-judgment interest on the damages award, accruing at the federal rate from the date judgment was entered until judgment is paid**

A federal statute addresses the award of post-judgment interest. "Pursuant to 28 U.S.C. § 1961, a party who prevails in federal court is entitled to post-judgment interest as a matter of right." *Cappiello v. ICD Publications*, 868 F. Supp. 2d 55, 59 (E.D.N.Y. 2012), *aff'd*, 720 F.3d 109 (2d Cir. 2013); *see also* 28 U.S.C. § 1961(a). By its plain terms, § 1961(a) applies to "any judgment" entered in federal district court, including those judgments that award damages on state law claims. *See Cappiello*, 720 F.3d at 113–14. And the Second Circuit has "consistently held that an award of postjudgment interest is mandatory" pursuant to § 1961. *Schipani*, 541 F.3d at 165.

Post-judgment interest under § 1961(a) is to be calculated using the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" and accrues from the date of entry of judgment until judgment is paid. 28 U.S.C. § 1961(a); *see Kaiser Aluminum*, 494 U.S. at 834–35 (holding that § 1961 post-judgment interest runs from the date of entry of judgment, rather than the date of the verdict). Judgment was entered on November 17, 2014, and the weekly average 1-year constant maturity Treasury yield for the week preceding November 17, 2014, was 0.14%. Exhibit A (Board of Governors of the Federal Reserve, *Statistical Release*,

5

Federal Reserve (Nov. 17, 2014), http://www.federalreserve.gov/releases/h15/20141117/h15.pdf).

Plaintiffs are therefore entitled to post-judgment interest on the full judgment, at the federal rate mandated of 0.14%, accruing from November 17, 2014, until judgment is paid.

### III.     Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court amend the judgment to order post-judgment and post-verdict interest on the award of damages entered into judgment on November 17, 2014.


Dated: December 5, 2014                             Respectfully submitted,
New York, NY

                                                 /s/ Anna Benvenutti Hoffmann
                                               Barry C. Scheck
                                               Nick Brustin
                                               Anna Benvenutti Hoffmann
                                               Alexandra Lampert
                                               NEUFELD SCHECK & BRUSTIN, LLP
                                               99 Hudson St., 8th Floor
                                               New York, NY 10013
                                               ***Attorneys for Plaintiffs John Restivo and Dennis Halstead***

## Certificate of Service

I hereby certify that a true and correct copy of Plaintiffs' Motion to Amend the Judgment to Include Interest and to Reflect Judgment is Entered against County of Nassau was served by ECF on December 5, 2014 upon all counsel of record.

_____
Daniel Lander
Paralegal