# Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE COUNTY OF NASSAU, et al.,<br><br>        Defendants. | No. Civ.06-CV-6720(JS)(WDW) |

## DECLARATION OF JOSHUA DUBIN

I, JOSHUA DUBIN, an attorney admitted *pro hac vice* in the Eastern District of New York, submit this declaration under penalty of perjury:

1. I am the founder and principal at Dubin Research & Consulting Inc., a litigation consulting firm that focuses on trial strategy, jury selection, witness preparation, and persuasive visual aids.

2. I was retained by Neufeld Scheck & Brustin, LLP, ("NSB")[1] to assist with Plaintiffs John Restivo and Dennis Halstead's 42 U.S.C. § 1983 claims against Joseph Volpe, Charles Fraas, and Nassau County for damages resulting for their collective thirty-six years of imprisonment in state and local correctional institutions for a rape and murder they did not commit. In April 2014, with my assistance, NSB obtained a jury verdict that Defendant Volpe had maliciously prosecuted Mr. Restivo and Mr. Halstead and denied

---

[1] Formerly, Cochran Neufeld & Scheck, LLP.

them a fair trial, causing each man to spend 18 years imprisoned for a rape and murder he did not commit; the jury awarded Plaintiffs $18 million in damages each.

3. I make this declaration in support of an application for attorney's fees pursuant to 42 U.S.C. § 1988, covering the hours I have expended on this matter. I am fully familiar with the facts discussed herein.

## EDUCATION AND EXPERIENCE

4. I received my B.A. from Florida State University in 1997 with honors, and I received my J.D. from Nova Southeastern University Shepard Broad School of Law in 2000, where I graduated *cum laude* and also studied applied social psychology with a concentration in the psychology of jury selection under Dr. Amy Singer.

5. The majority of my practice revolves around jury selection, and persuasive narrative building in jury trials, including the development of persuasive visual aids, effective witness preparation, and powerful theories of the case, in complex civil and criminal cases.

6. I have worked with some of the most prestigious law firms and well-known litigators on numerous high-stakes complex commercial and criminal defense cases in the last decade, which include: *In re Marsh & McLennan Securities Litigation* (S.D.N.Y.); *U.S. v. Irving and Christopher Lorenzo* (E.D.N.Y.) (the "Murder Inc." case); *In re Global Crossing Ltd. Securities Litigation* (S.D.N.Y.); *U.S. v. Oscar Wyatt* (S.D.N.Y.) (involving prominent oil tycoon Oscar Wyatt, who was accused of violating the UN's Oil for Food Program); *Terry Norris v. Don King Promotions* (N.Y. Sup. Ct.) (involving infamous boxing promoter Don King); *Panix Promotions v. Lewis, et al.* (S.D.N.Y.) (breach of contract involving world heavyweight boxing champion Lennox Lewis); *U.S. v. Amicucci*

(S.D.N.Y.) (union bribery case involving DeFoe Construction); *DiBella v. Hopkins* (S.D.N.Y.) (defamation case involving former Vice- President of HBO sports, Lou DiBella); *U.S. v. Schwarz, et al.* (E.D.N.Y.) (the Abner Louima case); and *U.S. v. Sabhnani* (E.D.N.Y.) (case involving Long Island couple accused of forced labor and harboring illegal aliens).

7. I have lectured on jury selection, trial strategy, and persuasive visual aids at Brooklyn Law School, Cardozo Law School, John Jay College, the New York State Bar Association, the American Trial Lawyers Association, and the National Association of Criminal Defense Lawyers.

8. I am a member of the bar of the State of Florida.

9. Over the past decade, almost all of my professional work has been for fee-paying clients, though I regularly also work *pro bono* or on a contingency basis. My standard hourly billing rate is $700 an hour. Because my work entails collaborating with so many different lawyers, I am very familiar with the standard market rates in New York.

10. On behalf of Plaintiffs, I am seeking compensation for my work at a rate of $500 an hour, if Southern District market rates apply, or $450 an hour, if Eastern District market rates apply. In my opinion, both of those requested rates are reasonable in light of the relevant markets and my experience and skill. Indeed, they represent a substantial discount to the rate that I ordinarily charge and collect from my fee-paying clients.

## WORK IN THIS CASE

11. I am seeking compensation, on behalf of Plaintiffs, for the time I spent on this matter from January 2012 through April 2014.

12. In line with my expertise, as described above, my role in this case has been to consult on jury selection and liability trial strategy, and to co-prosecute the jury selection and damages phase in the second trial.

13. In advance of the fall 2012 trial, I provided substantive guidance on jury selection and trial strategy, where I conducted a focus group over the course of two days.

14. In the lead up to the spring 2014 trial, I worked extensively with lead counsel Nick Brustin and Anna Benvenutti Hoffmann preparing for jury selection, including the drafting of the juror questionnaire.

15. During the second trial, I assisted Mr. Brustin and Ms. Hoffmann with the drafting of the opening and closing presentations. I took the lead for the Plaintiffs during jury selection, and worked with key witnesses including Plaintiffs Dennis Halstead and John Restivo to prepare them to testify. During the damages phase of that trial, I served as co-counsel with Mr. Brustin, and conducted the examination of three witnesses: Nina Morrison, Margaret Neidecker Restivo, and, in particular, Plaintiff John Restivo, whose testimony was critical to demonstrating for the jury the incalculable losses incurred during 18 years of wrongful incarceration.

16. As set forth in the billing records attached as Exhibit A, I am seeking compensation for a total of 177.6 hours in this matter. Exhibit A is copied directly from contemporaneous timekeeping logs.

17. I have reviewed the timekeeping log for this matter in its entirety, and made an effort to take a conservative and reasonable approach to the total hours for which I seek compensation. In my judgment, each hour set forth in Exhibit A was necessitated by the circumstances and reasonably expended in pursuit of the ultimate favorable outcome in

this complicated and important civil rights case. Indeed, I worked many more hours on this case than are captured in those contemporaneous records.

I hereby declare under penalty of perjury that the foregoing is true.

Date: December 15, 2014
New York, NY

_____
Joshua Dubin

# Exhibit A

## TIME DETAIL FOR FOCUS GROUP

| 1/6/2012 | Meeting with all plaintiff's counsel re trial strategy | 8.0 |
| --- | --- | --- |
| 5/15/2012 | Meeting with BCS and Debi re visuals, theories, jury selection | 3.5 |
| 6/12/2012 | jury selection, questionnaire, visuals | 4.5 |
| 7/3/2012 | Meeting with Debi re questionnaire, visuals, timelines | 1.5 |
| 7/17/2012 | Meeting with all plaintiff's counsel re trial strategy | 5 |
| 8/4/2012 | Meeting with BCS and Debi re focus group strategy, presentation | 4.0 |
| 8/13/2012 | Focus Group | 6.0 |
| 8/14/2014 | Focus Group | 7.0 |
| 9/2/2012 | Meeting with BCS and Debi re demonstratives, opening | 5.0 |
| 9/17/2012 | Meeting with Sandy Henderson | 3.5 |
| 11/15/2013 | Call with Nick, Anna, Alex re jury questionnaire | 0.3 |
| 1/30/2014 | Meeting with Nick, Anna, trial team to discuss jury selection, trial strategy | 2.7 |
| 2/7/14 | Review and analysis of case documents | 3.5 |
| 2/10/14 | Review and analysis of case documents | 2.3 |
| 2/17/14 | Review and analysis of case documents; drafting of voir dire questions | 3.0 |
| 2/18/14 | Strategy meeting w/ Nick Brustin re: trial strategy | 1.0 |
| 2/21/14 | Strategy meeting w/ Nick Brustin re: trial strategy | 2.0 |
| 3/3/14 | Review and analysis of case documents | 2.5 |
| 3/6/14 | Review and analysis of case documents | 1.7 |
| 3/11/14 | Strategy meeting w/ Nick | 2.0 |

|         | Brustin and NSB trial team re: trial strategy |      |
|---------|----------------------------------------------|------|
| 3/12/14 | Review and analysis of Restivo and Halstead depositions and prior trial testimony | 9.5 |
| 3/13/14 | Review and analysis of Restivo and Halstead depositions and prior trial testimony | 7.0 |
| 3/14/14 | Witness preparation of John Restivo and Dennis Halstead | 5.5 |
| 3/17/14 | Review and analysis of juror questionnaires for jury selection | 8.0 |
| 3/18/14 | Review and analysis of juror questionnaires for jury selection | 10.0 |
| 3/19/14 | Jury selection | 9.0 |
| 3/22/14 | Review and analysis of trial transcripts for summation | 2.3 |
| 3/24/14 | Review and analysis of trial transcripts for summation | 2.5 |
| 3/26/14 | Review and analysis of trial transcripts for summation | 3.0 |
| 4/1/14  | Review and analysis of trial transcripts for summation | 4.5 |
| 4/9/14  | Review and analysis of trial transcripts for summation | 1.8 |
| 4/13/14 | Witness prep of John Restivo for damages testimony | 10.0 |
| 4/14/14 | Witness prep of John Restivo for damages testimony | 8.5 |
| 4/15/14 | Trial: Damages phase | 8.0 |
| 4/16/14 | Trial: Damages phase; assistance with drafting summation | 15.0 |

| 4/17/14 | Trial: Damages phase | 4.0 |
|---------|----------------------|-----|
|         |                      |     |
|         | **Total**:           | **177.6** |