UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RESTIVO and DENNIS HALSTEAD,<br><br>Plaintiffs,<br><br>-against-<br><br>NASSAU COUNTY, and CAROLANN HESSEMAN, AS EXECUTRIX FOR THE ESTATE OF JOSEPH VOLPE, in his individual capacity,<br><br>Defendants. | 06-CV-6720(JS)(SIL) |

## STIPULATION AND CONSENT DECREE

This Stipulation and Consent Decree is made and entered into this ___ day of _____ 2015, by and between Plaintiffs John Restivo and Dennis Halstead and Defendants Carolann Hesseman, as Executrix for the Estate of Joseph Volpe ("the Estate"), and the County of Nassau.

**I.    RECITALS**

Whereas:

A.    In 2006, Plaintiffs John Restivo and Dennis Halstead brought suit, under 42 U.S.C. § 1983, in the United States District Court for the Eastern District of New York, (No. 06-CV-6720), against, *inter alia*, Nassau County and former Nassau County Homicide Detective Joseph Volpe, for violating their constitutional rights and causing their wrongful convictions. After Defendant Volpe's death in 2011, Carolann Hesseman, as Executrix for the Estate of Joseph Volpe ("the Estate"), was appropriately substituted as the proper party for Defendant Volpe. Plaintiffs sought to recover monetary damages, which were the proximate result of their arrests, prosecutions, wrongful convictions, and imprisonment that resulted in injuries and

damages to Plaintiffs including, but not limited to, personal physical injuries and related pain and suffering.

B.     On February 9, 2007, the Nassau County Police Indemnification Board determined that the acts alleged in this suit to be committed by Joseph Volpe were committed while in the proper discharge of said officer's duties and within the scope of his employment. Under N.Y. General Municipal Law § 50-l, Nassau County is obligated to indemnify the Estate in full for any damages assessed against it in this suit, including punitive damages, costs, fees, and interest. *See also* Nassau Cnty. Admin. Code § 22-2.8.

C.     On April 11, 2014, the jury found that Volpe had violated Plaintiffs' rights to a fair trial and maliciously prosecuted them, thereby causing their wrongful convictions. On April 18, 2014, the jury awarded $18 million in damages to Plaintiff John Restivo and $18 million in damages to Plaintiff Dennis Halstead. The Court having denied Defendants' post-trial motions, final judgment has now entered against Carolann Hesseman as the Executrix of the Estate of Joseph Volpe on that verdict.

D.     On December 17, 2014, the Estate appealed the judgment to the Second Circuit Court of Appeals.

E.     Defendants the Estate and Nassau County wish to stay enforcement of the judgment while this appeal, Docket # 14-4662, is pending. However, Defendants do not wish to post a supersedeas bond to secure such a stay.

**II.     AGREEMENT**

The parties hereto hereby agree as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. For purposes of this Stipulation and Consent Decree, or any action to enforce it or to enforce any resulting judgment against Nassau County, Nassau County consents to this Court's jurisdiction over this Stipulation and Consent Decree, any action to enforce it, and any action to enforce any resulting judgment against Nassau County, and consents to venue in this judicial district.

3. The obligations of this Stipulation and Consent Decree apply to and are binding upon the Plaintiffs, upon the Estate, and upon Nassau County and its successors.

4. Nassau County agrees that, pursuant to its indemnification obligations, it is indemnifying the Estate and is directly liable to Plaintiffs in the full amount, and to the full extent, of any judgment—including any costs, fees, and awarded interest—arising out of this cause of action and entered in favor of Plaintiffs and against Carolann Hesseman as the Executrix of the Estate of Joseph Volpe.

5. The parties consent to a stay of enforcement of this judgment, pursuant to Fed. R. Civ. P. 62(d), while this appeal, Docket # 14-4662, is pending. The parties intend this Stipulation and Consent Decree to serve as alternative security to a supersedeas bond for this stay of enforcement.

6. After the appeal, Docket # 14-4662, is concluded, Nassau County consents to have the District Court enter judgment directly against Nassau County, in the amount of any final

3

judgment then remaining, entered, or re-entered in favor of Plaintiffs and against Carolann Hesseman as Executrix of the Estate of Joseph Volpe, including any costs, fees, and interest on that judgment.

7. Within sixty (60) days of the appeal, Docket # 14-4662, being concluded, Nassau County shall pay to the Plaintiffs the complete amount of any final judgment then remaining, entered, or re-entered in favor of Plaintiffs and against Carolann Hesseman as Executrix of the Estate of Joseph Volpe, including any costs, fees, and interest awarded on that judgment.

8. Should judgment be entered, and appeal concluded, on different portions of the judgment at different times (such as (a) the jury verdict, and (b) costs and fees), Nassau County shall pay each portion of the judgment within sixty (60) days of the earlier of the date on which the appeals on that portion of the judgment are either concluded or waived.

9. Should judgment be entered, and appeal concluded, on different portions of the judgment at different times (such as (a) the jury verdict, and (b) costs and fees), Nassau County consents to have the District Court enter judgment against it on each portion of the judgment against the Estate at such time as appellate litigation has concluded as to that portion of the judgment against the Estate.

10. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation and Consent Decree through the date that final payment is made in accordance with the provisions herein.

11. Plaintiffs will voluntarily dismiss their cross-appeal, Docket # 14-4784, of the dismissal of their claim, under *respondeat superior*, against Nassau County.

12. The undersigned representatives of Nassau County and the Plaintiffs certify that each is fully authorized to enter into the terms and conditions of this Stipulation and Consent Decree and to bind legally the party he or she represents to this document.

13. Nassau County consents to the entry of this Stipulation and Consent Decree without further notice.

14. This Stipulation and Consent Decree may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUDGED THIS \_\_\_\_ DAY OF _____, 2015.**

_____
**UNITED STATES DISTRICT COURT JUDGE**

**FOR PLAINTIFFS JOHN RESTIVO AND DENNIS HALSTEAD**

DATED: _____   _____
NICK BRUSTIN
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

**ATTORNEY FOR PLAINTIFFS**


**FOR DEFENDANT COUNTY OF NASSAU**

DATED: _____   By:_____


**APPROVED AS TO FORM**

DATED: _____   By:_____
LOUIS M. FREEMAN
Lee A. Ginsberg
Nadjia Limani
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038

**ATTORNEY FOR DEFENDANTS COUNTY OF NASSAU AND CAROLANN HESSEMAN AS EXECUTRIX OF THE ESTATE OF JOSEPH VOLPE**