UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOHN RESTIVO and DENNIS HALSTEAD,

                                                Plaintiffs,

           -against-

NASSAU COUNTY, et al.,                                          06-CV-6720 (JS)

                                                Defendants.
-------------------------------------------------------------------------x

**DECLARATION OF LISA LOCURTO IN SUPPORT OF DEFENDANT'S**

**MOTION TO STAY**

1

LISA LOCURTO, declares under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following is true and correct:

1. I have been a Deputy County Attorney in the Office of the County Attorney since 1996. I am currently the Chief Deputy County Attorney in Nassau County (the "County"), and I have held that position for five years. My duties included defending the County against legal claims brought against the County, and encompass the enforcement of judgments and/or settlements.

2. I make this declaration in support of the instant motion for a stay of execution, without a bond or condition, of a judgment entered in this litigation against the Estate of Joseph Volpe, a deceased Nassau County Police Detective who was sued in his individual capacity.

3. The County's standing with respect to the instant motion arises from the fact that the Estate of Detective Volpe is expected to invoke the deceased's rights under N.Y. General Municipal Law ("GML") § 50-l after the Plaintiffs seek to enforce any final judgment against the Estate, in which case the County could bear the ultimate financial responsibility for satisfying the judgment against the Estate.

4. The purpose of this declaration is twofold. First, it is intended to acquaint the Court and Plaintiffs' counsel with the current procedures and law that govern the manner in which the County would raise the funds necessary to satisfy a claim for indemnification by the Volpe Estate for a judgment of the magnitude obtained by Plaintiffs against the Estate. This declaration reiterates in substantial part the representations in a declaration that I submitted to the United States Court of Appeals for the Second Circuit in *In Re Strip Search Cases*. In that matter, the Court of Appeals stayed the enforcement the judgment without requiring an appeal bond. A copy of that court's order is annexed hereto.

2

5. Second, this declaration sets forth the County's position regarding the Plaintiffs' demand that the County, as a condition for Plaintiffs' agreement to suspend enforcement of the judgment against the Volpe Estate pending the Estate's appeal of the judgment entered against it, agree to have a judgment entered against the County making the County directly liable to Plaintiffs substituted for the Plaintiffs' judgment against the Estate.

## THE CURRENT PROCEDURES FOR FUNDING THE PAYMENT OF JUDGMENTS AGAINST THE COUNTY

6. To pay judgments (in this case under a claim for indemnification) of this magnitude ($36 million), the County relies upon its authority, under N.Y. Local Finance Law ("LFL") §10, to issue bonds. Specifically, LFL §10 provides the County with the power to contract indebtedness for any municipal object or purpose set forth in LFL §11.00.a if it is authorized by law to expend money for or to accomplish such object or purpose. LFL §11.00.a.33 sets forth as a financeable purpose the payment of judgments, among other things. Any claim for indemnification by the Volpe Estate for a judgment paid to the Plaintiffs would be encompassed, and could be funded, by a bond issued under LFL §10.

7. Under LFL § 33, the County Legislature is required to approve such a bond by an affirmative vote of at least thirteen out of nineteen members. There would have to be a specific bond issued for this case. It is the County's practice to issue bonds approximately two to three times per year.

8. A bond to provide the funds necessary to indemnify the Volpe Estate would also require approval by the Nassau County Interim Finance Authority ("NIFA"), the County's New York State oversight authority. Pursuant to N.Y. Public Authorities Law ("PAL") §3669(2) (e), during a control period (as described in §3669) the County may not borrow to pay judgments or other purposes unless so approved by the NIFA. NIFA declared a control period on January 26,

3

2011 which continues to date. Pursuant to PAL §3670, the County is prohibited from filing any petition with any United States district court or court of bankruptcy for the composition or adjustment of municipal indebtedness without the approval of NIFA and the New York State Comptroller, and no such petition may be filed while NIFA bonds remain outstanding. NIFA bonds are outstanding through November 15, 2025.

9. Approval from NIFA is sought after the Legislature has voted to approve a bond.

10. To the best of my knowledge, a bond issue is the only method that Nassau County has used to fund the payment of large judgments. It is not feasible to pay judgments of this magnitude out of funds appropriated for the County's operating budget. To the contrary, diversion of money from the operating budget would interrupt or impair the functioning of County government to the detriment of the safety and welfare of Nassau County residents.

11. Although there is an alternative to bonds, GML" §82 ("Levy to pay a final judgment; to be in addition to amount authorized by law; money to be paid to judgment creditor"), that option is a last resort that, to my knowledge, one the County has never used. Bonds are a more efficient, effective, and expeditious option. They are easily marketable in the current economy, especially since the purchaser of the bonds benefits from tax exempt interest.

12. Furthermore, GML §82 provides that it shall be the duty of the governing board (in the case of the County, the County Legislature) to assess, levy and cause to be collected a sum of money sufficient to pay a *final* judgment which has been recovered against the municipality and remains unpaid. Here, there is no judgment against the municipality, Nassau County, nor is there any final judgment against the Volpe Estate.

13. In my experience, the County's method of satisfying judgments is more than sufficient to guarantee payment of a judgment, if the County were required to make the payment

4

to Plaintiffs. To my knowledge, there has never been a final monetary judgment against the County that was due and payable and not paid in full, and Nassau County has never defaulted on any debt.

### THE COUNTY'S POSITION REGARDING PLAINTIFFS' PROPOSED STIPULATION

14. I have reviewed the stipulation that Plaintiffs' lawyers would have the County sign as a condition for Plaintiffs' agreement to stay enforcement of the judgment against the Estate of Detective Joseph Volpe without an appeal bond. To the best of my knowledge, the County has never agreed to have a judgment against a police officer converted into a judgment entered directly against the County. Nor has the County ever entered into such an arrangement so that enforcement of the judgment against a police officer would be stayed pending the police officer's appeal of the judgment entered against him.

15. I am not aware of any instance in which the estate of a deceased police officer has asserted GML § 50-l as grounds for the County to indemnify the deceased police officer's estate. I cannot recall such a request ever having been made during the years that I have been employed as a County attorney.

16. In any event, I have not been able to find any precedent for the County to enter into the stipulation that Plaintiffs demand as a condition for staying enforcement of the judgment against the Volpe Estate without requiring the Estate to provide an appeal bond.

17. More importantly, to the extent that Plaintiffs demand that a judgment making the County directly liable to them be substituted for the judgment that Plaintiffs obtained solely against the Volpe Estate, acceptance of the terms of Plaintiffs' proposed stipulation would render the County subject to a charge that it has violated N.Y. Const. art. VIII, § 1, which prohibits the County from making a gift or a loan of property to the Volpe Estate or to the Plaintiffs. In

addition, any County official who agreed to Plaintiffs' terms might face a prosecution and or a taxpayer lawsuit brought pursuant to N.Y. Gen. Mun. Law § 51.

Dated: March 3, 2015

Mineola, New York

/s/ Lisa LoCurto
_____
LISA LOCURTO