

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

March 19, 2015

**Via ECF**
The Honorable Joanna Seybert
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722

Re:     **Restivo & Halstead v. Nassau County, et al.**, 06 Civ. 6720 (JS)(SIL)

Dear Judge Seybert:

I write on behalf of Plaintiffs John Restivo and Dennis Halstead to seek clarification of the March 17th Minute Entry, D.E. 259, regarding two of the Court's oral rulings, Nos. 2 and 5.

First, under No. 2, the Court ordered that the "County Attorney's office is also disqualified from representing the Estate." D.E. 259. As the Court determined at the hearing on March 17, 2015—when ordering the Nassau County Attorney's Office off the case and confirming that the County intended to retain new separate counsel for itself and for the Estate— the Nassau County Attorney's office has been Freeman Nooter Ginsberg's ("FNG") co-counsel throughout this litigation; therefore, any conflict requiring the withdrawal of FNG similarly requires the disqualification of the County Attorney's Office, as well. *See Sidor v. Zuhoski*, 690 N.Y.S.2d 637, 638 (2d Dep't 1999) ("[A]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel *for either one* after an actual conflict of interest has arisen.") (emphasis added, internal citation omitted). Therefore, Plaintiffs respectfully request that the Court's order be modified to include the County Attorney's Office's disqualification from representing the Defendant County, in addition to the Estate.

Second, at the hearing, the Court ordered that the Defendants' motions to stay the judgment pending appeal, D.E. 243 and 246, were denied without prejudice. In the minute entry, however, it appears that these motions were inadvertently listed as Plaintiffs' motions. D.E. 259. Therefore, Plaintiffs additionally request that the Court's order be modified to reflect that the motions to stay the judgment, D.E. 243 and 246, are Defendants' motions; as the Court is aware, Plaintiffs oppose any such stay absent the posting of adequate security.

Respectfully submitted,

/s/ Anna Benvenutti Hoffmann
Anna Benvenutti Hoffmann
*Attorney for Plaintiffs*

cc: all counsel via ECF