```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN RESTIVO and DENNIS HALSTEAD,
ET AL.,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
         -against-                            06-CV-6720(JS)(SIL)

NASSAU COUNTY, CAROLANN HESSEMAN,
AS EXECUTRIX FOR THE ESTATE OF
JOSEPH VOLPE, in his individual
capacity, and CHARLIE FRAAS, in
his individual capacity, ET AL.,

                    Defendants.
----------------------------------X
```

APPEARANCES

For Plaintiffs:     Barry C. Scheck, Esq.
                    Alexandra Lynn Lampert, Esq.
                    Monica R. Shah, Esq.
                    Nick Joel Brustin, Esq.
                    Anna B. Hoffman, Esq.
                    Peter Jon Neufeld, Esq.
                    Neufeld Scheck & Brustin LLP
                    99 Hudson Street, 8th Floor
                    New York, New York 10013

                    Joshua Evan Dubin, Esq.
                    Joshua E. Dubin, Esq., P.A.
                    212 NE 16th Terrace
                    Fort Lauderdale, FL 33301

                    David Graff, Esq.
                    Rachael Ann Kierych, Esq.
                    Anderson Kill & Olick PC
                    1251 Avenue of The Americas
                    42nd Floor
                    New York, NY 10020

                    Leon Friedman, Esq.
                    148 E. 78th St.
                    New York, NY 10075

For Defendants:
Nassau County        Daniel A. Bartoldus, Esq.
                     Amy E. Bedell, Esq.
                     Annemarie Susan Jones, Esq.
                     Lewis Johs Avallone Aviles & Kaufman, LLP
                     One CA Plaza, Suite 225
                     Islandia, NY 11749

                     Liora M. Ben-Sorek, Esq.
                     Dennis J. Saffran, Esq.
                     Sondra Meryl Toscano, Esq.
                     Office of the Nassau County Attorney
                     One West Street
                     Mineola, New York 11501

Carolann Hessemann,
as executrix of
the Estate of
Joseph Volpe:        Peter J. Tomao, Esq.
                     Law Office of Peter J. Tomao
                     600 Old Country Rd, Suite 328
                     Garden City, NY 11530

                     Thomas J. McNamara, Esq.
                     Certilman, Balin, Adler & Hyman, LLP
                     90 Merrick Avenue
                     East Meadow, NY 11554

SEYBERT, District Judge:

Pending before the Court is Plaintiff John Restivo and Dennis Halstead's ("Plaintiffs") unopposed motion to amend the Judgment entered in this case to include interest. (Docket Entry 229.) As discussed below, Plaintiffs' motion is GRANTED.

BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case. Briefly, this case was tried for the second time in March and April 2014. The case was bifurcated and, on April 11, 2014, the jury found defendant former Nassau

2

County Homicide Detective Joseph Volpe ("Volpe") liable to Plaintiffs for (1) unconstitutionally depriving them of their right to a fair trial, and (2) malicious prosecution. (See Verdict Sheet, Docket Entry 198.) Following the damages phase of the trial, the jury awarded Plaintiffs $18 million each. Defendants Volpe, Nassau County, and Charlie Fraas (collectively "Defendants") moved for a new trial on June 16, 2014, (Docket Entry 215), and on November 12, 2014 the Court denied Defendants' motion. (Docket Entry 225.) Judgment was entered against Volpe on November 17, 2014, however, the Judgment did not provided for interest on the $18 million awarded to each Plaintiff.

Plaintiffs now move under Federal Rule of Civil Procedure 59(e) and 60 to amend the Judgment to include both post-verdict, and post-judgment interest. (Pl.'s Br., Docket Entry 229, at 2.) Defendants do not oppose Plaintiffs' motion.

DISCUSSION

Plaintiffs contend that they should be awarded post-judgment interest pursuant to the rate set in 28 U.S.C. § 1961, and post-verdict interest on their damages award at nine percent per annum prejudgment interest pursuant to N.Y. C.P.L.R. § 5002. (Pl.'s Br. at 2.) The Second Circuit recently clarified that post-judgment interest awarded in Federal District Court must be calculated pursuant to 28 U.S.C. § 1961. Cappiello v. ICD Publ'n,

3

Inc., 720 F.3d 109, 113 (2d Cir. 2013) cert. denied, 134 S. Ct. 683, 187 L. Ed. 2d 550 (2013).

Prejudgment post-verdict interest is treated differently however. Under New York law, prejudgment post-verdict interest is recoverable "in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. 5002.[1] When federal jurisdiction is founded upon diversity of citizenship, it has been established that "state law governs the award of prejudgment interest." Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008). In addition, courts in this circuit have awarded post-verdict prejudgment interest on pendant state law claims when jurisdiction is founded upon a federal question jurisdiction. Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010) (applying the nine percent prejudgment interest rate to a claim brought under New York state law; "because prejudgment interest is a matter of substantive law,

---

[1] Under New York law, prejudgment interest that accrues from the time an action existed until the verdict is only available in cases in which the plaintiff was denied a tangible property interest and brought suit as a result. See N.Y. C.P.L.R § 5001(a) (specifying that prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . ."); Rodick v. City of Schenectady, 856 F. Supp. 105, 107 (N.D.N.Y. 1994) (refusing to award pre-judgment interest following a jury verdict on a malicious prosecution claim). Plaintiffs do not seek prejudgment interest from the date Plaintiffs cause of action existed, only prejudgment post-verdict interest.

4

the New York interest rate applies to the interest sought"); DiBella v. Hopkins, 285 F. Supp. 2d 394, 410 (S.D.N.Y. 2003) aff'd, 403 F.3d 102 (2d Cir. 2005).  Here, Defendants do not contest that Plaintiffs are entitled to both post-verdict post-judgment interest.  Therefore, Plaintiffs' request is GRANTED.

## CONCLUSION

Plaintiffs' motion to amend the Judgment (Docket Entry 229) is GRANTED.  The Clerk of the Court is directed to amend the Judgment in this case to include: (1) post-verdict interest at a rate of nine percent per year, accruing from April 11, 2014, the date of the liability verdict in this case, until November 17, 2014, the date of entry of judgment; and (2) post-judgment interest computed pursuant to 28 U.S.C. § 1961, accruing from November 17, 2014 until the Judgment is paid.


SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

DATED:   September __30__, 2015  
        Central Islip, New York