```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN RESTIVO and DENNIS HALSTEAD,
ET AL.,

                Plaintiffs,
                                              ORDER
       -against-                              06-CV-6720(JS)(SIL)

NASSAU COUNTY, CAROLANN HESSEMAN,
AS EXECUTRIX FOR THE ESTATE OF
JOSEPH VOLPE, in his individual
capacity, and CHARLIE FRAAS, in
his individual capacity, ET AL.,

                Defendants.
----------------------------------X
SEYBERT, District Judge:
```

Pending before the Court are Plaintiffs John Restivo and Dennis Halstead's ("Plaintiffs") motion (Docket Entry 260) seeking clarification with respect to the Court's minute entry following oral argument about a post-judgment conflict of interest. For the foregoing reasons, Plaintiffs' motion is FOUND TO BE MOOT.

On March 17, 2015, the Court allowed the law firm of Freeman, Nooter & Ginsberg ("FNG") to withdraw after it made an argument in its briefs that was contrary to the interests of one of its clients. FNG represented both Nassau County and Carolann Hessemann as executrix of the Estate of Joseph Volpe (the Estate). In briefs submitted by FNG in support of a motion to stay the judgment pending appeal, the County took the position that it would not indemnify the Estate for the judgment awarded in this action.

(See Def.'s Mot. to Stay, Docket Entry 243, at 4-5; Defs.' Supplemental Br., Docket Entry 246, at 9.)

Subsequently, Plaintiffs moved to disqualify defense counsel and FNG moved to withdraw. (Docket Entries 244, 257). In a minute entry following oral argument on the motions, the Court noted that it had allowed FNG to withdraw from representing both the County and the Estate. In addition, the Court noted that the County Attorney's Office was disqualified from representing the Estate. (Mar. 17, 2015 Minute Entry, Docket Entry 259.)

On March 19, 2015, Plaintiffs submitted their motion for clarification. Plaintiffs argue in the motion that because an actual conflict arose, the County Attorney's Office should have been disqualified from representing Nassau County, in addition to the Estate. (Pls.' Mar. 19, 2015 Ltr., Docket Entry 260.)

However, the parties subsequently entered into a stipulation on June, 25, 2015 in which the County changed its position and agreed to indemnify the Estate for the Judgment Plaintiffs were awarded in this action, subject to any decision by the Second Circuit on parties' pending appeals. (See Stipulation and Consent Decree, Docket Entry 276, at 3.) The Parties agreement effectively eliminated the conflict of interest between the County and the Estate, since the indemnity issue is now resolved and the Estate is no longer prejudiced. See N. E. Marine, Inc. v. Boody, No. 09-CV-5600, 2012 WL 4482794, at *15 (E.D.N.Y. July 5, 2012)

report and recommendation adopted, No. 09-CV-5600, 2012 WL 4482772 (E.D.N.Y. Sept. 27, 2012).  Therefore, the Court finds that Plaintiffs' motion (Docket Entry 260) seeking to disqualify the County Attorney's Office from representing the County is MOOT.[1]

                                           SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

DATED:    December __8__, 2015
            Central Islip, New York

---

[1] Plaintiffs also ask the Court to correct an undisputed error in the Court's March 17, 2015 Minute Entry regarding the description of the Estate's motions to stay judgment pending appeal.  The Court has done so.  (#5 now reads "Defendants'" motions to stay in place of "Plaintiff's" motions to stay. The corrected minute entry has been regenerated.)