```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN RESTIVO and DENNIS HALSTEAD,
ET AL.,

                Plaintiffs,
                                            MEMORANDUM & ORDER
       -against-                            06-CV-6720(JS)(SIL)

NASSAU COUNTY, CAROLANN HESSEMANN,
AS EXECUTRIX FOR THE ESTATE OF
JOSEPH VOLPE, ET AL.,

                Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiffs:     Barry C. Scheck, Esq.
                    Alexandra Lynn Lampert, Esq.
                    Monica R. Shah, Esq.
                    Nick Joel Brustin, Esq.
                    Anna B. Hoffmann, Esq.
                    Peter Jon Neufeld, Esq.
                    Richard W. Sawyer, Esq.
                    Neufeld Scheck & Brustin LLP
                    99 Hudson Street, 8th Floor
                    New York, New York 10013

                    Joshua Evan Dubin, Esq.
                    Joshua E. Dubin, Esq., P.A.
                    212 NE 16th Terrace
                    Fort Lauderdale, Florida 33301

                    David Graff, Esq.
                    Rachael Ann Kierych, Esq.
                    Anderson Kill & Olick PC
                    1251 Avenue of The Americas, 42nd Fl.
                    New York, New York 10020

                    Leon Friedman, Esq.
                    148 E. 78th St.
                    New York, New York 10075

For Defendants
Nassau County:      Daniel A. Bartoldus, Esq.
                    Amy E. Bedell, Esq.
                    Annemarie Susan Jones, Esq.
                    Lewis Johs Avallone Aviles & Kaufman, LLP
                    One CA Plaza, Suite 225
                    Islandia, New York 11749

                    Liora M. Ben-Sorek, Esq.
                    Dennis J. Saffran, Esq.
                    Sondra Meryl Toscano, Esq.
                    Office of the Nassau County Attorney
                    One West Street
                    Mineola, New York 11501

Carolann Hessemann,
as executrix of
the Estate of
Joseph Volpe:       Peter J. Tomao, Esq.
                    Richard M. Langone, Esq.
                    Law Office of Peter J. Tomao
                    600 Old Country Rd., Suite 328
                    Garden City, New York 11530

                    Thomas J. McNamara, Esq.
                    Certilman, Balin, Adler & Hyman, LLP
                    90 Merrick Avenue
                    East Meadow, New York 11554

SEYBERT, District Judge:

Currently pending before the Court is Neufeld Scheck & Brustin LLP's ("NSB") supplemental motion for attorneys' fees and costs. (Supp. Fee Motion, Docket Entry 332.) For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART. NSB is awarded $115,618.95 in fees and costs for its additional post-judgment work on this matter.

BACKGROUND[1]

The Court assumes familiarity with the facts and procedural history of this case, particularly its November 30, 2015 Order awarding NSB $4,997,914.55 in attorneys' fees and costs for its work from the filing of the case in 2006 to the entry of judgment in 2014 (Restivo v. Nassau County, No. 06-CV-6720, 2015 WL 7734100 (E.D.N.Y. Nov. 30, 2015) ("Restivo 1"))[2] and its August 28, 2017 Order awarding NSB $594,130.79 in supplemental fees and costs for its work on the Second Circuit appeal and various post-judgment proceedings (Restivo v. Nassau County, 2017 WL 3727366 (E.D.N.Y. Aug. 28, 2017) ("Restivo 2")).

NSB now seeks an additional award of fees and costs for its work since 2017 to enforce the judgment and oppose Defendants' petition for certiorari to the United States Supreme Court. (Supp. Fee Mot. at 2.) NSB calculates that it has incurred $115,649.12 in fees and costs performing this work.[3] (Supp. Fee Mot. at 3;

---

[1] The Court summarizes only the facts relevant to this motion.

[2] The Second Circuit affirmed the hourly rates approved in Restivo 1. Restivo v. Hessemann, 846 F.3d 547, 592 (2d Cir. 2017).

[3] On page 3 of its motion, NSB states that it incurred $116,846.15 in fees. This appears to be an error, as the broken down fees come to a total of $115,649.12, and that is the total amount noted everywhere else, including a follow up letter from NSB.

3

Letter Re: Fee Appl., Docket Entry 333.) Defendants have not opposed NSB's request.

Subsequent to this Court's last award of fees and costs, Defendants sought certiorari from the United States Supreme Court, which was denied. (Hoffmann Decl., Docket Entry 332-6, ¶ 13; see Hessemann v. Restivo, 138 S. Ct. 644, 199 L. Ed. 2d 528 (2018).) Defendants' petition raised three issues that NSB was required to brief in opposition. (Hoffmann Decl. ¶ 13.) NSB, with assistance from outside firm Anderson Kill P.C. ("Anderson"), also worked to have the judgment enforced. They researched Nassau County's ability to pay, prepared for and conducted a contempt hearing (see February 23, 2017 Minute Order for Contempt Hearing, Docket Entry 304), and reviewed the County's compliance with the contempt order.

NSB seeks compensation for the work of nine attorneys who worked on these matters. NSB requests the same hourly rates already approved in this Court's prior Orders for three NSB attorneys addressed in those Orders--for Nick Brustin ("Brustin"), $600; for Anna Benvenutti Hoffmann ("Hoffmann"), $500; and for David Goldberg ("Goldberg"), $650. See Restivo 1, at *2 (approving rates); Restivo 2, at *4 (approving and reapproving rates).

NSB seeks $175 an hour for Mary McCarthy ("McCarthy"), who worked on this matter as a law clerk pending her admission to the bar. She states she had comparable experience to Elizabeth Daniel Vasquez ("Vasquez"), a prior attorney for whom this Court

approved $175 an hour as a law clerk pending admission. (McCarthy Decl., Docket Entry 332-8, ¶ 5.) Richard Sawyer ("Sawyer"), another NSB associate, also states that he had comparable experience to Vasquez, and NSB seeks her approved hourly rate as an associate--$250--for him. (Sawyer Decl., Docket Entry 332-11, ¶ 4.)[4]

Four attorneys from Anderson worked on the present matter, primarily seeking to have the judgment enforced. Attorneys from Anderson had their requested rates approved in Restivo 2: partner David Graff ("Graff") at $375, and three associates at $250 each. See Restivo 2, at *9. They request the same amounts here for Graff and the three associates.

NSB also requests $1,381.06 in costs for research, copying, and printing. (Brustin Decl., Docket Entry 332-1, at 4-6.) Anderson requests $133.06 in costs. (Graff Decl., Ex. B, Docket Entry 332-18.)

DISCUSSION

I. Attorneys' Fees in Section 1983 Cases

As this Court recognized in its prior Fee Orders, Section 1988(b) empowers the Court to award reasonable attorney fees to

---

[4] Over the years, Vasquez worked on the case as a paralegal, a law clerk not yet admitted to the bar, and an associate. NSB requested different fees reflecting her changing level of experience. (see Letter Mot. to Amend, Docket Entry 240.)

5

the prevailing party in a Section 1983 action. See 42 U.S.C. § 1988. The lodestar approach is generally used to calculate reasonable attorney fees. "Under this approach, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992); DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985) ("where . . . the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate"). Thus, the Court must arrive at a reasonable hourly rate for the attorneys who worked on the case and "'examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case.'" Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998) (quoting DiFilippo v. Morizio, 759 F.2d 231, 235-36 (2d Cir. 1985)).

Courts have awarded attorneys' fees in connection with opposing Supreme Court certiorari petitions. See Patrolmen's Benovelent Assoc. of City of N.Y. v. City of N.Y., No. 97-CV-7895, 2003 WL 21782675, at *4 (S.D.N.Y. July 31, 2003) ("[I]t was defendants' decision to petition the Supreme Court for certiorari that caused these additional hours to be expended. Surely, defendants cannot complain of the number of hours plaintiffs were required to spend to respond to defendants' motions."); see also Dague v. City of Burlington, 976 F.2d 801, 803-04 (2d Cir. 1991)

("Perhaps most significantly, the Supreme Court itself has confirmed the district court's authority to award attorney's fees for work done before the Supreme Court, by instructing that the amount of the award for such services be fixed in the first instance by the district court, after the district court hears evidence as to the extent and nature of the services rendered.") (citing Perkins v. Standard Oil Co., 399 U.S. 222, 223, 90 S. Ct. 1989, 1990, 26 L. Ed. 2d 534 (1970) (per curiam)).

Further, under Section 1988, plaintiffs "'may recover fees in connection with enforcement of a judgment,'" (De Curtis v. Upward Bound Int'l Inc., No. 09-CV-5378, 2015 WL 5254767, at *2 (S.D.N.Y. Aug. 28, 2015) (quoting Diaz v. Paragon Motors of Woodside, Inc., No. 03-CV-6466, 2008 WL 2004001, at *7 (E.D.N.Y. May 7, 2008)); see also Hines v. City of Albany, No. 06-CV-1517, 2015 WL 12828107, at *1 (N.D.N.Y. May 13, 2015)), and the Court may award fees incurred in connection with a contempt motion (see Joel v. Vill. of Kiryas Joel, No. 95-CV-8378, 1997 WL 543091, at *2 (S.D.N.Y. Sept. 4, 1997) (awarding attorneys' fees pursuant to Section 1988 for contempt motion regarding a settlement agreement)).

II. Reasonable Hourly Rate

This Court previously held that, based on its experience and unique expertise in wrongful conviction cases, NSB was entitled to hourly rates prevailing in the Southern District of New York

rather than the Eastern District of New York.  Restivo 1, at *3.
In Restivo 2, the Court rejected Defendants' argument that NSB
should not be awarded the same rates for appellate litigation or
post-judgment enforcement.  Restivo 2, at *3-4.  Specifically, in
Restivo 1, the Court approved $600 for Brustin, $500 for Hoffmann,
and $175 for a law clerk pending admission.  Restivo 1, at *2-3;
n.1, n.7.  The Court reapproved these rates in Restivo 2.
Restivo 2, at *3-4.  The Court also previously found that
"Goldberg's experience and expertise in appellate practice is
undisputed, and . . . an hourly rate of $650 is reasonable for his
work on the case."  Restivo 2, at *4 (citing cases with comparable
rates).  "Because the Court previously approved these rates [for
Brustin, Hoffmann, a law clerk, and Goldberg], and there is no
reason to revisit the appropriate hourly rates for these attorneys
. . . the Court will use these rates to calculate the fee award
[for this motion]."  Restivo 2, at *4.[5]

As to the Anderson attorneys, this Court also previously
approved the rates requested in connection with enforcing the

---

[5] The Court notes that NSB does not seek higher hourly fees due
to market rate increases in the three years since their last
application.  Hoffmann and Sawyer also billed half their hourly
rates for travel (Hoffmann at $250, Sawyer at $125).  (See
Hoffmann Decl. Ex. 2-A, Docket Entry 332-7; Sawyer Decl. Ex. 4-
B, Docket Entry 332-13.)  Further, Graff's standard hourly rate
is $900, and he requests only the previously approved $375.
(Graff Decl., Docket Entry 332-16, ¶ 10.)

8

judgment. The Court finds they remain reasonable, and will use them to calculate the fee award for the present motion.

III. Hours Expended

In connection with the present motion, Brustin worked 12.5 hours (Brustin Decl. Ex. 1-A, Docket Entry 332-2); Hoffmann worked 97.9 hours (Hoffmann Decl. Ex. 2-A); McCarthy worked 51.5 hours (McCarthy Decl. Ex. 3-B, Docket Entry 332-10); Sawyer worked 92.1 hours (Sawyer Decl. Ex. 4-B); Goldberg worked 22.9 hours (Goldberg Decl. Ex. 5-A, Docket Entry 332-15); Anderson partner Graff worked 13 hours (Graff Decl. Ex. B, at 4); and Anderson Associates Ethan W. Middlebrooks worked 14.5 hours (Graff Decl. Ex. B, at 1-2); Alexander Litt worked 2.6 hours (Graff Decl. Ex. B at 2); and Christopher Ayers worked 9 hours (Graff Decl. Ex. B at 2). The Court has reviewed the individual time logs of each attorney, detailing hours spent on various tasks, and finds them to be reasonable. The Court again notes that all requests are unopposed.

IV. Costs

NSB also requests $362.43 for Westlaw expenses, $222.10 for copier expenses, and $796.53 for appellate printing expenses (a total of $1,381.06). (Brustin Decl. at 4-6.) The Court finds these expenses reasonable, and accordingly, awards NSB $1,381.06 in costs.

Anderson submits $133.06 in costs for meals and research (Graff Decl. Ex. B, at 4), which is included in NSB's breakdown under "Anderson Kill Legal Consulting" (Supp. Fee Mot. at 3). "However, 'meals that are not required by out-of-town travel are not compensable.'" Cardeno v. Potter, No. 05-CV-4735, 2010 WL 11607057, at *4 (E.D.N.Y. Aug. 5, 2010) (quoting Lucky Brand Dungarees, Inc. v. Ally Apparel Resources, LLC, No. 05-CV-6757, 2009 WL 466136, at * 6 (S.D.N.Y. Feb. 25, 2009)). As Anderson's submissions indicate "meals in office," (Graff Decl. Ex. B at 4), the Court will not award $30.17 for meals.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

NSB's application for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART. The Court awards $114,135.00 in attorneys' fees plus $1,483.95 in costs for a total of $115,618.95[6] in attorneys' fees and costs. The Clerk of the Court is directed to enter judgment for $115,618.95 in attorneys' fees and costs. Post-judgment interest, calculated pursuant to 28 U.S.C. § 1961(a), shall run on the award of attorney fees and costs from the date of this Memorandum & Order until the date the fees and costs are paid.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: January __4__, 2019
Central Islip, New York

---

[6] This figure represents all requested fees and costs less Anderson's $30.17 request for meals.